# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# Civil Division

Fee Paid
#4
B177
no related

Joanne Marie Roman, Pro Se Litigant
Carmelo Roman Torres, spouse
JMR, dependent daughter
JG, dependent son
**Plaintiff(s)**

vs.

M&T Bank
KML Law Group, P.C. J. Eric Kishbaugh, Esquire
Attorney for M&T Bank
**Defendant(s)**

Case No. 2:23-cv-308

**FILED**

FEB 27 2023

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## COMPLAINT

1. The plaintiff(s) are a marital family **Joanne M. Roman, Carmelo Roman Torres, Jasmine M. Roman** and **Jerry Garcia** residents of Butler County, **Butler, Pennsylvania,** and a citizen of the United States.

2. The defendant, **M&T Bank,** is a resident of **Erie County, Buffalo New York,** and a citizen of the United States.

3. The defendant, **KML Law Group P.C.,** is a resident of **Philadelphia County, Philadelphia Pennsylvania,** and a citizen of the United States.

## JOURISDICTION

4. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

5. This court has jurisdiction over civil matters in law and equity to enforce 42 US Code Section § 1983 Civil Action Deprivation of Rights against responsible persons.

6. This court has jurisdiction 2018 US Code, Title 28 - Judiciary and Judicial Procedure, Part IV - Jurisdiction and Venue Chapter 8 – District Courts. Removal of Cases from State Courts. Sec. 1441, **Removal of Civil Actions not in harmony with the US Constitution** and section provides an individual the right to sue others acting "under color of state law" for civil rights violation in which no State employee "under color of law" can enforce any law which shall abridge the privileges or immunities of any citizen; or deprive any person of life, liberty, or property, nor deny to any person within its jurisdiction the equal protection of the laws of the **United States Constitution 14th Amendment clause which guarantees procedural due process of law to redress of grievances provide an opportunity for those seeking remedy after facing human rights abuses perpetrated by companies actions of performance comparative and contributory negligence which was not previously heard by a judge.**

## **FEDERAL QUSTION CASE**

7. Joanne M. Roman, Pro Se litigant files this Complaint on behalf of self and family. The basis of this complaint is a federal question case request to move the entire State Case No. AD-2022-10337 from the Butler Common Pleas Court (electronic link to record) https://civil.co.butler.pa.us/CaseSearch

8. 5/13/2022"Mortgage Foreclosure" complaint filed by Attorney KML Law Group PC for their client M&T Bank also involves the diversity of citizens from different states with a controversy amount exceeds sum value of $75,000. The complaint is outside of the state court's arbitrational jurisdiction limits involving **"dispute over title to property"** M&T Bank is making demand for eviction and possession of the property when the controversy is more than $35,000 and the complaint was filed personally against Ms. Roman named as the defendant being sued.

9. Ms. Roman's first response back to M&T Bank's complaint was a reply dated 6/3/2022 inclusive with objections and **"Motion to Dismiss M&T Banks Complaint"** request the State Court Butler Common Pleas dismiss the claim basis of the permanent injunction federal order survives the bankruptcy claim protection and immunity from being sued voids any judgment issued. M&T Banks claim is a concurrent material conflict of interest cause of action related to Ms. Roman bankruptcy case closed 7/28/2021 involving the same property held in Trust by the Trustee of Ms. Roman's estate.

10. M&T Bank should have been COMPELED to file their complaint back to the appropriate court and appeal to the bankruptcy court district court level for the issue was already judged on the merits by federal order to avoid any injury upon Ms. Roman since an order pre-existed on 7/7/2021 prior the date M&T Bank's claim was filed 5/13/2022. Ms. Roman received an email response on 1/19/2022 letter from the Pennsylvania Attorney General Consumer Protection Division follow-up from complaint Ms. Roman filed against M&T Bank.

11. Ms. Roman filed the answer to M&T Banks claim recorded 9/29/2022 inclusive with a **counterclaim complaint and with responses inclusive of affirmative defenses recorded 10/25/2022; and transcript recorded 1/5/2023 from 7/26/2022 oral argument hearing with more** replies and responses inclusive with exhibits and case law memorandum interpretations of Supreme Court Pennsylvania law and Federal Bankruptcy Appeals Court opinions similarly related to Ms. Roman's situation for conveyance laws are mandatory recordings and violation of automatic stay order.

12. M&T Bank is a (3rd party) loan investor and their Attorney KML Law Group P.C. is a (3rd party debt collector) attempting to collect on an old a debt post-bankruptcy case closed 7/28/2021. KML Law Group P.C. implies and alleges in the complaint for M&T Bank that Ms. Roman still owes a debt in default to M&T Bank. Ms. Roman believes the lawsuit complaint is a violation of Ms. Roman's consumer rights merely because the lawsuit was filed. The complaint identifies a specific dollar amount sum involving demand to sell Ms. Roman's home to repay a debt to cover principal, interest, fees, and cost, for a debt "unable to be forgiven". By fact Ms. Roman does not owe any debt personally to M&T Bank after discharge wiped out the promissory note. The amount owed personally by Ms. Roman to M&T Bank is $0.00 on 5/13/2022 when M&T Bank's complaint was filed. M&T Bank is no longer a valid creditor and does not possess rights to legally enforce payment on the debt "without causing injury to Ms. Roman and her family" the loan was not reaffirmed by agreement" previously with Ms. Roman. A reaffirmation agreement is required to take place during the bankruptcy litigation and remedy through loss mitigation on the forbearance before the case was closed and before the forbearance ended.

13. M&T Bank as listed on Ms. Roman's bankruptcy matrix is a "discharged creditor" which has not produced any bankruptcy order proof of a perfected lien being a mortgage holder from bankruptcy court granting "relief from automatic stay" as remedy by motion filed during litigation for the lender to exercise any rights authorized by Pennsylvania state laws to file an in "rem" foreclosure plea for relief for the no-

recourse old debt loan results in a lawsuit filed against Ms. Roman personally and is (questionable) a contract exists under seal applicable to the 20-year statute of limitation post-bankruptcy case closed. M&T Bank voluntarily removed themself reporting on the loan with all three major credit bureaus during the month of May 2020. Ms. Roman has credit monitoring and was notified by an alert. Ms. Roman has proof M&T Bank was previously reporting the loan as "current 100% deferred payments". By fact the mortgage foreclosure complaint has specific (mitigating circumstances) not of a normal situation involved in a mortgage foreclosure complaint which are explained within this complaint and in more detail within the State Court Butler Common Pleas Case the "discovery period has already" been completed.

14. M&T Banks Complaint was filed use a "fast-track" outdated COVID 19 judicial emergency order which expired April 14, 2020, asking the President Judge to decree a summary judgment "quiet title" "REM" only action upon Ms. Roman to repossess the land and home for sheriff sale. REM actions require already having possession of a judgment order when the complaint is filed the plaintiff must attach the letter of credit, the contract and promissory note and the defendant must be named as the property "thing" not a person. Without M&T Bank presenting these documents Ms. Roman's motion to dismiss appeared to be valid for voiding the complaint and to receive a dismissal with prejudice from the claim on basis M&T Bank not possessing legal standing and failure to state a claim demand in only "REM" action.

15. M&T Banks filed their first (judicial) mortgage foreclosure claim after forbearance ended which required both in "personam" and in "REM" by fact M&T Banks previous 1st action of foreclosure repossession 12/4/2020 was (non-judicial) and adverse conduct that voids a pleas for relief action and legal standing without having a bankruptcy judgement order in possession on the date their complaint is filed for a court to grant in "REM" foreclose relief which required a motion previously to lift automatic stay and object to discharge which the matter has already judged on the merits for the same property; now the estate is protected by permanent injunction. M&T Banks complaint appears to be disguised as only in "REM" action and not in compliance with the pre-requisite for Pennsylvania law which requires two valid legally enforceable original instruments dated the same date must be in possession for legal standing to make demand for a first judicial Mortgage Foreclosure complaint and the debt would have to first be valid to be forgiven and market value already determined to exercise rights under state law "must previously exist" before the plea for the actual eviction repossession "REM" summary judgement action of relief could be granted by state law. The relief M&T Bank requested in their complaint filed at state court level is not a possible action without injury to Ms. Roman personal under life immunity protection is a violation of the permanent injunction.

