2

EXHIBIT

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

BUREAU OF CONSUMER PROTECTION
1251 Waterfront Place, Mezzanine Level
Pittsburgh, Pennsylvania 15222
412-565-5134
January 19, 2022

Joanne Roman
102 Artlee Avenue
Butler PA 16001

Re: correspondence

Dear Ms. Roman:

Your complaint has been received by the Bureau of Consumer Protection and reviewed by the undersigned. After examining your complaint, it appears that this matter is being <u>litigated in a court of law</u> or <u>is the subject</u> of <u>arbitration proceed</u>ing. Once a case has reached this point, the parties are involved in an <u>adversary proceeding</u>, for which there are specific rules for fact-finding and exchange of information. This process gives the parties the opportunity to present their evidence to someone who will listen to both sides, apply the law and issue an objective and binding decision.

Accordingly, because this matter is already the subject of legal process (bankruptcy case copy enclosed), this office cannot mediate your complaint.

Thank you for contacting our office. We are sorry we could not be of greater assistance to you at this time.

Very truly yours,

A. David Etzi
Agent

as

Case 2:23-cv-00308-WSH   Document 1-3   Filed 02/27/23   Page 3 of 14

## Roman, Joanne M.

| | |
|---|---|
| **From:** | jmroman0967@gmail.com |
| **Sent:** | Wednesday, January 19, 2022 11:27 AM |
| **To:** | Roman, Joanne M. |
| **Subject:** | FW: {Matter No.[BCP-22-05-000640]}{Roman, Joanne} |
| **Attachments:** | Roman Chap 7 Summary - Discharged 7_7_21_2599574.pdf; 2591995.pdf; Roman - Chap 7 Creditors - Discharged 7_7_21_2599568.pdf; 2600346.docx |

From: Etzi, A. David <aetzi@attorneygeneral.gov>
Sent: Wednesday, January 19, 2022 10:12 AM
To: 'jmroman0967@gmail.com' <jmroman0967@gmail.com>
Subject: {Matter No.[BCP-22-05-000640]}{Roman, Joanne}

Please see the attached document(s) related to the consumer complaint that you filed with the Pennsylvania Office of Attorney General, Bureau of Consumer Protection.

Sincerely,

Pennsylvania Office of Attorney General
Bureau of Consumer Protection

The information transmitted is intended only for the person or entity to whom it is addressed and may contain confidential and/or privileged material. Any use of this information other than by the intended recipient is prohibited. If you receive this message in error, please send a reply e-mail to the sender and delete the material from any and all computers. Unintended transmissions shall not constitute waiver of any applicable attorney-client or any other applicable privilege. PA-OAG

This message has been scanned for malware by Websense. www.websense.com

1



# Consumer Complaint Form
*Attorney General Josh Shapiro*

Bureau of Consumer Protection
15th Floor, Strawberry Square
Harrisburg, PA 17120

**1-800-441-2555** – PA ONLY
1-717-787-9707

consumers@attorneygeneral.gov
www.attorneygeneral.gov

## Your Information

| Please check if you or an immediate family member is a member of the military or a veteran.<br>☐ Yes   ☑ No | Please check if you are age 60 or older.<br>☐ Yes   ☑ No |
|---|---|

**Name:** Joanne Roman

**Address:** 102 Artlee Avenue

| City: Butler | State: PA | Zip: 16001 | County: Butler |
|---|---|---|---|

| Best Phone Number:<br>(814) 323-5853 | Alternative Phone: | Email Address:<br>jmroman0967@gmail.com |
|---|---|---|

## Who is the complaint against?

| Business Name:<br>M&T Bank | Phone Number:<br>(800) 724-1633 |
|---|---|

**Person to whom you spoke:** Written correspondence various

| Mailing Address:<br>475 Crosspoint Parkway | Office/Suite:<br>475 Crosspoint Parkway |
|---|---|

| City: Getzville | State: NY | Zip: 14608 |
|---|---|---|

## Complaint Information

**Products or Services Purchased:**
Home Land Mortgage

| **Date Purchased** 08/07/2017 | **Purchase Price:** 189,900 |
|---|---|
| **Payment Method:** Other | **Where and how did you sign the contract (if applicable):?** Business Location |

Have you contacted other agencies?
☑ Yes   ☐ No

**Agencies Contacted and actions they took (if known)**
CFPB filed claim they closed it because the Bank responded that they would resolve in 90 days. Claim# COMPLAINT ID 210708-6886079 SUBMITTED ON 07/08/2021 and they only logged that it was a complaint regarding credit reporting disputes and excluded my issues related to RESPA and consumer financial protections issues with the bank.

