

EXHIBIT 13

**Michele Mustello**

**Butler**

## CUSTOMER RECEIPT - RECORDING SERVICES

Receipt Number: T20170011958
Date/Time: 08/09/2017 10:36:03
Method Received: Special Handling M
Clerk: CPunture

Customer Name: C JAMES VENDETTI

MAIL ENVELOPE PROVIDED
VENDETTI & VENDETTI
3820 LIBERTY ST
ERIE PA 16509

### Transaction Detail

| Instrument Number | Instrument Type | Record Fees | Equip Fee | State Tax | Transfer Tax | CJEA | ATJ | Copy | Cert. Copy | Total Copy Fee | # Pgs | Consideration | Subtotal |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 20170809016795 | WARR.DEED | $48.50 | $5.00 | $1,899.00 | $1,899.00 | $2.25 | $11.25 | N | N | $0.00 | 4 | $189,900.00 | $3,865.00 |

First Party Name
EVANS, BARBARA JEAN

Second Party Name
ROMAN, JOANNE M

Municipality Name
BUTLER TWP

School District
BUTLER AREA SCHOOL DISTRICT

Percentage 100%
Tax $1,899.00

TOTAL: 100% $1,899.00

| 20170809016796 | FHA/VA MTG | $74.50 | $5.00 | $0.00 | $0.00 | $2.25 | $11.25 | N | N | $0.00 | 16 | | $93.00 |

First Party Name
ROMAN, JOANNE M

Second Party Name
LIBERTY MTG CORP

### Payment Information

| Method of Payment | Payment Control ID | | Amount |
|---|---|---|---|
| Check | 12056 | | $67.00 |
| Check | 12057 | | $93.00 |
| Check | 12059 | | $1,899.00 |
| Check | 12058 | | $1,899.00 |

Authorized Agent

AMOUNT PAID: $3,958.00
LESS AMOUNT DUE: $3,958.00
CHANGE RECEIVED: $0.00

8/9/2017 10:37:47AM

\castle\Reports\CustomerReceipt.rpt

Butler County Recorder of Deeds • 124 West Diamond Street • P.O. Box 1208 • Butler, PA 16003-1208

Page 1 of 1

# TrakRecord Public Access Search Results

Criteria: srn.lastname like 'ROMAN%' and srn.firstname like 'JOANNE%' and Recorded Date is between '1753-01-01' and '2021-11-28'. Names Checked: ROMAN JOANNE M

## DETAILS

Instrument: 202104090010163 Recorded: 4/9/2021 3:01:33 PM Prepared: 04/09/2021 Status: Verified Document Type: ASSIGN OF MTG Pages: 3 Notes: Grantor : LIBERTY MTG CORP / MORTGAGE ELEC REGISTRATION SYSTEMS INC / ROMAN, JOANNE M Grantee: M&T BK / M&T BK Legal Description: Municipality: BUTLER TWP Street:102 ARTLEE AVE Parcel:056-19-B31 Marginal: 201708090016796 (FHA/VA MTG)

Instrument: 201708090016796 Recorded: 8/9/2017 10:36:42 AM Prepared: 08/08/2017 Status: Verified Document Type: FHA/VA MORTGAGE Consideration: $186,459.00 Pages: 16 Notes: Grantor : ROMAN, JOANNE M Grantee : LIBERTY MTG CORP / MORTGAGE ELEC REGISTRATION SYSTEMS INC Legal Description: Municipality: BUTLER TWP Street: 102 ARTLEE AVE Parcel: 056-19-B31 Marginal: 202104090010163 (MTG. ASIGN)

Instrument: 201708090016795 Recorded: 8/9/2017 10:36:03 AM Prepared: 07/26/2017 Status: Verified Document Type: WARRANTY DEED Consideration: $189,900.00 Pages: 4 Notes: Grantor : EVANS, BARBARA JEAN Grantee : ROMAN, JOANNE M Legal Description: Municipality: BUTLER TWP Sub/Condo: ARTLEE HEIGHTS PLAN Lot: 31 Street: 102 ARTLEE AVE Parcel: 056-19-B31

