IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOANNE MARIE ROMAN, Pro Se Litigant, CARMELO ROMAN TORRES, spouse, JMR, dependent daughter, and JG, dependent son,<br><br>                  Plaintiffs,<br><br>    v.<br><br>M&T BANK, KML LAW GROUP, P.C., and J. ERIC KISHBAUGH, Esquire, Attorney for M&T Bank,<br><br>                  Defendants. | Civil Action No. 23-308 |

**MEMORANDUM AND ORDER OF COURT**

      Presently before the Court is Defendants' Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12, filed by Defendants M&T Bank, KML Law Group, P.C., and J. Eric Kishbaugh, Esq. (Docket No. 11), Defendants' brief in support thereof (Docket No. 12), and the response in opposition thereto filed by *pro se* Plaintiffs Joanne Marie Roman,[1] Carmelo Roman Torres (spouse), JMR (dependent daughter), and JG (dependent son) (Docket No. 11-2). Plaintiffs have also filed a number of motions, including a "Motion [to] Avoid Summary Judg[]ment Lien in Per[son]al Liability, Violation of 11 USC 524 – Effect of Discharge Disguised In Rem Action 'Wrongful Mortgage For[e]closure'" (Docket No. 16, refiled with minor changes and different attachments at Docket No. 20), a "Motion [to] Enter Default Ju[d]gment in

---

[1] Although four plaintiffs are listed in the caption, Plaintiff Joanne Marie Roman ("Roman") explains in the filings in this case that the other named plaintiffs are her immediate family members, she refers mainly to herself in the filings, and she signs the correspondence and other filings in this case and states that she is authorized to make verifications on behalf of herself and her family members. Roman is also the debtor in a closed bankruptcy case that is cited in the filings in this case, and she is the mortgagor of real estate that is the subject of a foreclosure action that is referenced in the Complaint. *See* discussion, *infra*.

Accordance with Rule 55 Federal Rules of Civil Procedure" (Docket No. 17, refiled with minor changes and different attachments at Docket No. 19), and a "Motion [by] Debtor-in-Possession (DIP) [to] Re-Open Bankruptcy Case No. 21-20642-GLT Violation, 11 USC 524 – Effect of Discharge" (Docket No. 21).

For the reasons set forth herein, Defendants' motion to dismiss will be granted, and Plaintiffs' motions will all be denied as moot.

I. **BACKGROUND**

Plaintiffs filed the Complaint in this matter, *pro se*, on February 27, 2023. (Docket No. 1). Although Plaintiffs' allegations are, at best, unclear, the Complaint and the Civil Cover Sheet indicate that this Court has jurisdiction over this matter because it is based on a federal question, and that the U.S. Civil Statute under which the Complaint is filed is 42 U.S.C. § 1983. (Docket Nos. 1, ¶ 5; 1-1, §§ II (checking the box for "Federal Question" as the "Basis of Jurisdiction"), VI). On May 31, 2023, the Court received correspondence from Plaintiffs that contained over 200 pages of attachments, including filings from a mortgage foreclosure action, instituted by Defendant M&T Bank against Roman as mortgagor and record owner, in the Court of Common Pleas of Butler County, Pennsylvania (*M&T Bank v. Joanne M. Roman*, Civ. Action No. AD-2022-10337 (Ct. of Common Pleas of Butler Cnty., Pa.) (the "Foreclosure Action")).[2] (Docket No. 7). In response to Plaintiffs' correspondence, which included several requests, the Clerk of Court reissued Summonses as to Defendants. (Docket No. 8). Because Plaintiffs' correspondence was unclear overall and raised questions regarding Plaintiffs' intentions in filing this action, the Court issued an Order indicating as follows:

> [T]he Court having received and reviewed Plaintiffs' "Correspondence to the Court" (Docket No. 7), and it being unclear to the Court if Plaintiffs intended

---

[2]   The Foreclosure Action is listed as a related case on the Civil Cover Sheet in this case. (Docket No. 1-1, § VIII).

to file a new lawsuit or remove an action from the Butler County Court of Common Pleas, it is ORDERED as follows:

1. If Plaintiffs intended to file a new complaint as this case is filed, then they shall make service of the filed complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure . . . .

2. If Plaintiffs intended to remove an action from the Butler County Court of Common Pleas, they will need to file a proper Notice of Removal pursuant to 28 U.S.C. § 1446.

(Docket No. 9 (Order of Court issued on June 12, 2023)).