16. The property owner and family remained in possession of the land and home the entire time pursuant to number 6 – occupancy in the original Mortgage contract and being on forbearance the home was being sold private real estate sale between owner and buyer and not legally declared vacant by a judge of a court and was not abandoned. The home was only vacated "on extended vacation to Puerto Rico" visit with spouse and family pending the conclusion of a real estate sale giving the ability of the buyer to take immediate possession as agreed between the owner-seller with buyer in the addendum agreement of the real estate contract. Ms. Roman did not plan for the Pandemic to interfere with flight travel extending the stay on the island longer than expected or M&T Banks hiring MSI Preservation Company to lock out the family from their home on 12/4/2020 having key to gain access to return home. Ms. Roman' intention was to return to the property before the forbearance ended if the home did sell on market to invoke the loss mitigation rights. The family utilized time during the marketing and real estate sale while on forbearance until the closing of the sale scheduled 12/28/2020 spend quality family time together in Puerto Rico and opportunity to experience living on the island since separated form spouse and father on (3/16/2020 to 7/30/2020) all flights were grounded to and from Puerto Rico. The reason for selling the

home and living on the island intent to make a plan to stay together in a single family unit determine purchase new home in Puerto Rico or back in Pennsylvania after resolving personal circumstance involving his father's passing and his elderly mother's situation did not want to leave Puerto Rico (Mr. Roman was torn between both families) during the COVID 19 Pandemic because it was impossible for hm to frequently fly back and forth between families due to the unpredictability of airline flights to and from Puerto Rico.

17. 9/19/2020 Ms. Roman requested COVID 19 Forbearance in writing from M&T Bank. COVID 19 Forbearance was approved effective 10/1/2020 100% deferred payments due to financial hardship for the FHA/HUD government backed loan. M&T Banks mortgage foreclosure complaint was filed 5/13/2022 long after the forbearance and loss mitigation fair opportunity expired on 10/16/2021.

18. Loss mitigation was DENIED at various dates over a period shown below:

    a. 12/4/2020 lock out of the owner and family only 33 days into the approval of the forbearance by M&T Bank while home was under private contract real estate sale effective 11/8/2020 scheduled to close 12/28/2020.

    b. February 2021, and May 6, 2021, written letters to M&T Bank (while stranded in Puerto Rico) request they mail a loss mitigation package for Ms. Roman to complete additional to various verbal requests made by telephone stated would mail but never received.

    c. 5/3/2021 M&T Bank did not make any written or personal appearance to bankruptcy litigation (341 Creditor's meeting). At the 341-meeting held by telephone the Trustee asked if any creditors were present for Ms. Roman's case "crickets" pure silence. The Trustee asked Ms. Roman to hang up the phone. Ms. Roman's attorney called within two minutes and stated the Trustee abandoned the property sheriff's sale back to your possession because no claims of priority were made by any of the creditors. You can continue to return to the home and market the home for private sale if you wish.

    d. M&T Bank recorded their "successor in interest" assignment of mortgage into the Butler land records 4/9/2021 during Ms. Roman's bankruptcy claim "automatic stay" injunction opened 3/22/2021 to 7/7/2021 date discharge order issued until case closed 7/28/2021. The recording was completed without any legal constructive notice given by M&T Bank to the bankruptcy court, Ms. Roman's bankruptcy attorney or Ms. Roman by way of filing a claim of priority to object to discharge and lift automatic stay to record which a hearing would be required to be scheduled to allow Ms. Roman redress the "perfection" for the lien, void the lien, file a plan on the "pay and retain" intent stated on application. These actions "deem" concealment which violated Ms. Roman's procedural due process of law "Civil Rights" 14th Amendment of the U.S. Constitution.

    e. 4/14/2022, KML Law Group PC identifies themselves as a (debt collector); filed a debt collection on behalf of their client M&T Bank personally against Ms. Roman prior to filing the lawsuit complaint with state court.

    f. 5/13/2022 M&T Bank's lawsuit complaint was filed STALE in accordance with federal regulations final rule Consumer Financial Protection Bureau temporary stay expired 12/31/2021 provided guidance published to all lender investors of security backed federal government loans must in good faith provide a fair opportunity to all borrowers send a loss mitigation application timely to complete and be reviewed for all retention options eligible before a lender may file their first foreclosure action (judicial and non-judicial); caveat if the contract between the lender and the borrower expires before 1/1/2022 (unless loss mitigation was completed) the lender may not foreclose. Contracts are not transferable, the contract between Liberty Mortgage Corporation and Ms. Roman expired 8/8/2021. The bankruptcy case was closed 7/28/2021.

    g. 5/13/2022 M&T Bank filed a STALE complaint lawsuit real estate mortgage foreclosure not in accordance with Pennsylvania conveyance laws post-bankruptcy litigation caused injury to Ms. Roman is contempt of permanent injunction federal order issued 7/7/2021 after the case closed 7/28/2021 the injunction survives the bankruptcy case.

    h. Various dates over a period dating back to 12/4/2020 going forward to the current date required specific performance of fiduciary duty in good faith negotiations involving special issues not-ordinary circumstances of a real estate mortgage foreclosure. Involves a breach of a contract 12/4/2020 "holder in due course rule" between the original mortgage lender Liberty Mortgage Corporation and Ms. Roman and M&T Bank did not record any instrument of security interest into the land records before date 12/4/2020, intentionally broke-into and entered and damaged Ms. Roman's personal property and illegally trespassing with knowledge they did not receive prior judicial authorization through a court system heard by a judge are actions tort misconduct by contributory negligence hiring MSI preservation company to secure and lock out Ms. Roman and family.

19. 2/22/2022 letter from M&T Bank, denied review loss mitigation showed two investment loan #0031693120 – discharged bankruptcy and NEW investor loan #0220232828.

20. 4/14/2022 KML Law Group PC debt collection $198,666.81 attempt asked if I wanted the name and address of the **ORIGIONAL** creditor for the debt collection sent to me.

21. 7/13/2022, Ms. Roman received from KML Law Group PC (NOT SIGNED cover letter) in response provided a copy of the same 8/8/2017 mortgage and note as M&T Bank previously provided 12/24/2021. But with one difference the M&T Bank document support sheet dated 4/1/2022 for loan # 0031693120 show "yes" for possession original document only (post-bankruptcy) was identified as the promissory note dated 8/8/2017 but there was an additional endorsement by M&T Bank, Erin Doerfler endorsed pay to the order of in-blank "without recourse". Ms. Roman requested an answer "in response" to M&T bank during the discovery period in State Court from M&T Bank claim filed 5/13/2022 asking why a new endorsement appeared sometime between 12/24/2021 because on the 2/22/2022 letter showed a new investor loan number for the on the old-debt-discharged promissory note dated 8/17/2017 "without" Ms. Roman knowledge or notification. Questionable was the promissory note that questionably was sold to a new investor sometime between the letter received from M&T Bank dated 12/24/2021 until the letter dated 7/13/2022 received from KML Law Group PC mailed to Ms. Roman who requested an answer but did not receive any answer from M&T Bank.

22. This is when Ms. Roman made discovery of questionable fraud, waste, abuse involving a federal backed investment loan dated 8/8/2017 involving the original lender mortgage and note created from original contract covered by Real Estate Settlement Procedures Act (RESPA). During November 2021, Ms. Roman emailed MERS help desk complaint about M&T Bank who forwarded the email to M&T Bank to reply to my request for proof who owned the note and mortgage dated 8/8/2017 claimed originals were in their possession which created their valid security instrument (post-bankruptcy). But did not provide a copy of their "successor in interest" assignment recorded 4/9/2021 endorsed only under one signature by M&T Bank Joshua E. Wickman. Just a copy of the 8/8/2017 mortgage and note was given to Ms. Roman original contract between Liberty Mortgage Corporation under a 4-page cover letter dated 12/24/2021 from M&T Bank. The promissory note showed only one endorsement "without recourse" from Liberty Mortgage Corporation to M&T Bank.