HUD FHA filed two claims.

Your reference number Date 9/8/2021 is CAS-9628159-R5N1F1. Please use this number for future reference. FHA Case # 442-4467275 / Ticket # CAS-9628159 Joanne Roman

Your reference number Date 1/22/21 Your email Service Request, Number CAS-9036409-T9Z5Z8 has been escalated for further review.

Claims filed to get the bank to comply with giving me extension forbearance and to comply with FHA HUD criteria to work with HUD approved Counselors to assist me with home retention negotiations and the bank provide me my recovery home retention Options.

## Complaint Summary

Claim involve bank misconduct, deceptive acts, unfair trade practice/consumer protection laws UTPCPL, RESPA, FTC, fair credit act, CFPB, & bankruptcy law. "Domino effect" direct link relationship to "root cause" buyers "breech sales contract" bank and interference that directly contributed to their loss and preventing me from legally selling my own home to pay of a debt mortgage to come out of forbearance early. If my home would have sold per agreed 12/28/20 I would not had to move back into my home leave my spouse again, file bankruptcy to get my job (a condition of Federal employment) must pass a public trust and financial background investigation and cannot have a debt with another Fed agency (HUD FHA). This damaged my credit severely (to save my home) which is not even reporting to the credit bureaus. 9/13/20 in writing to bank requested COVID 19 forbearance due to financial hardship related to Pandemic. 10/21/20 requested payoff from bank. 11/1/20 for sale $209,900 on market. 2017 FHA appraised $191,000. Purchased 8/7/17 $189,900. First missed payment 8/1/20. Approved COVID 19 forbearance 10/1/20 to 4/30/21; 2/5/21 In writing requested 180 day extension granted end on 10/16/21. Not 120 days delinquent request for forbearance and pending payment of unemployment since 11/1/20 started receiving 2/22/21. In writing many time requested a loss mitigation package to complete and return. Bank never sent. Paper trail between me and bank 11/20 to current date. Real Estate sales contract executed 11/10/20 addendum signed same sold as is. home winterized, buyer must turn utilities on in name to conduct home and appraisal inspections, must close by end 2020 due to seller situation. 11/1/20 vacated for possession of sale traveled to Puerto Rico be with spouse family related to covid pandemic Spouse father passed and elderly mother was there alone and did not want leave Puerto Rico. Spouse traveled 3/15/20 Pandemic declared 3/16/20 lock down travel on Island 4 month. 13 yr old daughter got depressed without father school grades dropped and became suicidal. Wanted to get the family back together under one roof. Sell home in PA home in PR. My Fed job was unable to relocate (had to voluntary separate) and authorized unemployment life time reinstatement rights. Closing scheduled 12/28/20. Buyers preapproved a conventional mortgage not guaranteed or insured by the federal government. Conventional loans are also conforming loans, which means they meet the criteria set by Fannie Mae and Freddie Mac – two government-sponsored enterprises that purchase mortgages from lenders and sell them to investors. Fannie Mae and Freddie Mac allow properties to be purchased "as-is" when there are only