# TrakRecord Public Access Search Results

Criteria: srn.lastname like 'ROMAN%' and srn.firstname like 'JOANNE%' and Recorded Date is between '1753-01-01' and '2021-11-28'. Names Checked: ROMAN JOANNE M

| # | Name | First | Middle | Role | Oth. Party | M&T BK | Inst. Type | Instrument Idx | Book/Page | Marginal | Short Legal | Date | Consideration | Ver. | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | ROMAN | JOANNE | M | Grantor | | X | ASSIGN OF MTG. | 202104090010163 | | 201708090016796 | Municipality: BUTLER TWP Str | 2021-04-09 | | Verified | |
| 2 | ROMAN | JOANNE | M | Grantor | LIBERTY MTG CORP | | FHA/VA MORTGAGE | 201708090016796 | | 202104090010163 | Municipality: BUTLER TWP Str | 2017-08-09 | $186,459.00 | Verified | |
| 3 | ROMAN | JOANNE | M | Grantee | EVANS, BARBARA JEAN | | WARRANTY DEED | 201708090016795 | | | Municipality: BUTLER TWP Sub | 2017-08-09 | $189,900.00 | Verified | |

*Handwritten annotations:*

↑ Liberty Mortgage Company illicit Kickback Sale to M+T 8/8/2017 Not Ms. Roman Grantor to M+T Bank

Fraud M+T Bank Reopening Bankruptcy Avoided Lien

```
Instr:201708090016795        08/09/2017
Pages:4    F:$57.00          10:36AM
Michele Mustello             T20170011956
Butler County Recorder       MEPVENDETT

201708090016795
08/09/2017 10:36:03AM T20170011956
PA TRF TAX                   $1898.00
BUTLER AREA SCHOOL D         $949.50
BUTLER TWP                   $949.50
TOTAL TAX                    $3798.00
```

*← Ms Roman's Attorney*

FROM:
Barbara Jean Evans, a single woman
MAIL TO:
C. James Vendetti, Esq. 3820 Liberty St., Erie, PA 16509

———————————— [Space Above This Line for Recording] ————————————

# General Warranty Deed

This Indenture, *Made the* 26th *day of* July, 2017, **Between**
Barbara Jean Evans, a single woman
, *grantor,* and

Joanne M. Roman, a single woman
, *grantee.*

**Witnesseth,** *that said GRANTOR for and in consideration of the sum of*
ONE HUNDRED EIGHTY-NINE THOUSAND NINE HUNDRED DOLLARS AND - - -
- - - - - - - - - - - - - - - - - -NO/100 ($189,900.00)
*paid to the GRANTOR by the GRANTEE does grant, bargain, sell and convey unto the said GRANTEE, her heirs and assigns,*

ALL that certain lot of land situate in Butler Township, Butler County, Pennsylvania, being bounded and described as follows:

BEGINNING at a point at the West side of a 40-foot street, said point being at the Southeastern corner of Lot No. 39; thence along the West side of the 40-foot street, 135 feet to line of lands of now or formerly Russell Diehl, being Lot No. 29 in the same Plan of Lots; thence in a Western direction along line of lands of now or formerly Russell Diehl, 164 feet to the juncture of Lots Nos. 18 and 32;
(Continued on Attached)

*with the appurtenances:* **To Have and To Hold** *the same to and for the use of the said GRANTEE, her heirs and assigns forever. And the GRANTOR for her heirs and assigns hereby covenant and agree that she will* **WARRANT GENERALLY** *the property hereby conveyed.*

NOTICE–THIS DOCUMENT MAY NOT/DOES NOT SELL, CONVEY, TRANSFER, INCLUDE OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN, AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE/HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL OF SUCH COAL AND, IN THAT CONNECTION, DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT.

[This notice is set forth in the manner provided in Section 1 of the Act of July 17, 1957, P. L. 984, as amended, and is not intended as notice of unrecorded instruments, if any.]

600- 31693120

Instr:201708090016796    08/09/2017
Pages:16   F:$93.00       10:36AM
Michele Mustello          T20170011958
Butler County Recorder    MEPVENDETT

Prepared by & Return to:
Vendetti & Vendetti
3820 Liberty Street
Erie, Pennsylvania 16509

Property Address:
102 Artlee Avenue
Butler, PA 16001

Property Index/UPI Number:
056-19-B31

I hereby CERTIFY that this document is recorded in the Recorder's Office of Butler County, Pennsylvania

Michele M. Mustello - Recorder of Deeds

[Space Above This Line For Recording Data]

# MORTGAGE

FHA Case No: 442-4467275-703

MIN: 100148100000134055

MERS Phone: 888-679-6377

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 10, 12, 17, 19, and 20. Certain rules regarding the usage of words used in this document are also provided in Section 15.

(A) "Security Instrument" means this document, which is dated **August 8, 2017**, together with all Riders to this document.