Thereafter, Plaintiffs did not file a Notice of Removal, and on July 25 and 26, 2023, Defendants filed their motion to dismiss and related documents. (Docket Nos. 10-13). In accordance with the instructions set forth in the Court's June 12, 2023, Order, since no Notice of Removal had been filed but Defendants had filed a motion to dismiss, it appeared that Plaintiffs did not intend to remove an action from state court and that they did intend to commence a new lawsuit with the filing of the Complaint in this matter. Therefore, the Court issued a briefing schedule as to Defendants' motion to dismiss. (Docket No. 14). On July 26, 2023, the Court received new correspondence from Plaintiffs indicating, among other things, that: (1) "NO," they do not intend to file a new lawsuit; (2) Defendants had been properly served with the Complaint so the new Summonses were not needed; (3) Defendants did not answer the Complaint and ignored the order to meet to confer "after the plaintiffs moved the counterclaim from state court to district court;" and (4) Defendants "ignored the removal action." (Docket No. 15 at 1, 2). Along with such correspondence, Plaintiffs filed two motions, a "Motion [to] Avoid Summary Judg[]ment Lien in Per[son]al Liability, Violation of 11 USC 524 – Effect of Discharge Disguised In Rem Action 'Wrongful Mortgage For[e]closure'" (Docket No. 16 ("Motion to Avoid Summary Judgment Lien")), and a "Motion [to] Enter Default Ju[d]gment in Accordance with Rule 55 Federal Rules of Civil Procedure" (Docket No. 17 ("Motion for Default Judgment")).

3

On August 9, 2023, in response to the Court's Order of June 12, 2023, the Court received correspondence from Plaintiffs, which also included Plaintiffs' response to Defendants' motion to dismiss (Docket No. 18-2), updated versions of Plaintiffs' Motion to Avoid Summary Judgment Lien (Docket No. 20) and Motion for Default Judgment (Docket No. 19), and a "Motion [by] Debtor-in-Possession (DIP) [to] Re-Open Bankruptcy Case No. 21-20642-GLT Violation, 11 USC 524 – Effect of Discharge" (Docket No. 21 ("Motion to Re-Open Bankruptcy Case")).  Since that time, Plaintiffs have repeatedly sent correspondence to the Court enclosing hundreds of pages of documents, most of which relate to the Foreclosure Action in Butler County.  (Docket Nos. 22, 23, 24, 26, 27, 28, 29, 30).  Defendants also filed a response to Plaintiffs' Motion for Default Judgment (Docket No. 25), and a response to all of Plaintiffs' motions (Docket No. 31).

The parties' motions are ripe for decision by the Court.

## II.   DISCUSSION

In moving to dismiss the Complaint, Defendants argue that Plaintiffs do not state a plausible claim under 42 U.S.C. § 1983 because Plaintiffs have not alleged the deprivation of civil rights by one acting under color of law or state authority.  According to Defendants' reasoning, to the extent Plaintiffs purportedly allege a violation of Section 1983, their Complaint (which seeks to reargue the Foreclosure Action) should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[3]

In considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the

---

[3] Defendants also argue that the Complaint can be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(2) because Plaintiffs are merely attempting to reargue the Foreclosure Action under state law, an action over which the Court does not have subject matter jurisdiction.  Since the Complaint is so unclear, however, the Court is unable to discern whether Plaintiffs are merely rearguing the Foreclosure Action as Defendants contend.  Mindful of Plaintiffs' *pro se* status and giving Plaintiffs the benefit of the doubt at this juncture, the Court notes that, to the extent Plaintiffs are pursuing a claim under Section 1983, the Court does have subject matter jurisdiction over such claims under 28 U.S.C. § 1331.

plaintiff, and the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). While Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555). Moreover, while this standard "does not require 'detailed factual allegations,'" Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). Moreover, the requirement that a court accept as true all factual allegations does not extend to legal conclusions; thus, a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

To review a complaint under this standard, the Court proceeds in three steps. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, the Court notes the elements of a

claim.  *See id.* (quoting *Iqbal*, 556 U.S. at 675).  Second, the Court eliminates conclusory allegations.  *See id.* (quoting *Iqbal*, 556 U.S. at 679).  And finally, the Court assumes the well-pleaded facts that are left are true and assesses "'whether they plausibly give rise to an entitlement to relief.'"  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Additionally, although courts must generally construe *pro se* pleadings liberally, courts are not required to accept legal conclusions disguised as statements of fact, unsupported conclusions, or unwarranted inferences.  *See Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Thus, "a pro se complaint must still contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Wallace v. Fegan*, 455 F. App'x 137, 139 (3d Cir. 2011) (internal quotation marks and citation omitted).