23. Ms. Roman's "warranty deed" dated 7/26/2017 recorded 8/9/2017 into Butler land recorded inclusive conveyance rights to sell, enjoy … backed by guaranteed title insurance policy dated 8/9/2017 in accordance with Pennsylvania conveyance laws provides Ms. Roman rights and her heirs rights as beneficiaries upon Ms. Roman's death overrides the "successor in interest" beneficiary recording,

Ms. Roman is still very much alive and did not consent in writing to the assignment and must be assigned in whole not party by operation of law and without any priority of written consent would be null and void.

24. Ms. Roman's back-up plan put into place was to utilize the loss mitigation process FHA HUD for the COVID 19 forbearance (just in case the home did not sell). Ms. Roman was blown away unable to be prepared to plan for the lockout interference that occurred on 12/4/2020. Ms. Roman was led to believe the forbearance M&T Bank approved for Covid 19 financial hardship was extended 180 days to end on 10/16/2021 versus ending 4/30/2021 per requested during the month of February 2021 and requested M&T Bank mail a loss mitigation package (prior to ever having the thought of filing bankruptcy) which M&T Bank DENIED Ms. Roman the extension at first and Ms. Roman filed online Complaint with HUD FHA during February 2021; who replied it is mandatory for M&T Bank and required by FHA/HUD Regulations published in HUD 4000.1 Handbook ongoing revisions by the President of the United States as updates were published during COVID 19 proclamations on specific dates by Mortgage Letters (ML) as guidance to lenders prior to revision of Pennsylvania Banking and Securities laws including the COVID 19 forbearance for government backed security investment loans and loss mitigation published in bulletin during September 2021.

25. Ms. Roman had no choice but to remove the property from the sales market resulting M&T Bank's performance (lock out 12/4/2020). After Ms. Roman learned from her realtor what had happened. Ms. Roman, still in Puerto Rico, contacted her Federal Employer in Pennsylvania to ask to be reinstated back to her federal job to whom she was currently receiving Pennsylvania and federal unemployment funds. 3/15/2021 Ms. Roman was notified by email from her previous supervisor that the background investigation was initiated with a projected start date after July 2021 upon her return home. At this point Ms. Roman realized it would be mandatory to file bankruptcy to be rehired by the federal employer of over "30 years" vested into retirement. Federal employees must be financially physically fit "condition of employment" and unable to have a old unpaid debt with another Federal Agency. Ms. Roman's investigation was cleared and currently is employed back to same position with the Federal Government effective 8/1/2021.

26. M&T Banks actions and non-actions of specific performance retroactive to date (12/4/2020 forward to current date) all new matter discovered by Ms. Roman provided in her answer with counter claim and affirmative defenses were recorded timely within the Pennsylvania two-year statute of limitations now expired 12/4/2022. Ms. Roman realized her Civil Rights were violated at various point in time by specific dates of specific performance actions and non-actions of contributory intentional performance created M&T Bank's interference in the private real estate sale caused an unjust enrichment and injured Ms. Roman and Ms. Roman's entire family greatly causing additional financial hardship and other injury that required medical doctors treatment and behavior health visits to received prescribed medications for sever emotional stress which the banks interference caused consortium of a family unit between a husband, wife and children separated the marriage of certificate dated 2/7/2006 as recorded into record at Erie, Pennsylvania County Court house.

## ADDITIONAL FACTS

27. For the record my current employment position is a fully credentialed and trained Federal Employee public servant over 30 years of most recent 12 years job title legal administrative specialist claims adjudicator and adjustor manages a large case load of diverse issues and responsibility for writing the 1st initial decision interpretation of law and legal reconsideration due process then refer to legal counsel for final interpretation those who disagree with the initial decision action taken to remedy the inquiry or complaint received regrading retirement claims from customer, survivor, congressional leader, attorney, congressman or legal counsel remand decision received to make further adjustments to the annuity benefit, health insurance, or life insurance coverage then notify the inquirer on the final status and outcome.

28. Over the past two years required Ms. Roman stay up late all nights to research laws hoping to resolve this personal issue alone trying to maintain a balance of both her "professional and personal life" responsibilities involves major stress of ongoing occurrence and major "disfunction" from 12/4/2020 to current date and has caused a "domino effect" of averse issues and major problems still looming in the hearts and daily lives of the family and contributed in "turning their quality and normal standard of living up-side-down" striving to repair the emotional damage to get back to normal the life we all once had has not been easy doing it alone there have been many sleepless nights tolling on Ms. Roman life force energy required to keep moving to take advantage of every waking hour possible until literally passing out from exhaustion at the computer. Below is some of the information discovered from research which is relevant to the issues stated within this complaint:

   a. A Discharge Injunction – Upon successful completion of a consumer bankruptcy case the Court enters a Discharge Order. The Discharge Order replaces the Automatic Stay and forever bars the creditors from taking any action to collect money due them for debts incurred prior to filing the Bankruptcy Petition. The permanent injunction prohibits creditors from all those actions with respect to discharged pre-petition debts that the automatic stay prohibited.

   b. The discharge constitutes a permanent statutory injunction prohibiting creditors from taking any action, including the filing of a lawsuit, designed to collect a discharged debt. A creditor can be sanctioned by the court for violating the discharge injunction.

   c. The automatic-stay provision protects the debtor against certain actions from their creditors, including starting or continuing court proceedings against the debtor; moving to foreclose on a debtor's property; creating, perfecting, or enforcing a lien against a debtor's property; and attempting to repossess collateral.

   d. The automatic stay is immediately effective when a debtor files a petition for bankruptcy relief. The scope of the automatic stay is broad. The stay applies to all creditors and prohibits both formal and informal actions against the debtor and his property. And after the case is complete, the discharge injunction enjoins creditor action from collecting in personal liability of a debtor's prepetition debts.

   e. The consequences for violations of the automatic stay and discharge injunction can be severe. Creditors that willfully violate the automatic stay may be liable to debtors for actual damages, including costs, attorneys' fees, and, in appropriate circumstances, punitive damages.

   f. Stay violations are similar to discharge injunction violations — punishable by sanctions in civil contempt. The discharge injunction is permanent, survives the bankruptcy case and is always applicable with respect to every debt that was discharged. While the Automatic Stay prohibits any act to enforce a lien against property of the estate, and the bankruptcy discharge eliminates the personal liability of the debtors on the debt and converts the loan into a non-recourse loan.

   g. A valid lien on the property will remain and the creditor may proceed to enforce the lien in "rem" to the extent authorized by state law. A creditor seeking relief from the stay to go forward against person filing (debtor's) property must show the bankruptcy judge that there is "cause" for granting relief. Most often the secure creditor "will file motion to obtain a court order" which grants relief from stay to foreclose.

   h. Once the bankruptcy discharged is entered, the case is dismissed (if not enough evidence for trial) or relief from the Automatic Stay is granted, it does not remove the property from the bankruptcy estate or grant the creditor ownership of the property (it simply removes the stay) and restores the parties to their state law rights. If a mortgage holder gets relief from stay, it does not grant the creditor ownership of the collateral, it just frees up the creditor to exercise whatever remedies the creditor had outside of bankruptcy. In typical individual bankruptcy cases the automatic stay is replaced by discharge injunction at the end of the case.

i. Creditor Prohibited Actions. The injunction provides ample and permanent protection against virtually all collection activity. Some common examples discovered are: (1) The sale of a discharged debt to a collection agency. (2) Phone calls, collection letters and public announcements of default. (3) Refusing to modify a loan unless the debtor reaffirms the mortgage loan and (4) Moving to perfect a lien, such as a mortgage, over discharged debt, and the same action in attempting to collect a discharged debt may also violate the Fair Debt Collection Practices Act and other state and federal consumer protection laws.

j. The statute of limitations on bringing a claim does not start running until a claimant discovers the injury or loss that forms the basis of the claim or lawsuit. This is called the "Discovery Rule." This rule can be very important because sometimes an injury is not apparent until after the two-year deadline has passed. The "Discovery Rule" delays the two-year period until the injured person knows or should know they have a potential claim and cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

k. The context of negligence and certain other tort cases, the "Discovery Rule" provides that the limitations period does not begin to run until the plaintiff knows or should know of the claim, which is not always the date on which the injury occurs.

l. Ms. Roman has read a good bit of the CFR, federal code bankruptcy, Pa statues, CFPB and HUD FHA COVID 19 regulation, and revised PA banking securities and insurance regulations for secured backed investments.