minor deficiencies or deferred maintenance. The home must be safe and sound, and structural issues must be minor and due to normal wear and tear. Examples of the kinds of defects that are generally acceptable for a conventional loan: worn floor finishes or carpet, minor plumbing leaks, window screen holes, minor window cracks, damage to interior walls, damaged or missing window screens or cabinetry doors, missing handrails damaged or missing trim, missing light fixtures, electrical switches or faceplates and deteriorated sidewalks. Home Inspections are a Must complete for "As-Is" sales. Utilities on 11/17/20 buyers home inspection 11/18/20. On 11/17/20 attorney close team email me to start the document process. 11/20/20 my relator emailed me the buyer termination reason was home inspection (that it no specifics) refused to release $2000 deposit to me for my relator to repair home damages caused by their inspector (flooded basement) put home back condition prior to inspection needs re-winterized. My debt to the bank should have been paid in full and my profit from the sale paid out on 12/28/20. I would have come off forbearance. I reviewed buyers inspection made rebut notes. No major material structure issues with home just deferred repairs. normal wear and tear for age of home. all for external separate from home structures garage & shed roofs replace and the water damage documents as if was already there, but, the water damage was caused by the buyers inspector on that date and refused to clean up, and left there to mold/mildew unit I cleaned up July 23, 2021. I got estimate from plumber 11/2021. $2700 to fix the damage was told could use tub will not leak if just using as shower just don't fill up drain tub will cause back flow in pipe and flood the floor. Since 2017, I never used as a tub only as a shower; if pipe damaged, I was unaware. Those pipes were inspected by home inspector and FHA 2017 both stated were in remarkable shape. When I left my home in 2020 the pipes did not leak and not aware pipes may have had damage. I never got the chance to rebut any of the inspection report buyer just furnished it and terminated. I did not release them from the sales agreement. I did not sign it. I refused. I don't agree that the inspection (most was petty) issues don't feel report was bad enough for a reasonable person to breach sales contract and cause me and family to be stranded in PR resulting buyers negligent performance as the (root cause) and contributing factors the bank broke into my home to re-winterize then charged me for the costs and locked me out declaring my home vacant and abandoned. By no fault of my own I was unable to return home (had depleted funds) home did not close on 12/28/20 per contract. I had to wait until 02/21 for my PA unemployment to start paying so I could save through June to purchase flights for July for 5 animals, 3 humans and AFB shipping truck for personal belonging bring back PA. I had to leave 1/2 my stuff there did not have enough money to purchase full truck cost $12,300 to go to Puerto Rico to vacate home for sale and $7,800 only afford 1/2 to back plus cost airline flights, car rentals, food, hotels and repair to my home when I returned. Plus extra to PA 6/6/21 with 2 dogs and back to PR 6/12/21 plus pay to have watched until return cause JetBlue changed their policy on 3 pets on a plane vs 5 when travel to PR. 2nd reason for trip was to fix pool cover. The bank called my attorney said I had to come secure my pool it had a code violation. I called enforcement officer, he said he had not been to my home and not aware of any code violation on my property. I called foster pools to my home check my pool and call me, the said my cover was floating someone cut the bungie cords. She sent me text pictures. I asked my attorney why I had to fix the pool when the bank has property preservation and charging me on my statements and I am locked out of my home. When home in June I removed (P&P) lockbox (took all the keys to the house) secured the home, posted property private no trespass. I have estimated receipts aprox. $132k result our of pocket. Ch-7 petition filed 3/22/21 discharge 7/7/21. Home was not included, protected home stead equity with Ch 11 FED exemption. Elected to retain and pay based on the fact I still was on forbearance and thought I could still sell after discharge get equity profit explained to Trustee on FHA Covid 19 forbearance want to keep my home. Bank did not attend creditor 341 meeting 5/3/21, did not file a claim to be exempt from discharge (was listed on my creditors list). Bank did not follow HUD handbook 4000. 1 loss mitigation MUST contact bankruptcy Trustee for borrower files bankruptcy; if home was occupied on 3/20/21 not delinquent not supposed to do property preservation or inspection reports non-judicial foreclosure process & follow PA law for judicial foreclosure at end moratorium 9/30/21 CFPB stay protected from 1st action non-judicial or judicial foreclosure delay until 1/1/2022. I discovered my Mortgage MERS MIN number was "inactive" status. Emailed MERS help desk inquired why. MERS told me look municipality land records & I discovered a Fraud Corporate Mortgage assignment recorded 4/9/21 during bankruptcy stay Trustee had control over all my assets. The assignment form MERS to my bank but no actual sale commenced the bank assigned to itself not actual sale to a new servicer, and no legal foreclosure sale able to happen. MERS said my home was a REO property not sure how bank disposed, if sold, was to a non-member MERS. But M&T bank is a MERS member. I was instructed to contact M&T bank for details. I requested disclosure copy of MERS milestone report. Who was Corelogic SoiEx on subordinate partial claim, maybe the new owner. Banks performance appears to be deceptive acts prohibited practices "Dual-tracking" it occurs when a mortgage servicer moves forward with foreclosure actions while simultaneously working with the borrower to avoid foreclosure – and it is a restricted act violation of the(RESPA) CRF 1024.41. The Corporate Mortgage Assignment appears "fraud". NOT valid. The endorsement date 4/9/21 V. MERS discharge date 4/6/21 on milestone do not match. MERS procedures and as shown on "sample assignment". Bank recoded it 4/9/21 during bankruptcy stay order; Trustee holding assets 3/22/21 to 7/7/21 discharge. Gennie Mae transferred the beneficial rights to M&T Bank 11/4/20, the bank should have recorded the transfer out of MERS to land records and endorsed on the same date & recorded within 7 days of the transfer. The actual corporate mortgage assignment for the bank for standing/ foreclose after CFPB "stay" expires 1/1/22. MERS procedures; assignment must

be recorded to land records with in 7 days discharged. Instead, on 11/27/2020 to 12/4/2020 bank assigned in MERS to property preservation (P&P) default/bankruptcy foreclosure during bankruptcy stay order. MERS system (P&P) assignment auto deletes upon recording transfer sale note & mortgage discharged from MERS. MERS is not a beneficiary; cannot transfer beneficiary corporate assignments. Bank clouded my title stopped me from selling my home after bankruptcy.