(B) "Borrower" is **Joanne M. Roman, single**. Borrower is the mortgagor under this Security Instrument.

(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an mailing address P.O. Box 2026, Flint, MI 48501-2026 and a street address of 1901 E. Voorhees Street, Suite C, Danville, Illinois 61834. MERS telephone is (888) 679-MERS.

(D) "Lender" is **Liberty Mortgage Corporation**. Lender is a **Corporation** organized and existing under the laws of **the Commonwealth of Pennsylvania**. Lender's address is **3818 Liberty Street, Erie, Pennsylvania 16509**. Lender is the mortgagee under this Security Instrument.

(E) "Note" means the promissory note signed by Borrower and dated **August 8, 2017**. The Note states that Borrower owes **One Hundred Eighty-Six Thousand Four Hundred Fifty-Nine and 00/100 Dollars ($186,459.00)** U.S. Dollars plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **September 1st, 2047**.

PENNSYLVANIA FHA MORTGAGE – MERS
PAMTGZ2.FHA 02.29.2016

Loan # LMC-11710
(page 1 of 16 pages)

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____    _Joanne M. Roman_ 5/8/17 (Seal)
                              Joanne M. Roman            -Borrower

_____    _____ (Seal)
                                                        -Borrower

[Space Below This Line for Acknowledgment]

Attorney
Ms. Roman

CERTIFICATE OF RESIDENCE

I, _Chester J. Vendetti Jr._, do hereby certify that the correct address of the within-named lender is **3818 Liberty Street, Erie, Pennsylvania 16509**, witness my hand this **August 8, 2017**.

_____
Agent of Lender

PENNSYLVANIA FHA MORTGAGE – MERS
PAMTGZ2.FHA 02.29.2016

Loan # LMC-11710
(page 14 of 16 pages)

COMMONWEALTH OF Pennsylvania

ss:

COUNTY OF Erie

On this **August 8, 2017** before me, a Notary public in and for said County and State, personally appeared **Joanne M. Roman, single**, individual(s) who executed the foregoing instrument and acknowledged the examination and reading of the same and did sign the foregoing instrument, and acknowledged that the same is said individual(s) free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

My Commission Expires: _____    Notary Public _____

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Chester J. Vendetti Jr., Notary Public
City of Erie, Erie County
My Commission Expires May 28, 2020
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

PENNSYLVANIA FHA MORTGAGE – MERS
PAMTGZ2.FHA 02.29.2016

Loan # LMC-11710
(page 15 of 16 pages)

other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. **Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender

*[Handwritten annotations in right margin: "COVID 19 PANDEMIC / Out of Borrowers / Control / House Not Vacant Abandoned"]*

PENNSYLVANIA FHA MORTGAGE – MERS
PAMTGZ2.FHA 02.29.2016

Loan # LMC-11710
(page 7 of 16 pages)

specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**14. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**15. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**16. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrumen7.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 17, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without

PENNSYLVANIA FHA MORTGAGE – MERS
PAMTGZ2.FHA 02.29.2016

Loan # LMC-11710
(page 10 of 16 pages)

*[Handwritten at top: CONTRACT - Holder in Due Course]*

Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 17.

**19. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

**20. Borrower Not Third Party Beneficiary to Contract if Insurance.** Mortgage Insurance reimburses the Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower acknowledges and agrees that the Borrower is not a third party beneficiary to the contract od insurance between the Secretary and Lender, nor is Borrower entitled to enforce any agreement between Lender and the Secretary, unless explicitly authorized to do so by Applicable Law.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the

PENNSYLVANIA FHA MORTGAGE – MERS
PAMTGZ2.FHA 02.29.2016

Loan # LMC-11710
(page 11 of 16 pages)

*[Handwritten margin annotations:*
- *4/9/2021 Assignment, No Change, Tender*
- *① No Actual Sale, MTT BANK to MTT BANK*
- *② No Legal Notice given*
- *③ Bank Krupte, Not Done*
- *$ FAA-HUD*
- *Risk if Sells or Transfers, 111TH (2009-2010) Congress HR 4173 Dodd FRANK Wall Street Reform*
- *RESPA 8 → IS A Kickback, Conveyance third party*
- *Section 941 - residential Mortgage, Secretary of Housing HUD FHFA, Perscribed Rules*
- *With Respect to Any Investor*
- *Resulting a Conflict of Interest*
- *RESPA Section 621 Prohibits under writers Sponsors Asset Backed Security or any Affiliat or Subsidiary from Initial purchase during 1st year - closing Secretary Sale]*