Section 1983 is the "vehicle for imposing liability against anyone who, under color of state law, deprives a person of 'rights, privileges, or immunities secured by the Constitution and laws.'"  *Grammer v. John J. Kane Reg'l Ctrs.-Glen Hazel*, 570 F.3d 520, 525 (3d Cir. 2009) (quoting *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980), and 42 U.S.C. § 1983).  Section 1983 does not create substantive rights by its own terms, but it instead provides remedies for violations of rights that are established elsewhere in the Constitution or in federal law.  *See Kneipp v. Tedder,* 95 F.3d 1199, 1204 (3d Cir.1996).  In order to establish a claim under Section 1983, two criteria must be met:  1) the conduct complained of must have been committed by a person acting under color of state law; and 2) the conduct must deprive the plaintiff of rights secured under the Constitution or federal law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 590 (3d Cir.1998).

Although, as previously noted, the allegations in Plaintiffs' Complaint are unclear, the Court is mindful of Plaintiffs' *pro se* status and, as best the Court can discern, the Complaint

alleges that Defendants violated Plaintiffs' civil rights in foreclosing on their home. In moving to dismiss the Complaint, Defendants argue that, even if all the factual allegations are accepted as true and are construed in the light most favorable to Plaintiffs, the Complaint simply does not aver that the conduct complained of was committed by a person acting under color of state law. Defendants assert – and Plaintiffs do not allege in the Complaint or argue otherwise – that Defendants are all either private entities or individuals, and that none of them act under color of state law or state or local authority. Thus, Defendants contend that, without allegations of action under color of law or state or local authority, Plaintiffs have not alleged sufficient factual matter to state a plausible claim under Section 1983, and the Complaint should be dismissed.

Upon consideration of the Complaint in its entirety, the Court agrees that Plaintiffs do not aver any facts indicating that Defendants were acting under color of state law or state or local authority in engaging in the conduct alleged. There are no allegations that Defendants have some relationship to a state or local legal authority, nor that Defendants are employed by or affiliated with (directly or indirectly) any state or municipal authority, nor that any Defendant acted under the authority of any governmental entity. Absent any allegations showing some connection to or colorable relationship between Defendants and state, local or any governmental authority, even assuming the other factual allegations are true and construing them in the light most favorable to Plaintiffs, the Court finds that the allegations in the Complaint do not plausibly give rise to an entitlement to relief under Section 1983 because there are no facts from which the Court could draw the reasonable inference that Defendants were acting under color of state law. Accordingly, the Court agrees that the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

Additionally, the Court notes that, based on Plaintiffs' correspondence and filings, it remains unclear whether Plaintiffs, in filing this case, intended to remove an action (presumably the Foreclosure Action or some portion thereof, such as Roman's Counterclaim therein) to this Court. Initially, Plaintiffs indicated on the Civil Cover Sheet in this matter that this case had been "Removed from State Court," and they cited the Foreclosure Action as a related case. (Docket No. 1-1, §§ V, VIII). Also, among the statutes cited in the Complaint is 28 U.S.C. § 1441 (Removal of Civil Actions), and the Complaint states that "[t]he basis of this complaint is a federal question case request to move the entire State Case No. AD-2022-10337 from the Butler Common Pleas Court." (Docket No. 1, ¶¶ 6, 7). As noted, *supra*, Plaintiffs also indicated to the Court in their July 26, 2023, correspondence that they do not intend to file a new lawsuit, that Defendants did not answer the Complaint and ignored the order to meet to confer "after the plaintiffs moved the counterclaim from state court to district court," and that Defendants "ignored the removal action." (Docket No. 15 at 1, 2). However, Plaintiffs later contradict these indications of their intention to remove a case when, in responding to Defendants' motion to dismiss, Plaintiffs assert, "Clarification AD-2022-10337 state case [the Foreclosure Action] is not related or combined in any way to the district case 2:23-cv-0308-WSH." (Docket No. 18-2 at 1).

Regardless of the conflicting statements and apparent confusion regarding removal, to the extent Plaintiffs may have intended to remove the Foreclosure Action (or some portion thereof) to this Court, no such removal has been effected here. Notably, "Defendants may remove civil actions from state court to federal court so long as the district court would have had subject-matter jurisdiction had the case been originally filed before it." *McLaren v. The UPS Store Inc*, 32 F.4th 232, 236 (3d Cir. 2022) (citing 28 U.S.C. § 1441). Furthermore:

> Two thirty-day clocks limit the time within which a defendant may remove a case. [28 U.S.C.] § 1446. First, under § 1446(b)(1), a defendant has thirty days

8

to file a notice of removal "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." Second, "if the case stated by the initial pleading is not removable," then, under § 1446(b)(3), a case may be removed within thirty days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Subsection (b)(3) "is an exception to" (b)(1), in that it only applies if the initial pleading did not give defendant notice of removability. *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208-09 (3d Cir. 2014). Each provision, however, is triggered only when the defendant receives a particular document: in (b)(1) the initial pleading, and in (b)(3) an amended pleading, motion, order, or other paper. If either provision is triggered, removal after thirty days is prohibited. *See Roth v. CHA Hollywood Med. Ctr. L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (holding that 28 U.S.C. §§ 1441 and 1446 "permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines [in § 1446(b)]").