29. Reasonably at some point between dates (12/24/2021 to 2/22/2022) date Fraud occurred, a new endorsement in on the 8/8/2017 promissory note appears to have been sold to new investor which from a wiped-out contract expired 8/8/2021. Ms. Roman is still being referred to as a current "borrower owing a debt" to M&T Bank. Ms. Roman provided a large gap giving opportunity to M&T Bank compliance to provide disclosure for fees, costs, the modified payment, and escrow analysis cost for establishing a positive balance escrow for the partial claim "provide the plan" under cover letter to allow 30-day for an attorney to review. Ms. Roman in same provided a large gap for M&T Bank to mail a loss mitigation application to complete (never received after many requests from February 2021 up until September 2021, she finally gave up). The partial claim M&T Bank underwrote was a **recourse "illusion"** used to file the 5/13/2022 complaint and proves (dual tracking) in self by its existence created post 10/16/2021 demanding a blind signature and payment from Ms. Roman who believes whole heartly M&T Bank never would have honored any modification of that mortgage and note if that partial claim was endorsed by Ms. Roman before 12/31/2021 after reading it's contents of how it was written total and soled for M&T Bank who hoped Ms. Roman would just endorse signature "blindly on a new note and mortgage" and return to M&T Bank to acquire legal standing to file their claim to foreclose for default.

30. Ms. Roman refused, because no discovery of cost was provided with the mortgage and note for the modification creating the partial claim or how the escrow account was going to be handled.
Ms. Roman with rights M&T Bank must provide for Ms. Roman to examine "the contract" to be sure that the combined payments for the 60-month escrow plus monthly payments were modified correctly (inspect the disclosure statement for administrative errors) prior to signature and be confident having the financial stability to afford the combined payments without any financial stress and agree to execute a legal binding agreement between Ms. Roman and M&T Bank. After review of the partial claim
Ms. Roman did feel confident M&T Bank was following any appropriate of FHA HUD guidelines published related to loss mitigation or home retention options and (questionable) if M&T Bank previously violated compliance of Federal and Pennsylvania laws dating back to 8/8/2017, 12/4/2020, and 4/9/2021.

31. By fact, M&T Bank's letter dated 2/22/2022 to Ms. Roman made demands to sign over 3rd party rights to M&T Bank to sell her home without previous partial claim disclosure not giving Ms. Roman a fair opportunity to be reviewed for loss mitigation which Ms. Roman requested be provided to her prior to 12/31/2021 in her response back to M&T Bank's partial claim dated 12/15/2021. M&T Banks letter also stated Ms. Roman failed to "follow the plan" ... WHAT PLAN?? and "pay the funds" YOU MEAN PAY ON AN OLD DISHCARGED DEBT?? which the letter then stated this "ends our loss mitigation review" WITHOUT EVER SENDING MS. ROMAN A LOSS MITIGATIN PACKAGE TO COMPLETE AND RETURN TO BE REVEWED?

32. Ms. Roman was unable to affix her signature "without causing self-injury post-bankruptcy" because the partial claim note, and mortgage stated Ms. Roman was responsible for all fees and costs that were to be paid by to reinstate the loan and escrow account without any "plan provided" and escrow analysis on how the payments would be processed to repopulate the negative escrow balance over a period of up to 60 months; which required also a "plan" explaining the "modified loan" new principal and interest payment (removing the PMI insurance cost) unless reinvesting with HUD FHA and identifying all the costs for the principle and interest already accrued amount (removed) from the original balance to the partial claim from the old loan) held to be paid at the end of the loan would be a balloon payment due in full or payable by installment over a period of time and the disclosure details for the amount establishing the new loan. The discloser was never provided (with understanding the procedures and guidance for these negotiation requirements were already established in regulation) The escrow funds required a separate "payment plan" to be established and required a written agreement and signature for approval under cover letter prior to the "modification plan" with all disclosure produced for agreement prior to any signatures required on new note and mortgage.

33. M&T Bank never provided the disclosure to Ms. Roman for the partial claim pre or post 12/31/2021. Ms. Roman refused to sign any of those documents and waited to receive the application for modification and approval of a written plan for review by an attorney. But only received four Act 6 notices dated the same date during the month of February 2022, followed by the letter dated 2/22/2022 "denied loss mitigation" followed by 4/6/2022 letter received from M&T Bank informing Ms. Roman KML Law Group is their attorney who will be initiating a foreclosure proceeding and on (page 2) stated M&T Bank is attempting to collect a debt. Followed by next letter received 4/14/2022, from KML Law Group PC attempting to collect a debt personally from Ms. Roman and KML Law Group identified themselves as "debt collector" attempting to collect a debt for their client M&T Banks followed by the 5/13/2022 M&T Bank Real Estate Mortgage Complaint "REM" action complaint real estate mortgage foreclosure lawsuit personal against Ms. Roman named defendant.

## MOTION FOR RELIEF
## MOVMENT CONCLUSION IN BOTH LAW AND EQUITY

34. Basis of "Motion Immediate Movement" for Conclusion in both law and equity" dates to 9/20/2022 at State Court level, Ms. Roman was given 10 days to file an Answer to M&T Bank's Foreclosure Complaint. Ms. Roman inquired to the Prothonotary office Butler Court Common Pleas explained received at home of residence was it recorded in the record and what does the notice mean. Ms. Roman was told the notice (appears the Court was ready to rule).

35. The Butler County Common Pleas Pennsylvania State Court case has not made any movement. KML Law Group P.C., Attorney for M&T Bank filed the complaint outside of arbitration limits. This complaint has been opened 277 plus days since the complaint was filed 5/13/2022. The Pennsylvania Attorney General Bureau of Consumer Protection letter dated 01/19/2022 response to Ms. Roman from complaint filed against M&T Bank explained an adversary proceeding was appropriate to gather documentary evidence "discovery rule" fact-finding to obtain an opinion and conclusion of law on the merits and principles rules of evidence. Last action taken commenced 1/5/2023 by Ms. Roman paid for transcript of the oral argument hearing 7/26/2022. Every alleged accusation or question posed in this State complaint is

supported by documents Ms. Roman has recorded within her responses, answer, counter claim, exhibits and/or affirmative defenses and some of those documents attached hereto this complaint only to give the District Court a summary for the basis and understanding the reason for the request to move the entire case from the State Court to the District Court.

36. Ms. Roman filed her Answer 9/29/2022 before the 10-day Notice expired 9/30/2022 to do so inclusive with Counterclaim and Affirmative Defenses. M&T Bank replied 10/18/2022. Ms. Roman replied to M&T Bank 10/25/2022 inclusive with Counter Claim and Affirmative Defenses. The discovery period has lapsed 90 days effective 11/2/2022 now in the year 2023 appears discovery has come to an end after the order decreed 8/2/2022 by the State Court Judge DENIED Ms. Roman "Motion to Dismiss" M&T Bank's Complaint. That order was decreed from the 7/26/2022 Oral Argument Hearing and it did not remedy the "property title dispute". KML Law Group PC Attorney for M&T Bank and M&T Bank did not make any personal or written appearance at the oral argument hearing. One attorney did appear from **Law Firm McCandless King Coulter & Graham LLP** but did not identify the name of the law firm affiliated with locally in the courts record. The attorney only stated her name, and she was there to attend representation on behalf of M&T Bank their Attorney KML Law Group PC.

37. Ms. Roman realized later after court session ended the attorney's name and who she was and emailed the attorney personal and followed up by called the law firm informing they are required to notify the Judge, which Ms. Roman discovered the law firm attorney in appearance to the oral argument hearing created a **"material concurrent conflict of interest"** because the attorney was not able to represent M&T Bank due to Ms. Roman's previous dealings with that specific law firm. The law firm prepared the document "warranty deed" and then notarized Ms. Roman "warranty deed" for the same property in dispute over title between M&T Bank and Ms. Roman for the original lender closing dated 8/8/2017. Ms. Roman paid the recording fees on 8/9/2017 to record the original lender Liberty Mortgage Corporation Mortgage with her "warranty deed" backed by a guaranteed tile insurance policy. Ms. Roman paid fees to record from the 8/8/2017 closing and paid fees to register the promissory note into MERS tracing for the Secretary HUD FHA security backed investment loan with the original lender Liberty Mortgager Corporation. Ms. Roman paid **the law firm McCandless King Coulter & Graham LLP** a service fee for preparation of "warranty deed" document and notary services for the conveyance of the deed named Ms. Roman as Grantee from the Grantor the law firm represented the seller at that closing 8/8/2017. Additionally, on 11/17/2020 the same law firm was elected for closing and title coordinator team for Ms. Roman private sale for the same property scheduled to closed 12/28/2020 to pay off M&T Bank the debt from payoff letter Ms. Roman received dated 10/21/2020 which never commenced due to the break-in and lock out 12/4/2020, M&T Bank paid MSI Preservation Company to perform that service to change the door lock rekey service to secure the property repossessed by the bank owned and investment property.