## Complaint Resolution

(1) Real Estate contract buyer breach contract compel buyers relator to produce addresses of buyers and buyers parents (refused) cant file claim or under the law apply restitution and damages what law will allow restore home to condition prior to their home inspection
(2) M&T Bank whatever law allows make me whole (keep my home) I want Justice as in good faith or monetarily equal compensation

## How did you hear about us?

Butler Bar Association Real Estate Attorney

## What is your race or ethnicity?

Hispanic/Latino

**21-20642-GLT** Joanne M. Roman
Case type: bk Chapter: 7 Asset: No Vol: v Judge: Gregory L. Taddonio
Date filed: 03/22/2021 Date of last filing: 07/30/2021
Debtor discharged: 07/07/2021
Date terminated: 07/28/2021

## Case Summary

Office: Pittsburgh
County: BUTLER-PA
Fee: Paid
Origin: 0
Previous term:

Filed: 03/22/2021
Terminated: 07/28/2021
Debtor discharged: 07/07/2021
Reopened:
Converted:
Debtor dismissed:
Confirmation hearing:

Joint: n
Original chapter: 7
Current chapter: 7

Debtor disposition: Standard Discharge

Nature of debt: consumer
Pending status: Case Closed
Flags: RELCAS, DISCHARGED, CLOSED

Trustee: Robert Shearer  City: Erie  Phone: 814 504 2613  Email: information@robertshearer.com

Party 1: Roman, Joanne M. (Debtor)
    SSN / ITIN: xxx-xx-6899

Atty: Douglas G. Hipp   Represents party 1: Debtor    Phone: 412-478-3603
                                                      Email: twohipp4u@hotmail.com

Location of case files:
  Volume: CS1
The case file may not be available.

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 01/18/2022 13:44:34 | | | |
| PACER Login: | of03120AG | Client Code: | oag |
| Description: | Case Summary | Search Criteria: | 21-20642-GLT |
| Billable Pages: | 1 | Cost: | 0.10 |

**21-20642-GLT** Joanne M. Roman
Case type: bk Chapter: 7 Asset: No Vol: v Judge: Gregory L. Taddonio
Date filed: 03/22/2021 Date of last filing: 07/30/2021
Debtor discharged: 07/07/2021
Date terminated: 07/28/2021

## Creditors

| Creditor | ID |
|---|---|
| **American Express**<br>PO Box 981537<br>El Paso, TX 79998 | (15353165)<br>(cr) |
| **Barclays Bank Delaware**<br>PO Box 8803<br>Wilmington, DE 19899 | (15353166)<br>(cr) |
| **Barclays Bank Delaware**<br>125 S. West St.<br>Wilmington, DE 19801 | (15353167)<br>(cr) |
| **Butler Health System**<br>One Hospital Way<br>Butler, PA 16001 | (15353168)<br>(cr) |
| **Capital One**<br>PO Box 31293<br>Salt Lake City, UT 84131 | (15353169)<br>(cr) |
| **Capital One**<br>PO Box 30281<br>Salt Lake City, UT 84130 | (15353170)<br>(cr) |
| **Citicards CBNA**<br>5800 South Corporate Place<br>Sioux Falls, SD 57108 | (15353171)<br>(cr) |
| **First Commonwealth Bank**<br>22 N 6th St<br>Indiana, PA 15701 | (15353172)<br>(cr) |
| **M&T Bank**<br>PO Box 900<br>Millsboro, DE 19966 | (15353173)<br>(cr) |
| **Oliphant Financial**<br>1800 Second St.<br>Ste. 603<br>Sarasota, FL 34236 | (15353174)<br>(cr) |