*Id.*

Therefore, assuming that the Foreclosure Action was removable to this Court, Plaintiffs were required to file a Notice of Removal within 30 days after receipt of the initial pleading in the Foreclosure Action. Here, Roman filed her Answer and Counterclaims in the Foreclosure Action in Butler County Common Pleas Court on September 29, 2022 (Docket No. 11-2), and Plaintiffs filed their Complaint in this case on February 27, 2023 (Docket No. 1), so the time to remove the Foreclosure Action has clearly passed. Moreover, the Court, in its Order of June 12, 2023, clearly instructed Plaintiffs that if they intended to remove an action from the Butler County Court of Common Pleas, they would need to file a proper Notice of Removal pursuant to 28 U.S.C. § 1446 (Docket No. 9), and thereafter Plaintiffs did not file any Notice of Removal. Accordingly, to the extent Plaintiff(s) may have intended to remove the Foreclosure Action to this Court, they have not done so, and the time within which they may have been able to do so has passed.[4]

---

[4] Plaintiffs also indicate in their Complaint that the Foreclosure Action involves citizens from different states and an amount in controversy in excess of $75,000 (Docket No. 1, ¶ 8), and in responding to Defendants' motion to dismiss, Plaintiffs cite, among other things, to "28 U.S. Code § 1332 - Diversity of citizenship; amount in controversy; costs" (Docket No. 18-2, ¶ 25). Diversity of citizenship has been construed routinely to mean that the plaintiff must

9

Therefore, because Plaintiffs have failed to state a plausible claim under Section 1983, Plaintiffs' Complaint will be dismissed without prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Since Plaintiffs' Complaint will be dismissed, Plaintiffs' Motions to Avoid Summary Judgment Lien, Motions for Default Judgment, and Motion to Re-Open Bankruptcy Case will all be denied as moot.

### III.  CONCLUSION

Accordingly, for the reasons stated, Defendants' Motion to Dismiss is granted, and Plaintiffs' Complaint in its entirety is dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Additionally, Plaintiffs' motions are denied as moot.

### ORDER OF COURT

AND NOW, this 7th day of December, 2023, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12 (Docket No. 11) is GRANTED, and Plaintiffs' Complaint in its entirety is DISMISSED WITHOUT PREJUDICE, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

---

have complete diversity of citizenship from all the defendants, such that every plaintiff must reside in a different state from every defendant. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). In fact, Plaintiffs concede that they "never declared complete diversity." (Docket No. 18-2, ¶ 18). Moreover, the Court notes that, to the extent Plaintiffs might wish to argue in connection with the Foreclosure Action that the Court has jurisdiction based on diversity of citizenship, Plaintiffs have not, and cannot, satisfy the diversity requirement because there is not complete diversity of citizenship among the parties to that case. Defendant M&T Bank maintains a principal place of business in New York, Defendant Kishbaugh resides in New Jersey, Defendant KML Law Group, P.C. has its principal place of business in Philadelphia, Pennsylvania, and Plaintiff Roman is a resident of Butler County, Pennsylvania. (Docket Nos. 1, ¶¶ 1-3; 11, ¶ 8). Thus, both Roman and Defendant KML Law Group, P.C. have their principal place of business/residence in Pennsylvania.

IT IS FURTHER ORDERED that Plaintiffs' "Motion[s] to Avoid Summary Judg[]ment Lien in Per[son]al Liability, Violation of 11 USC 524 – Effect of Discharge Disguised In Rem Action 'Wrongful Mortgage For[e]closure'" (Docket Nos. 16, 20), Plaintiffs' "Motion[s] [to] Enter Default Ju[d]gment in Accordance with Rule 55 Federal Rules of Civil Procedure" (Docket Nos. 17, 19), and Plaintiffs' "Motion [by] Debtor-in-Possession (DIP) [to] Re-Open Bankruptcy Case No. 21-20642-GLT Violation, 11 USC 524 – Effect of Discharge" (Docket No. 21) are all DENIED AS MOOT.

IT IS FURTHER ORDERED that if Plaintiffs choose to file an Amended Complaint, then they shall do so by **January 8, 2024**, in which case Defendants shall respond thereto by **February 7, 2024**. If Plaintiffs do not file an Amended Complaint by **January 8, 2024**, then Plaintiffs' Complaint will be dismissed with prejudice.

        *s/ W. Scott Hardy*
        W. Scott Hardy
        United States District Judge

cc/ecf: All counsel of record
       Joanne Marie Roman (via U.S. Mail)
       Carmelo Roman Torres (via U.S. Mail)
       JMR (via U.S. Mail)
       JG (via U.S. Mail)