38. The order decreed 8/2/2022 DENIED Ms. Roman's Motion to Dismiss M&T Bank's complaint appeared only to be in favor for M&T Bank to allow to continue to harass Ms. Roman post-bankruptcy already protected by a federal permanent injunction is a "prohibited practice" of the Fair Debt Collection Practice Act. During the month of July 2022, Ms. Roman mailed both KML Law Group PC and M&T Bank **"cease and desist contact letters"** outside of any court litigation which both have ignored.

39. M&T <u>Bank continues to send collections notices for the discharged debt in form of monthly mortgage statements (last statement received dated 1/17/2023)</u> is **"harassment"** identifying Ms. Roman as "default borrower" payments not received since 8/1/2020 identifying the amount due to reinstate the loan. A Reaffirmation agreement must be commenced prior to closing of the bankruptcy case.

40. M&T Bank also <u>purchased forced placed hazard insurance security policy during the month of November 2022 retroactive date back to August 2022 naming Ms. Roman as the "current borrower"</u>. Ms. Roman paid $1,130 during August 2021 to reinstate her private hazard insurance policy on the home upon returning from Puerto Rico 7/22/2021 (post-bankruptcy) to end the force placed hazard policy put on the home while in Puerto Rico. M&T Bank contacted and paid Erie Insurance Company the premiums from escrow and Erie Insurance refunded Ms. Roman's $1,130 without Ms. Roman's consent. Ms. Roman did not even attempt to pay the premiums to renew the policy with Erie Insurance during August 2022 (did not renew the policy). M&T Bank did not pay any premiums to prevent the policy from lapsing August 2022 and Ms. Roman was never notified by Erie Insurance Company (because her agent passed away).

Ms. Roman had to take out a new hazard policy with a different insurance agent and company. Ms. Roman refused to provide M&T Bank with her private insurance policy name and number because Pennsylvania law does not require Ms. Roman "notify" M&T Bank with her policy number for private hazard insurance policy and name M&T Bank as her beneficiaries on the new policy (post-bankruptcy) is **"insurance fraud"** by M&T Bank to take a forced placed insurance naming Ms. Roman a "current borrower" and open an "escrow account" to pay premiums without Ms. Roman's consent (post-bankruptcy) and no loan payment can be legally enforceable personally collectable from Ms. Roman by M&T Bank, who is no longer a creditor of Ms. Roman's and no longer reporting any mortgage loan payment status to the three major credit bureau reports. Ms. Roman no longer personally owes a mortgage any loan debt to M&T Bank. M&T Banks continued actions are causing additional stress and fear upon Ms. Roman (unable to leave and take any family vacations to go see spouse in Puerto Rico because the home would be left vacant) to give M&T Bank another opportunity to commence an illegal lockout.

41. M&T Bank paid for services by proof of several invoices (identified as non-judicial) authorized MSI Preservation Company to lockout Ms. Roman and her family on 12/4/2020 during the private real estate sale Ms. Roman was selling the home with intent to satisfy debt from payoff letter received from M&T Bank 10/21/2020, which the closing did not commence (unknow what actually happened) after the title coordinator from Law Firm McCandless King Coulter & Graham LLP contacted Ms. Roman 11/17/2020 to start the title documents to be ready for closing timely (only can reasonably assume) the buyers walked away **"breached the contract"** appeared reason was M&T Bank failed act to record their assignment of mortgage timely in accordance with Pennsylvania laws of conveyance "initial default" "no proof of claim" and the MERS Milestone Report shows Gennie Mae transferred the beneficial rights back to M&T Bank 11/2/2020 to proceed to act and to be paid proceeds from the sale scheduled to close 12/28/2020.

42. M&T Bank with full knowledge Ms. Roman filed bankruptcy claim 3/22/2021 recorded their "successor in interest" assignment of mortgage on 4/9/2021 during Ms. Roman's automatic stay during the bankruptcy litigation (without notification or consent) to agree they attach to the original contract signed 8/8/2017 which became over four years old and the contract expired effective 8/8/2021 before 12/31/2021, per Consumer Financial Protection Bureaus (CFPB) temporary stay ended without offering a fair opportunity for loss mitigation during litigation or a reaffirmation agreement to resecure the FHA HUD Secretary loan in accordance with the loss mitigation guidelines published and create the new "letter of credit" mortgage and note modification after removal of the principal balance to the partial claim to safeguard the HUD/FHA Secretary security backed portion and then modify the principal balance due creating the new (P&I) loan amount (required disclosure of costs) and a written agreement disclosure cost to create the new escrow account before Ms. Roman was required to sign the new modified promissory note and mortgage.

43. Attached hereto is one EXHIBIT inclusive of 97 pages some new documents not in the State Court Case "some duplicated discovery documents" that are recorded in the State Court Case with markup notes on them to point out the specific dates (overlap) forbearance and non-judicial actions during years 2020 and 2021 supports Ms. Roman allegations made against M&T Bank and KML Law Group PC. The Butler Court of Common Pleas has the entire case file inclusion of the transcript from the 7/26/2022 oral argument hearing recorded last entry in electronic record on 1/5/2023.

## QUESTIONS – FOR CONCLUSION OF LAW

44. **QUESTION "Conclusion in law"** Liberty Mortgage Corporation promissory note (was never recorded in the Butler land records) instead was sold by endorsement "no resources" from Liberty Mortgage Corporation to M&T Bank after Ms. Roman's closing on the same date 8/8/2017 for a <u>kick-back</u> payment involving the original letter of credit, contract, and mortgage between Ms. Roman and Liberty Mortgage Corporation without Ms. Roman's knowledge until later date when Ms. Roman received unsigned copy of all documents in the mail with the deed and title insurance policy under cover letter dated 09/01/2017 by which Ms. Roman paid the fees 8/9/2017 to record the original mortgage covered by the <u>Real Estate Settlement Procedures Act (RESPA)</u> Dodd-Frank Wall Street Reform and Consumer Protection Act governed by federal laws by appointed body the Consumer Financial Protection Bureau. For clarification, at that point in time Ms. Roman did not even understand what those documents represented; until after researching and reading many federal bankruptcy rules and Pennsylvania statutes after M&T Bank filed their foreclosure complaint and Ms. Roman began to realize her situation which led up to filing this compliant?

45. **DEFINITION "Dual Tracking"** occurs when a mortgage servicer continues to foreclose on a borrower's home while simultaneously leading a the are being reviewed for loss mitigation options for the borrower's without ever mailing an application to the borrower to apply for loss mitigation loan modification avoidance foreclosure option "while in an approved forbearance" governed by federal law (CFR) final rule interpretation by the Consumer Financial Protection Bureau (CFPB) "loss mitigation application procedures"?

46. **QUESTION "Conclusion in law" Dual Tracking:** M&T Bank denied they were dual tracking in their letter dated 12/24/2021 to Ms. Roman and did not start foreclosure. Ms. Roman disagrees; the documentary evidence populated into the State Court electronic record speaks for itself. Ms. Roman (self-initiated) contracted with the Butler Pennsylvania FHA HUD approved counselor to attend their credit class during months July through August 2021; signed a 3rd party agreement with the FHA HUD counselors to authorize contact with M&T Bank to obtain records about the loan in compliance with the published FHA HUD guidelines regarding loss mitigation and home retention options. M&T Bank DENIED access to the loan records and did not mail the loss mitigation package upon request from letter dated 09/10/2021 mailed to FHA HUD counselors and Ms. Roman?