**Pennsylvaniqa American Water**

| | | |
|---|---|---|
| | PO Box 371412<br>Pittsburgh, PA 15250 | (15353175)<br>(cr) |
| **Peoples** | PO Box 644760<br>Pittsburgh, PA 15264 | (15353176)<br>(cr) |
| **RBS Citizens NA** | 1000 Lafayette Blvd.<br>Bridgeport, CT 06604 | (15353177)<br>(cr) |
| **SYNCB/Care Credit** | c/c PO Box 965036<br>Orlando, FL 32896 | (15353178)<br>(cr) |
| **West Penn Power** | Brad Gillort<br>800 Cabin Hill Dr.<br>Greensburg, PA 15601 | (15353179)<br>(cr) |
| **WM Corporate Services, Inc.** | As Payment Agent<br>PO Box 13577<br>Philadelphia, PA 19101 | (15353180)<br>(cr) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/18/2022 13:45:37 | | | |
| **PACER Login:** | of0312OAG | **Client Code:** | oag |
| **Description:** | Creditor List | **Search Criteria:** | 21-20642-GLT Creditor Type: cr |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | Joanne M. Roman | | Social Security number or ITIN   xxx–xx–6899 |
| | First Name   Middle Name   Last Name | | EIN   -  _ _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | | Social Security number or ITIN |
| | | | EIN   _  -  _ _ _ _ _ _ _ |
| United States Bankruptcy Court   WESTERN DISTRICT OF PENNSYLVANIA | | | |
| Case number:   21-20642-GLT | | | |

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Joanne M. Roman


7/7/21

By the court:   Gregory L. Taddonio
United States Bankruptcy Judge

## Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.



However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

For more information, see page 2 >

Official Form 318                     Order of Discharge                     page 1

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

---

This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.

---

| Information to identify the case: | | | | |
|---|---|---|---|---|
| Debtor 1 | Joanne M. Roman | | | Social Security number or ITIN _ _ _ - _ _ - _ _ _ _ <br> EIN _ _ - _ _ _ _ _ _ _ |
| | First Name | Middle Name | Last Name | |
| Debtor 2 <br> (Spouse, if filing) | First Name | Middle Name | Last Name | Social Security number or ITIN _ _ _ - _ _ - _ _ _ _ <br> EIN _ _ - _ _ _ _ _ _ _ |
| United States Bankruptcy Court   WESTERN DISTRICT OF PENNSYLVANIA | | | | Date case filed for chapter 7   3/22/21 |
| Case number:   21-20642-GLT | | | | |

## Official Form 309A (For Individuals or Joint Debtors)
### Notice of Chapter 7 Bankruptcy Case -- No Proof of Claim Deadline     12/15

For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | Debtor's full name | Joanne M. Roman | |
| 2. | All other names used in the last 8 years | | |
| 3. | Address | La Playa <br> HC 02 Box 5967 <br> Guayanilla, PR 00656 | |
| 4. | Debtor's attorney <br> Name and address | Douglas G. Hipp <br> Hipp/Kaiser-Hipp <br> 1142 Broadview Blvd. <br> Brackenridge, PA 15014 | Contact phone 412-478-3603 <br> Email: twohipp4u@hotmail.com |
| 5. | Bankruptcy trustee <br> Name and address | Robert Shearer <br> 5703 Brewster Lane <br> Erie, PA 16505 | Contact phone 814 504 2613 <br> Email: information@robertshearer.com |

For more information, see page 2 >

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case -- No Proof of Claim Deadline**                   page 1

000671                                        1830900067 1014

Debtor Joanne M. Roman                                                                 Case number 21-20642-GLT

| | | |
|---|---|---|
| 6. Bankruptcy clerk's office<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | U.S. Bankruptcy Court<br>5414 U.S. Steel Tower<br>600 Grant Street<br>Pittsburgh, PA 15219 | Hours open:<br>Mon. – Fri. Pittsburgh Office:<br>9:00a.m. – 4:30p.m. Erie Office:<br>9:00a.m. – 4:30p.m.<br><br>Contact phone 412-644-2700<br><br>Date: 3/23/21 |
| 7. Meeting of creditors<br><br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | May 3, 2021 at 12:00 PM<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br><br>341 Meeting will be conducted by phone, please consult the docket or, case trustee for call information. |
| 8. Presumption of abuse<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. | |
| 9. Deadlines<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>You must file a complaint:<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>You must file a motion:<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | Filing deadline: 7/2/21 |
| | Deadline to object to exemptions:<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | Filing deadline: 30 days after the conclusion of the meeting of creditors |
| 10. Proof of claim<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| 11. Creditors with a foreign address | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| → 12. Exempt property | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. | |

Official Form 309A (For Individuals or Joint Debtors) Notice of Chapter 7 Bankruptcy Case -- No Proof of Claim Deadline                              page 2

000071    1 8 3 0 9 0 0 0 6 7 1 0 1 4