47. **DEFININTION "BREACH OF CONTRACT":** is a **material if the breaching party's <u>actions</u>, or <u>failure to act</u>,** substantially impacts the non-breaching party resulting in the non-breaching party not getting the result they bargained for. A <u>non-material breach occurs</u> when a party violates a more minor or tangential condition of the contract. **According to real estate contract laws,** a <u>breach of a real estate contract</u> **occurs when a party to the contract, oral or written, <u>fails to perform any part of the contract</u> terms which violates any law governed by the contract**?

48. **QUESTION "Conclusion in law" (material breach fiduciary duty specific performance and failure to act):** M&T Bank filed their mortgage foreclosure complaint post-bankruptcy case closed implying they possessed a valid contract and legal standing as holder of the required security instruments to validate thru complaint action to enforce a legal right after previous actions of trespass, break in and damage to Ms. Roman property 12/4/2020. The foreclosure complaint was filed "personally" against Ms. Roman named as the defendant being sued. Fact is M&T Bank is not the original lender so presumably may fall under the **"holder in due course rule"** by fact is a (third-party) investor who purchased money loan for investment "prohibited practice" which **caused a material concurrent conflict of interest** involving the owners "title" and rights of Ms. Roman by fact the transaction occurred within one year of the **#1 (investor)** Secretary FHA/HUD security backed loan investment period (8/2/20217-11/3/2017) tolling an pooling dates by application establish on HUD 1 form, to form the contract approved and closing date 8/8/2017 between Joanne Roman to **#2 (investor)** Liberty Mortgage Corporation (original lender) registered the promissory note into the MERS tracking on the same date 8/8/2017 post-closing with Ms. Roman and Liberty Mortgage Corporation endorsed "non-recourse" onto the promissory note to **#3 (inventor)** M&T Bank who made a monetary <u>kickback</u> payment on 8/8/2017 received wiring instructions from Liberty Mortgage Corporation (is an illegal prohibited practice). The original contract involving a Mortgage with the Secretary FHA/HUD investment was covered by the Real Estate Settlement Procedures Act (RESPA)?

49. **QUESTION "Conclusion in law" (material breach fiduciary duty specific warranty deed and title insurance policy):** Ms. Roman had already taken possession of the property after the closing with Liberty Mortgage Corporation 8/8/2017 and paid all fees to record into the Butler land records on 8/9/2017 the "warranty deed" dated July 26, 2017 attached to a guaranteed title insurance policy dated 8/9/2017 and the Mortgage dated 8/8/2017 with Liberty Mortgage Corporation (by which on the date of 8/9/2017 recording) Liberty Mortgage Corporation was no longer the owner in possession of the promissory note dated 8/8/2017 and beneficial owner of the Mortgage recorded in the Butler land records and Promissory Note registered in MERS. The MERS Milestone Report identifies that M&T Bank was assigned the beneficial rights for only the promissory note (the mortgage follows the note assigned 8/17/2017 (after) Ms. Roman took possession of the property on 8/8/2017 without M&T Bank recording their assignment of mortgage into the Butler land records, they did not secure their interest to create a valid attachment to the original "mortgage instrument" timely within one year from transfer date of passage 8/17/2017 per Pennsylvania conveyance laws and the promissory note was registered in MERS but not recorded into the Butler land records with the Mortgage that was recorded with the HUD/FHA Case

number also recorded in MERS tracing identified by the FHA case number and MERS MIN number created on documents for Ms. Roman's closing 8/8/2017 as recorded 8/9/2017 into the Butler land recording fees paid by Ms. Roman?

50. **QUESTION "Conclusion in law" bankruptcy "deemed" avoided the lien: The "successor in interest"** assignment of mortgage (is questionable) because the mortgage assignment was not recorded into the Butler land records (within one year) Pennsylvania laws of conveyance of closing date 8/8/2017. The MERS Milestone Report mortgage transfer beneficial rights ownership date 8/17/2017 being prior to "initial default" and the 1st missed mortgage payment 8/1/2020 was not in accordance with Pennsylvania laws of conveyance and must record in the land record within 90 days of the date of passage "of the initial default" there was no recording into the land record until 4/9/2021 "during the automatic stay" and the date was after Ms. Roman filed bankruptcy 3/22/2021, which Ms. Roman was not notified of the recording and did not convey by agreement, approval or signature to validate a discharge because Ms. Roman's original plan intention was "retain and pay" stated in bankruptcy application from the private real estate sales contract executed 11/8/2020 scheduled to close 12/28/2020?

51. **QUESTION "Conclusion in law" contributory acts of specific performance (cause and effect):** M&T Bank did not make Ms. Roman file for bankruptcy. However, M&T Bank's specific performance contributed to the "cause" by interference 12/4/2020 and "effect" Ms. Roman's buyers bailed which caused Ms. Roman no other alternative but to return back to Pennsylvania (separate from her husband) due to special circumstances to get her federal job back to have the funds to defend her interest in her home and property which filing bankruptcy was a mandatory requirement at this point to be able to get her federal job back?

52. **QUESTION "Conclusion in law" the 4/9/2021 assignment of mortgage M&T Bank recorded created an adverse material breach of the warranty deed that clouded the owners title and rights as stated on those documents resulted "concurrent conflict of material interest":** the clouded title rights caused situations our of Ms. Roman span of control which prevented marketing the home for private sale as conveyed in her "warranty deed" recorded 8/9/2017 and statements within the guaranteed title insurance policy issued on the same date with the warranty deed. Upon review of the dates on the MERS Milestone report clearly shows 11/2/2020 the beneficial rights were re-assigned from Gennie Mae back to the (3rd party) investor M&T Bank which there should have already been a recording assignment in the butler land records prior to the closing date 12/28/2020 of Ms. Roman's private real estate sale to pay off a debt principal and interest payments to M&T Bank's payoff letter dated 10/21/2020. M&T Bank **"failed to act"** timely to secure their "interest" within one year and again timely 30 days past the 1st missed payment "default date" 8/1/2020 and failed to issue an ACT 6 Notice breach letter to Ms. Roman for Demand "pay-in-full" by September 1, 2020 and legally record their assignment of mortgage attachment "successors in interest" instrument + 90 days by 12/01/2020 being the initial "default- date of passage" to late be able to foreclose in "rem" up to 20 years?

53. **QUESTION "Conclusion in law" contributory intentional illegal misconduct (unjust enrichment):** M&T Bank hired MSI Preservation Company to change the locks and secure Ms. Roman's home "evicted" without a court order or a judgment declaring a lien "before bankruptcy", did not sell the home "sheriff sale" and locked out on 12/4/2020. The 1st and only ACT 6 Notice provided to Ms. Roman was dated 2/24/2022. **M&T Bank's "own hands caused their own loss" and Ms. Roman's loss "unjust enrichment" expecting payment but, M&T Bank could not be paid for failure to record "public notice" timely** most likely discovered by Law Firm McCandless King Coulter & Graham LLP requested the start documents to prepare title search transfer documents 11/17/2020 to be ready to close 12/28/2020 timely. Therefore, M&T Bank was not able to be paid in full because from Ms. Roman's sales contract and the negotiations just halted after M&T Bank's interference and also did not honor their own approved forbearance for Ms. Roman 100% deferred payments; after only 33 days Ms. Roman was on forbearance (effective 10/1/2020 with end date 10/16/2021) M&T Bank took the property by force "eviction" without consenting Ms. Roman declared the home and land a bank owned repossession because it was "vacant and abandoned" without being heard by a court or judge and was not in good faith because Ms. Roman was selling her home scheduled to close 12/28/2020 to make good on money investment loan M&T Bank purchased "same date" – before the ink was dry" paying an illicit kickback post-closing for the promissory note only for the contract between Ms. Roman with Liberty Mortgage Corporation 8/8/20127 involving a Secretary of FHA-HUD security backed loan (within one year)?

54. **QUESTION "Conclusion in law" elements of a Breach of Contract Claim existed before the contract expired:** The contract must first exist "Yes" with original lender there was a contract valid between Ms. Roman and Liberty Mortgage Corporation effective 8/8/2017 that M&T Bank assumed (three years prior) to the occurrence misconduct date 12/4/2020 with a reasonable amount of time to "secure" their investment legally and ability to be paid in full for the "pay off letter" for a debt the owner conducted a "private sale" to tender payment and later discovered a future date in time during year 2021 M&T Bank's failure to act by lack of performance "cause and effect" and negligence fiduciary duty in accordance to the terms of the original contract dated 8/8/2017. M&T Bank had only a "holder in due course" position of an expired contract over four years old because they did not fulfill their duty and obligations required to prevent any injury or loss associated with rights of the owner's warranty deed and title insurance policy is a direct result breach to a contract which was in effect not expired on 12/4/2020?

55. **QUESTION "Conclusion in law" Prohibited practice occurred within one year from closing date of FHA HUD Secretary government back investment loan resulted an equitable dispute over title to a property:** With the property in possession by Ms. Roman and family on the date 5/13/2022 KML Law Group P C filed the claim for their client M&T Bank conveyance and recording of Ms. Roman's "warranty deed" conveyed to Ms. Roman 7/26/2017 as Grantee forever with rights to sell, convey and to have and to hold for her heirs with guaranteed title transferred backed by insurance policy and Ms. Roman's was not aware on the same date 8/8/2017 post-closing M&T Bank became a (third party) investor without recording their mortgage assignment. M&T Bank did not mail Ms. Roman the Notice of the loan transfer timely within 30 days of the sale transferred beneficial rights 8/17/2021 is a sale in accordance with the original contract. Ms. Roman was only notified of the change of servicing rights on 8/8/2017 by Liberty Mortgage Corporation (not sale of loan) transfer assignment from M&T Bank?

56. **QUESTION "Conclusion in law" M&T Bank and KML Law Group PC committed unconstitutional acts and "prohibited practices":** governed by federal laws which are also declared unconstitutional by Commonwealth of Pennsylvania law (intentional misconduct, negligence, trespass, damage to personal real property) upon a statute for which civil penalty will allow forfeiture loss in whole 100% equity able to be decreed avoided lien in bankruptcy for Ms. Roman and Ms. Roman family eligible to recover special damages for injury for otherwise tortious conduct including deceit of indirect contribution and fraud, proceeding subject to another other laws and limitation specified on the merits for a person or for a corporation or unincorporated associations?

57. **QUESTION "Conclusion in law" Disposition "successor in interest" recording 4/9/2021 is a violation of "immunity protection" contempt of the "automatic stay" temporary federal order:** recording in Butler land records moving on an estate held in trust results (in valid or valid, perfected or not perfected, or lien deemed voided) during bankruptcy litigation with a pre-existing timely recorded "warranty deed" right of owner to private sale and rightful conveyance to heirs as owner beneficiaries to "uncloud title" in whole with the equity of the home stead personal assets was exempted from sale to pay (non-secured) creditors. M&T Bank was not a priority creditor with a perfected valid lien on the property during bankruptcy proceedings discharged on debtor's credit matrix deemed as an unsecured creditor wiping out the promissory note 7/7/2021 which expired 8/8/2021?

58. **QUESTION "Conclusion in law" Compel stop debt collection actives:** compliant KML Law Group PC and M&T Bank "permanent injunction" contempt of a federal order to harassment mailing mortgage statements for reinstate implied current delinquent debt of borrower stilled owed and cancel the forced placed insurance "actually not a current borrower" identify the new investor loan, escrow account created and destroy promissory note dated 8/8/2017 nullify and sale post-bankruptcy. M&T Bank has no claim able to plea for relief in which relief cannot be granted by law?

59. **QUESTION "Conclusion in law" Ms. Roman filed bankruptcy resulted from "root cause" contributory interference actions" performed by M&T Bank attributed to the stoppage of a real estate sale contract 11/8/2020 scheduled to close 12/28/2020:** Affected future ability to continue market the home for sale caused additional financial hardship (from expectancy to receive payment) but did not and led to outcome of incorrect and inconsistent items being reporting delinquent for "discharged debts" for two of the major bureaus still not cooperating to correct the credit reports caused unjust injury at the hands of M&T Bank by cause and effect Ms. Roman "would not have had to file bankruptcy" if M&T Bank recorded an assignment timely for the ability to receive proceeds payment from private real estate sale

or if the home did not sell without interference on owners own marketing, then would be able to complete the loss mitigation in good faith to remedy with home retention and most of all the 12/4/2020 lock out never happened reasonably the home would have continued negotiations to close timely 12/28/2020?

60. Ms. Roman is requesting relief in written option for "compliance" with the new federal consumer protection credit reporting and collection activities laws to remedy the non-compliance major credit bureaus TransUnion, Equifax, and Experian to consolidate "match data" reported across the bureaus "remove inaccurate and correct all information if being report and "non legally collectable" accounts which are no longer debts of old creditors that are no longer have the ability to enforce payments from Ms. Roman to COMPEL the bureaus to correct **the 52 point deficiency 659 "lower FICO credit scores" on both Equifax and Experian non-compliance to remedy and match data from the Transunion report of a "higher FICO credit score 711 which fluxes up and down highest score of 740" over the past year.** Of course, these scores flux (up and down slightly) difference how data is reported but overall depends on how consumer uses credit. The scores between the three bureaus should not be at a **52-point difference** (the inaccurate date reported is caused from filing bankruptcy) and has adversely affected Ms. Roman's overall score which could be in excellent range by now after who has been working very hard writing many credit demand letters to correct those report to bring the individual scores fell to 526 poor rating after bankruptcy during July 2021 and now has reestablishing a good credit score rating above 700 in a very short period of 1 year (July 2021 – July 2022). TransUnion did comply with laws and letters mailed from Ms. Roman to correct their errors and incorrect information reporting. But still getting non-compliance from both bureaus (Equifax and Experian)?

61. **QUESTION "Conclusion in law" entitled to Consequential damages to cover any loss incurred by the breach of contract "fiduciary duty" breach of warranty deed:** of special circumstances and/or conditions that were not ordinarily predictable if special damages are granted reserve the right to prejudged interest at 8% rate accruals compounded annual awarded back to date of injury?

62. **QUESTION Conclusion in law":** entitled actual losses caused by any breach, but not in a direct and immediate way, but can be reasonably concluded by concurrent by dates of concurrent direct linkage of contributory specific performance found not by admittance but by discovery documents opinion on merits of law?

63. **QUESTION "Conclusion in law" Compensatory damages "pre-judgement interest":** breach of contract "fiduciary duty" specific performance breach of "warranty deed" to the remedy unjust enrichment caused loos payment $209,900 inference with private sale when discovered by M&T Bank's error "failure to record" to be paid from proceeds and they caused own loss and Indirect consequential damages weren't immediately foreseeable or obvious at the time of original valid contract valid expired by statute 4 years later 8/8/2021 as **delay damages** arising out of the loss?

64. **QUESTION Conclusion in law" Sanctions: Stewart Title insurance policy from Secretary HUD FHA closing 8/8/2017 and this specialized insurance policy also protects owner against possible risks that can threaten the legal ownership of the property:** and affect the personal rights to occupy unable to "evict" without a judicial order the locked out prevented the use for enjoyment or sale for enrichment and therefore caused financial loss for the life of all with interest in the property in by law. Can Ms. Roman invoke the title insurance by way M&T Bank is responsible to repay HUD FHA for their loss of investment prior to discharge of beneficial right for the home sale "cause and effect" from M&T Banks contributory interference negligence cause an adverse action did not only affect the consumer "citizens" rights and occupancy and sale the property for a profit in good faith to pay off a debt in full (early) injury "deemed" payment not accepted" requires deemed discharged and "borrower paid in full" while on approved forbearance was not actually supposed to be considered delinquent (the bank of the investor loan caused a financial loss and unjust enrichment) also owes a duty to HUD/FHA investor Gennie Mae?

65. **QUESTION "Conclusion in law":** Ms. Roman and each of Ms. Roman's family is entitled to emotional stress to the remedy unjust enrichment caused for the entire family "separation family unit "consortium of a husband and wife" having to relocate back to Pennsylvania to "handle the affairs of the disposition of home situation conclusion of legal biding decision"? Ms. Roman also entitled emotional stress remedy for injunction violations related to bankruptcy?

66. **QUESTION "Conclusion in law"** Special damages violation "temporary and permanent injunctions" Contempt federal order bankruptcy for Ms. Roman is entitled to receive "punitive damages" for emotional stress computation 3x amount award and pre-judgement interest at 8%?

67. **QUESTION "Conclusion in law"** for unjust enrichment Computation of damages are usually calculated based on the difference between the amount due at time lawsuit complaint was filed 5/13/2022 by M&T Bank "holder in due course" is equal to $0.00 on this date considering the "successor in interest" assignment recorded 4/9/2021 and no recording at all on 12/4/2020 when the real estate contract 11/8/2020 executed schedule to close 12/28/2020 over the fair market value of the property (private sale) public notice date 11/1/2020 market value offer received $209,900 caused "unjust enrichment" to owner result M&T Bank's interference "lockout" 12/4/2020 with offer amount higher than original purchase 8/8/2017 $189,900 based on FHA HUD appraisal value of $191,000 with principle amount due on 8/1/2020 $176,401.46 (discharged) with no priority creditor lien perfected prior or during bankruptcy litigation based on conclusion of law for timely conveyance failure to "secure interest" timely in accordance with Pennsylvania laws would "deem" lien avoided in bankruptcy without legal constructive notice to Ms. Roman to consent results 100% equity owed by forfeiture with consequential compensatory damages calculate for the unjust enrichment inclusive of punitive damages prejudged interest rate 8% retroactive to date of injury for Ms. Roman?

68. **QUESTION "Conclusion in law" Consequential versus actual damages for "restitution":** if required actual allow time to prepare and present all actual as it relates to loss presenting the (bills and/or receipts paid) re-coupe all court costs, attorney fees paid, administrative expenses and (USPS) costs, actual receipts for repairs made upon return home to make sanitary and safe for living, receipts moving costs ground shipping entire home belonging ($13,600 to PR and from $7,800 PR) loss of personal belonging required to leave in Puerto Rico was financially not able to pay full price to bring back, cost for several flights 11/1/2020 to PR pending home sale payment within 30 days expectancy profit, flights 6/6/2021 two week stay in PA to secure keys and secure swimming pool at home per M&T Bank called attorney to fly in fix pool and then return PR, final flights to return back PA with five live animals and two dependents on 7/22/2021, inclusive of hotels, rental cars, medical expenses due to anxiety dependents placed on medications "pain and suffering" being stranded at airport for days and for (youngest daughter attempted suicide not wanting to leave her father would not leave his elderly mother refused to leave Puerto Rico after her husband my husband's father died of COVID)?

69. **QUESTION "Conclusion in law" sanctions:** both defendants (M&T Bank) and (KML Law Group, P.C.) violation of the "automatic stay" order and "permanent" injunctive various dates and telephone calls made February 2, 2022, through 4/5/2022 attempting to collect a debt; post closed bankruptcy case 7/28/2021 by M&T Bank. KML Law Group P.C. filing lawsuit 4/14/2022 (personal against Ms. Roman) and again 5/13/2022 Mortgage Foreclosure naming Ms. Roman personally as the defendant disguised in "REM" action in request for possession "eviction of the family" to sell the personal property land/home by Sheriff Sale to pay off the old debt post-bankruptcy discharged involving the same property held in Trust previously. During open litigation Period (3/22/2021 to 7/7/2021 – before final discharge order issued?

70. **QUESTION "Conclusion in law": Previous bankruptcy file specific performance and continued "domino effect" into post-specific performance:** (interference, negligence, abuse, harassment, trespass, break and enter damage to personal property, contempt of federal order, and added security Pennsylvania banker fraud and Pennsylvania insurance fraud) not in accordance with revised laws of Pennsylvania for bankers and real estate security backed investments) fraudulently created <u>new investment loan number</u> without the knowledge of the owner "still being referred to as the borrower" did not receive any written contract or consent by signature from the owner of the property, Upon request by the owner did not disclosure of costs and fees for the creation of the loan and escrow account for loss mitigation negotiations and used the 8/8/2017 promissory note "expired contract" over 4 years (which is not transferable by Pennsylvania contract laws) to create the new investment loan and there were "no actual sale commenced" it was actually only a corporate investment already acquired by "non-recourse" endorsement on promissory note from Liberty Mortgage Corporation on 8/8/2017 "error by failure to act" to secure interest disguised assignment of mortgage being an actual "self-transaction of entity" M&T Bank as assigned to self on 4/9/2021 "Successors in interest" instrument] denied loss mitigation application and legal standards regulations of Pennsylvania law negotiations (meeting timelines –

providing disclosures upon request) to mediate a "fair" and in "good faith" remedy of any wrongs commenced during forbearance prior to bankruptcy litigation later filed case closed with failure to participate in "writing or in personal appearance" during the procedural law by a court and judge judicial process" **deems M&T Bank's failure to state a claim for which no legal remedy of relief in law or equity can be provided to M&T Bank based on specific performance;** the lender mis-led the consumer Ms. Roman to believing M&T Bank was still correcting the underwriting errors she requested disclosure 12/31/2021 but appears was simultaneously preparing lawsuit foreclosure "dual-tracking"?

71. **QUESTION "Conclusion in law" M&T Bank filed a lawsuit personally against defendant Ms. Roman after the bankruptcy case was closed:** and M&T Bank was creditor named on Ms. Roman's creditor matrix. Ms. Roman filed a complaint with the Pennsylvania Attorney General's Office "consumer division" based on specific alleged misconduct, interference, performance, failure to act, intentional concealment and fraud, trespass, personal property damage, negligence claims against M&T Bank's because later discovered in November - December 2021 (M&T Bank never recorded public notice of any debt owed by Ms. Roman until the specific date of 4/9/2021) without giving an legal constructive notice to consumer for redress of an action (violates 14th amendment) of a citizens legal rights civil rights to receive procedural due process of law during bankruptcy litigation case opened 3/22/2021 and closed?

72. **QUESTION "Conclusion in law":** 9/19/2020 Ms. Roman mailed written request to M&T Bank for approved for COVID 19 forbearance due to financial hardship related to the pandemic. M&T Bank approved 100% deferred payments effective 10/1/2020 to end 4/16/2021. Ms. Roman asked for a 180-day extension in writing on 1/20/2021 which M&T Bank DENIED. Ms. Roman filed an online complaint to HUD FHA Corporate office who explained it was mandatory for the bank to extend the forbearance 180 days. Ms. Roman was notified in writing by M&T Bank that the forbearance end date was extended to 10/16/2021. However, M&T Bank voluntarily removed their monthly consumer reporting on the Mortgage loan prior to bankruptcy discharge from all three major credit bureau reports for Ms. Roman during May 2021 (which M&T Bank was reporting current 100% deferred payment). Ms. Roman can produce this evidence if requested?

73. **QUESTION "Conclusion in law":** A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered?

## ADDITIONAL INFORMATION

The Plaintiff(s) are not demanding a trial by jury.

Plaintiff(s) are reserving their right to request trial by jury in accordance with FRCP 38(b) if the court deems.

*Joanne M. Roman*                                        2/24/2023

Respectfully Submitted,                                    Date

Joanne M. Roman, Pro Se litigant
Plaintiff

(814) 323-5853
jmroman0967@gmail.com
102 Artlee Avenue Butler, PA 16001

## CERTIFICATE OF SERVICE

Joanne M. Roman, Pro Se Litigant hereby certifies that a true and correct copy of this complaint has been prepared by self for (self and family) members named as joined plaintiff(s). The two defendants listed below received a true and correct copy of this complaint deposited at United State Postal Service delivery by priority tracking receipt verified received from the City of Butler, Pennsylvania's main post office on date: <u>as identified on priority tracking receipt.</u>

1. M&T Bank One Fountain Plaza Buffalo NY 14203

2. KML Law Group, P.C. J. Eric Kishbaugh, Esquire Attorney for M&T Bank
   701 Market Street, Suite 5000 Philadelphia, PA 19106-1532

## VERIFICATION

I, <u>Joanne M. Roman</u>, pro se litigant of myself and my family being one of the plaintiffs as named within the complaint do hereby verify that I am authorized to make this verification on behalf of myself and my family (spouse) Carmelo Roman Torres and unmarried (dependent children) JMR and JG joined plaintiffs which I have set the forth the facts in the foregoing complaint to the defendants is true and correct information to the best of knowledge and my belief.

This verification is being made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

*Joanne M. Roman* (signature)
Joanne M. Roman, Pro Se Litigant
Plaintiff    2/24/2023