# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOANNE MARIE ROMAN,                     )
                                        )
                        Plaintiff,      )
                                        )
            v.                          )    Civil Action No. 23-308
                                        )
M&T BANK et al.,                        )
                                        )
                        Defendants.     )

## MEMORANDUM OPINION

Presently before the Court are two motions to dismiss the Amended Complaint and briefs in support, filed by Defendants in this matter, and the responses in opposition to such motions, filed by *pro se* Plaintiff Joanne Marie Roman ("Plaintiff"):  (1) Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12 and supporting brief (Docket Nos. 40, 42, 43), filed by Defendants M&T Bank, KML Law Group, P.C., and several individuals named as employees of and/or attorneys for M&T Bank (collectively, the "Bank Defendants"), and Plaintiff's response (Docket No. 48); and (2) Motion to Dismiss the Amended Complaint and supporting brief (Docket Nos. 51, 52), filed by Defendant the Honorable William R. Shaffer ("Judge Shaffer"), and Plaintiff's response (Docket No. 56).  Additionally, Plaintiff has filed a motion entitled, "Motion for Opinion and [Memorandum] Conclusion of Law Findings by the Court Judgment on the Plaintiffs' Specific Independent Claims as Stated in the Entire Complaint Statutory Authority 42 U.S.C. 1983" (Docket No. 57, hereinafter "Motion for Findings by the Court") and supporting brief (Docket No. 58), to which the Bank Defendants have filed a response (Docket No. 65).

For the reasons set forth herein, the motions to dismiss the Amended Complaint filed by the Bank Defendants and by Judge Shaffer will both be granted, and Plaintiff's Motion for Findings by the Court will be denied as moot.

## I.  BACKGROUND

Since the parties are well-acquainted with the factual background of this case, at this juncture the Court will present an abbreviated version of the facts alleged in the Amended Complaint (Docket No. 33).[1]  This case arises out of a mortgage foreclosure action that was lodged by M&T Bank against Plaintiff in the Court of Common Pleas of Butler County, Pennsylvania (*M&T Bank v. Joanne M. Roman*, Civ. Action No. AD-2022-10337 (Ct. of Common Pleas of Butler Cnty., Pa.)) (the "foreclosure case").  The original Complaint in this case, filed by Plaintiff, *pro se*, pursuant to 42 U.S.C. § 1983, alleged that Plaintiff's civil rights were violated in the foreclosure case by Bank Defendants M&T Bank and KML Law Group, P.C., and J. Eric Kishbaugh (identified in the Complaint as attorney for M&T Bank).[2]  (Docket No. 1).  The Bank Defendants filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12, and Plaintiff filed a response in opposition.  (Docket Nos. 11, 12, 18).  Plaintiff also filed a number of her own motions at or near that time, including a "Motion [to] Avoid Summary Judg[]ment Lien in Per[son]al Liability, Violation of 11 USC 524 – Effect of Discharge Disguised In Rem Action 'Wrongful Mortgage For[e]closure'" (Docket No. 16, refiled with minor changes and different attachments at Docket No. 20), a "Motion [to] Enter Default Ju[d]gment in Accordance with Rule 55 Federal Rules of Civil Procedure" (Docket No. 17, refiled with minor

---

[1]    The Court notes at the outset that, like Plaintiff's allegations in the original Complaint, the allegations in Plaintiff's Amended Complaint are once again, at best, unclear.

[2]    Plaintiff contends that this Court has subject matter jurisdiction over her claims, which are brought pursuant to 42 U.S.C. § 1983, because they involve a federal question.  (Docket No. 33-1 at 1).  *See* 28 U.S.C. § 1331.

changes and different attachments at Docket No. 19), and a "Motion [by] Debtor-in-Possession (DIP) [to] Re-Open Bankruptcy Case No. 21-20642-GLT Violation, 11 USC 524 – Effect of Discharge" (Docket No. 21).

The Court granted the Bank Defendants' motion to dismiss the Complaint and denied all of Plaintiff's motions at moot, noting that the allegations in the Complaint were "at best, unclear." (Docket No. 32 at 2). In so ruling, the Court also discussed at length several troubling issues in this case, including procedural confusion (such as whether, in filing the present action, Plaintiff intended to remove a case from state court or whether she was attempting to commence a new action), conflicting statements made by Plaintiff in her filings regarding her intentions in filing this matter, and the overall lack of clarity in the Complaint. (Docket No. 32). Accordingly, Plaintiff's Complaint was dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and Plaintiff was afforded an opportunity to amend her pleading. (*Id.* at 10-11). Plaintiff filed her Amended Complaint in which she now names as Defendants, in addition to the original Bank Defendants, several other attorneys for and/or employees of M&T Bank, as well as Judge Shaffer, who presided over the foreclosure case.[3] (Docket No. 33).

---

[3]     The Court notes that, while the Defendants named in the Amended Complaint appear to be largely the same as those named in the original Complaint, Plaintiff has created confusion in her new pleading as to who exactly she intends to name as additional Defendants among the Bank Defendants. Plaintiff clearly names the following three entities/individuals as Defendants on the Amended Complaint's Civil Cover sheet: "M&T Bank, One Fountain Plaza, Buffalo, NY 14203"; "KML Law Group, P.C., Philadlpha, Pittsbrg, PA; San Diego, CA et. al."; and "William R. Shaffer, Sr. Judge, 10th Judicial District Commonwealth, PA." (Docket No. 33-1). In the body of the Amended Complaint, Plaintiff identifies three Defendants in this action: "DEFENDANT No. 1: M&T Bank, One Fountain Plaza, Buffalo NY 14203," "Defendant No. 2 KML Law Group, P.C. et. al., Philadelphia, Pa Headquarters – Law Firm . . . OBLIGE, (official/individual) Michael McKeever, Esquire, Partner, Lead Attorney M&T Bank, and all named defendants," and "Defendant No. 3 Commonwealth, Pennsylvania, Court of Common Pleas of Butler County, PA Civil Division, 10th Judicial District . . . OBLIGE, Honorable William R. Shaffer, Senior Judge Both (official/individual)." (Docket No. 33 at 49, 51, 53).

     Finally, in the caption of the Amended Complaint, Plaintiff lists M&T Bank, KML Law Group, and Judge Shaffer as Defendants, and she also lists several attorneys for and/or employees of M&T Bank (specifically, as "EMPLOYEE(S)," "Eric J. Kishbaugh, Attorney for M&T Bank" ("Kishbaugh"); "Geraldine Linn, Attorney for M&T Bank" ("Linn"); "Danielle M. DiLeva, Attorney for M&T Bank" ("DiLeva"); and "Natalie Rowan, Legal Assistant"

The Bank Defendants have filed their motion to dismiss the Amended Complaint, arguing that Plaintiff has, once again, failed to state a claim against them under Rule 12(b)(6).[4]  Judge Shaffer has also filed his motion to dismiss the Amended Complaint, arguing pursuant to Rules 12(b)(1) and 12(b)(6) that:  (1) to the extent Plaintiff alleges claims against him in his official capacity, such claims are barred by the Eleventh Amendment of the Constitution of the United States; and (2) to the extent Plaintiff alleges claims against him in his individual capacity, he is entitled to judicial immunity.  As noted, Plaintiff has also filed her Motion for Findings by the Court.  Responses to all motions have been filed by the opposing parties, and the parties' motions are ripe for decision by the Court.

## II.    STANDARD OF REVIEW

### A.    Rule 12(b)(1)

Pursuant to Rule 12(b)(1), a defendant may move to dismiss a complaint on account of the Court's "lack of subject-matter jurisdiction."  Rule 12(b)(1) motions challenging jurisdiction are either facial or factual.  *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006).  "A facial attack . . . is an argument that considers a claim on its face and asserts that it is insufficient

---

("DiLeva")).  (Docket No. 33 at 1).  Notably, Michael McKeever, Esq. (the attorney representing the Bank Defendants in this matter) is also listed in the caption of the Amended Complaint.  Additionally, the motion to dismiss the Amended Complaint filed by Attorney McKeever represents that it is filed on behalf of Defendants M&T Bank, KML Law Group, Kishbaugh, Linn, DeLeva, and Rowan (but not himself), yet that motion also states that "[n]o new parties were named as defendants" in the Amended Complaint.  (Docket No. 42 at 1, 3).  It is therefore unclear whether Plaintiff intends to include Kishbaugh, Linn, DiLeva, and Rowan (and perhaps McKeever) as separate named Defendants in this matter, whether such individuals are simply identified as employees of and/or attorneys for M&T Bank, or whether Plaintiff mistakenly believes that parties' attorneys should be listed in the caption (they should not be).

Therefore, for purposes of clarity at this juncture, and viewing the Amended Complaint in the light most favorable to Plaintiff, the Court will consider M&T Bank and KML Law Group, P.C., as well as Kishbaugh, Linn, DiLeva, and Rowan, collectively, to be the "Bank Defendants."

[4]    The Court notes that the Bank Defendants' motion to dismiss the Amended Complaint refers to Rules 12(b)(1), 12(b)(2), and 12(f), but their brief in support seeks dismissal pursuant to Rule 12(b)(6).  Such brief also notes the lack of diversity of citizenship among the parties, although Plaintiff states that the basis of the Court's jurisdiction here is federal question jurisdiction, not diversity jurisdiction.  As the Bank Defendants' brief is supported by supporting discussion and citation to law, while the motion is not, the Court herein considers the motion to dismiss the Amended Complaint in the context of Rule 12(b)(6).

to invoke the subject matter jurisdiction of the court . . . ." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). A facial attack asserts that a claim "is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present." *Id.* at 358. A facial attack "can occur before the moving party has filed an answer or otherwise contested the factual allegations of the complaint." *Id.* Conversely, a factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Constitution Party of Pa.*, 757 F.3d at 358).

Here, to the extent Judge Shaffer seeks dismissal of Plaintiff's claims pursuant to Rule 12(b)(1), he is making a facial challenge, arguing that Eleventh Amendment immunity bars such claims.[5] When analyzing a facial attack on subject-matter jurisdiction, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). "Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Constitution Party of Pa.*, 757 F.3d at 358 (citing *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)).

---

[5]      A Rule 12(b)(1) motion is the proper vehicle for asserting Eleventh Amendment immunity because such immunity "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996).

**B. Rule 12(b)(6)**

In considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted)). Moreover, while "this standard does not require 'detailed factual allegations,'" Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

It should be further noted, therefore, that in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). Moreover, the requirement that a court accept as true all

factual allegations does not extend to legal conclusions; thus, a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted)).

To review a complaint under this standard, the Court proceeds in three steps. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  First, the Court notes the elements of a claim. *See id.* (citing *Iqbal*, 556 U.S. at 675).  Second, the Court eliminates conclusory allegations. *See id.* (citing *Iqbal*, 556 U.S. at 679).  And finally, the Court assumes the remaining well-pleaded facts are true and assesses "'whether they plausibly give rise to an entitlement to relief.'"  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Notably, the Eleventh Amendment does not bar claims against state officials for actions taken in their individual capacities. *See Jones v. Wetzel*,  Civ. Action No. 17-5121, 2018 WL 1322045, at *3 (E.D. Pa. Mar. 14, 2018).  Therefore, to the extent Plaintiff's claims are asserted against Judge Shaffer in his individual capacity, the Court has jurisdiction over claims for individual liability, subject to overcoming Judge Shaffer's motion brought pursuant to Rule 12(b)(6).  *See id.*

### C. *Pro Se* **Pleadings**

Although courts must generally construe *pro se* pleadings liberally pursuant to Rule 8(a)(2), courts are not required to accept legal conclusions disguised as statements of fact, unsupported conclusions, or unwarranted inferences. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007).  "[A] pro se complaint must still contain factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wallace v. Fegan*, 455 F. App'x 137, 139 (3d Cir. 2011) (internal quotation marks and citation omitted).  Thus, "pro se litigants still must allege sufficient facts in their complaints to support a

claim," and "they cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (internal citations omitted).

### III.    DISCUSSION

#### A.    The Bank Defendants' Motion to Dismiss

Plaintiff's Amended Complaint, like her original Complaint, is filed pursuant to 42 U.S.C. § 1983 and alleges, in essence, that the Bank Defendants violated her civil rights in the course of litigating the underlying foreclosure case. As the Court previously indicated in ruling on the Bank Defendants' motion to dismiss Plaintiff's Complaint, "Section 1983 is the 'vehicle for imposing liability against anyone who, under color of state law, deprives a person of "rights, privileges, or immunities secured by the Constitution and laws."' *Grammer v. John J. Kane Reg'l Ctrs.-Glen Hazel*, 570 F.3d 520, 525 (3d Cir. 2009) (quoting *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980), and 42 U.S.C. § 1983)." (Docket No. 32 at 6). The Court further explained in its opinion that, to establish a claim under Section 1983, the following two criteria must be met: "1) the conduct complained of must have been committed by a person acting under color of state law; and 2) the conduct must deprive the plaintiff of rights secured under the Constitution or federal law." (Docket No. 32 at 6 (citing *West v. Atkins*, 487 U.S. 42, 48 (1988); *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 590 (3d Cir.1998))).

In their prior motion to dismiss, the Bank Defendants argued that, even accepting all factual allegations in the Complaint as true and construing them in the light most favorable to Plaintiff, the Complaint simply did not aver that the conduct complained of was committed by a person *acting under color of state law*. The Bank Defendants asserted at that time – and Plaintiff did not allege in the Complaint or argue otherwise – that they are all either private entities or individuals,

and that none of them act under color of state law or state or local authority. The Bank Defendants further contended that, therefore, without allegations of action under color of law or state or local authority, Plaintiff did not allege sufficient factual matter to state a plausible claim pursuant to Section 1983, and dismissal of the Complaint was appropriate.

In granting the Bank Defendants' first motion to dismiss, the Court specifically indicated the reasons for Plaintiff's failure to state a claim, as follows:

> Upon consideration of the Complaint in its entirety, the Court agrees that Plaintiffs do not aver any facts indicating that Defendants were acting under color of state law or state or local authority in engaging in the conduct alleged. There are no allegations that Defendants have some relationship to a state or local legal authority, nor that Defendants are employed by or affiliated with (directly or indirectly) any state or municipal authority, nor that any Defendant acted under the authority of any governmental entity. Absent any allegations showing some connection to or colorable relationship between Defendants and state, local or any governmental authority, even assuming the other factual allegations are true and construing them in the light most favorable to Plaintiffs, the Court finds that the allegations in the Complaint do not plausibly give rise to an entitlement to relief under Section 1983 because there are no facts from which the Court could draw the reasonable inference that Defendants were acting under color of state law. Accordingly, the Court agrees that the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

(Docket No. 32 At 7). The Court dismissed the Complaint without prejudice, however, and permitted Plaintiff to file an Amended Complaint in order to cure these pleading deficiencies.

Now, in their second motion to dismiss, the Bank Defendants argue that Plaintiff's Amended Complaint suffers from the same defect as the initial Complaint, and that Plaintiff again fails to state a plausible claim under Section 1983 because she has not alleged the deprivation of civil rights *by one acting under color of law or state authority*. *See Sameric Corp. of Del. v. City of Phila.*, 142 F.3d at 590. The Bank Defendants argue – again – that they are all private individuals or entities, that none is employed by or otherwise acts under color of state law or state or local authority, and that Plaintiff has not pled otherwise. Therefore, the Bank Defendants

conclude that this critical precondition to the establishment of a Section 1983 claim remains absent in the Amended Complaint. According to the Bank Defendants, to the extent Plaintiff purportedly alleges a violation of Section 1983, her Amended Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In opposing the Bank Defendants' motion, Plaintiff argues that she does not have to aver that Defendants acted wrongfully under color of state law, since the foreclosure complaint "was filed under the color of state law in Pennsylvania (not New York) and the judgment was obtained under the color Pennsylvania state law." (Docket No. 48 at 18). Moreover, Plaintiff asserts repeatedly that the Bank Defendants' use of the state court system – specifically, to proceed against her in a mortgage foreclosure action – constitutes action under color of state law or local authority sufficient to state a Section 1983 claim. However, Plaintiff has cited no authority to support her argument, nor does the Court agree with her bald assertion that an entity's use of the state court system to pursue a claim constitutes that entity acting under color of state law or other government authority. The Court therefore agrees with the Bank Defendants that Plaintiff has, again in her Amended Complaint, failed to allege a relationship by employment or affiliation between a state or local government authority and the person or entity depriving her of civil rights. Because Plaintiff has failed to cure the defect that was previously identified by the Court in affording her leave to amend her claims, she has again failed to state a claim upon which relief can be granted. Accordingly, the Court will grant the Bank Defendants' motion and will dismiss Plaintiff's claims against them pursuant to Rule 12(b)(6).

Having determined that Plaintiff has once more failed to state any plausible claims for relief against the Bank Defendants in her Amended Complaint, the Court must decide whether to dismiss such claims with prejudice. The Court may give leave to amend "when justice so requires." Fed.

R. Civ. P. 15(a)(2). However, futility can justify refusing leave to amend. *See Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)). The Court notes that Plaintiff has filed two lengthy complaints,[6] various related motions, as well as numerous additional documents for the Court's consideration, totaling in sum thousands of pages of filed materials at an early procedural juncture in this case. Additionally, the Court has already granted Plaintiff leave to amend her Complaint in this matter once and, in doing so, the Court provided Plaintiff with clear instructions regarding the need to plead state action on the part of Defendants in order to state claims under Section 1983. Plaintiff did not amend her allegations in that regard, and she instead offers a theory as to why her allegations – essentially unchanged in this regard from the original allegations – show state action on the part of the Bank Defendants. The Court has explained, *supra*, that Plaintiff's theory is not valid to show the requisite state action under Section 1983.

Additionally, despite the Court having dismissed the Complaint and having ordered Plaintiff to file an Amended Complaint, Plaintiff indicates in her brief opposing the Bank Defendants' motion to dismiss that, "[t]he amended complaint is not the full complaint," and that she "must use the original and its own documents used in the state case to show what happened under the color of state law to fully explain the wrongful actions that occurred . . . ." (Docket No. 48 at 4). Plaintiff further states that she "amended the complaint adding pages 1 to 67," and that "[t]he amended complaint should be referred to as Part 2 (in whole) read together is the (entire complaint)." (*Id.*). Thus, Plaintiff appears to erroneously think that the Complaint together with

---

[6]     The Court notes that Plaintiff's original Complaint is 17 pages long and her Amended Complaint is 65 pages long, and although the documents were submitted in an extremely small typeface font and do not appear to be double-spaced, the Court accepted both filings despite Plaintiff's failure to comply with Rule 5.1 of the Local Rules of the United States District Court for the Western District of Pennsylvania (regarding paper format requirements that include the use of double-spaced text and a typeface not smaller than twelve (12) point word processing font). However, going forward, Plaintiff shall be expected to abide by such format requirements in all future filings or risk having her filings stricken for being noncompliant with the Local Rules.

the Amended Complaint now form the operative complaint in this matter. That is not so, as the Amended Complaint alone is the operative complaint at this juncture.

In light of these considerations, and mindful of Plaintiff's *pro se* status, the Court, in granting the Bank Defendants' motion to dismiss the Amended Complaint, will afford Plaintiff one final chance to file an amended complaint in this matter. However, Plaintiff is hereby put on notice that if she wishes to file a Second Amended Complaint to correct the substantial pleading deficiencies identified by the Court, she shall do so in a single pleading that fully alleges every claim she wishes to pursue and that stands by itself without reference to the original Complaint or the Amended Complaint.

Accordingly, because Plaintiff has failed to state a plausible claim under Section 1983 against the Bank Defendants, her claims against the Bank Defendants will be dismissed, without prejudice, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**B. Judge Shaffer's Motion to Dismiss**

In her Amended Complaint, Plaintiff also avers additional Section 1983 claims against a new Defendant, Judge Shaffer of the Court of Common Pleas of Butler County, Pennsylvania, who oversaw the state court foreclosure action upon which Plaintiff's claims here are based. Plaintiff brings her claims against Judge Shaffer in both his official and individual capacities, alleging that he violated her civil rights while acting in his role as the judge in the foreclosure action. In moving to dismiss Plaintiff's claims, Judge Shaffer argues, among other things, that Plaintiff's official capacity claims against him are barred by Eleventh Amendment immunity, and those claims should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Judge Shaffer also argues that Plaintiff's individual capacity claims against him are barred by the doctrine of absolute

judicial immunity, and such claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### 1. **Plaintiff's Official Capacity Claims Against Judge Shaffer**

Judge Shaffer argues that the Court should dismiss Plaintiff's official capacity claims against him because such claims are, in effect, brought against the Court of Common Pleas of Butler County over which he presides, which is a state entity that is entitled to sovereign immunity under the Eleventh Amendment.  *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010); *Chilcott v. Erie Cnty. Domestic Rels.*, 283 F. App'x 8, 10 (3d Cir. 2008); *Marinkovic v. Sinnot*, No. 1:12cv139, 2014 WL 1255886, at *10 (W.D. Pa. Mar. 26, 2014).  Judge Shaffer contends that such official capacity claims should therefore be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

Plaintiff filed a lengthy, rambling response to Judge Shaffer's motion, which the Court, mindful of Plaintiff's *pro se* status, has carefully reviewed and considered.  To the extent Judge Shaffer seeks dismissal pursuant the Rule 12(b)(1), Plaintiff argues, among other things, that "Judge Shaffer is pleading a defense outside of the amended complaint."  (Docket No. 56 at 2).  Plaintiff asserts that the Court does, in fact, have subject matter jurisdiction over this matter because federal courts "have original jurisdiction in their exclusive jurisdiction over bankruptcy cases." (*Id.* at 18 (emphasis in original omitted)).  Plaintiff also states that judges "have absolute immunity unless they totally lack subject-matter or personal jurisdiction in the case." (*Id.* at 19 (emphasis in original omitted)).  Plaintiff, further, implies that Judge Shaffer did not follow the law, so he lost subject matter jurisdiction over her case, and his orders are therefore void.  (*Id.*).

While the Eleventh Amendment bars suits against states in federal court, "[s]uits against state officials in their official capacity . . . should [also] be treated as suits against the State." *Hafer*

*v. Melo*, 502 U.S. 21, 25 (1991); s*ee* U.S. CONST. amend. XI.   Thus, a claim against an officeholder of the Commonwealth of Pennsylvania in his official capacity is, in essence, a claim against the Commonwealth itself and is barred by Eleventh Amendment immunity.  *See Conklin v. Anthou*, 495 F. App'x 257, 263 (3d Cir. 2012).   Moreover, the Court of Appeals for the Third Circuit has indicated that the state courts comprising Pennsylvania's unified judicial system, including the courts of common pleas, are entitled to Eleventh Amendment immunity.  *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 240-41 (3d Cir. 2005).

There are, however, three exceptions to immunity under the Eleventh Amendment: "(1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law." *Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).   The Court notes that the first two exceptions clearly do not apply to this case since Pennsylvania has not waived its Eleventh Amendment immunity from suit in federal court,[7] and since Congress has not abrogated Eleventh Amendment immunity in enacting 42 U.S.C. § 1983.  *See Conklin*, 495 F. App'x at 263 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Wheeling & Lake Erie Ry. Co. v. Public Util. Comm'n of Pa.*, 141 F.3d 88, 91 (3d Cir. 1998); 42 Pa. Cons. Stat. Ann. § 8521(b)).   Therefore, only the third exception to Eleventh Amendment Immunity remains for the Court's consideration.[8]

However, to the extent Plaintiff may seek declaratory and/or injunctive relief, the Amended Complaint does not seek declaratory and injunctive relief from Judge Shaffer in his official

---

[7]     Pennsylvania has specifically withheld consent to suit in federal court.  *See* 42 Pa. Cons. Stat. Ann. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

[8]     The Court is giving Plaintiff the benefit of the doubt in providing such analysis here since she is proceeding *pro se*, but the Court notes that Plaintiff does not specifically address this argument in her brief.

capacity. (Docket No. 33 at 63-65). Additionally, the third exception to Eleventh Amendment Immunity, as articulated in *Ex Parte Young*, 209 U.S. 123 (1908), applies only where a plaintiff alleges an *ongoing* violation of federal law. *See Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.") (internal quotation marks and citations omitted)). Here, the Amended Complaint is based solely upon Judge Shaffer's past conduct during the foreclosure action, including his actions in holding oral argument and issuing rulings and orders. Plaintiff does not allege any facts from which the Court might infer that any similar conduct has since occurred or is anticipated, which would indicate ongoing violations of federal law. *See Surina v. South River Bd. of Educ.*, No. 20-2804, 2022 WL 264464, at *3 (3d Cir. Jan. 27, 2022) (holding that the *Ex Parte Young* exception did not apply where, although the injunctive relief plaintiff sought was phrased in prospective terms, facts were not alleged indicating that the purported violations of constitutional rights were ongoing); *Taylor v. City of Jersey City*, No. 22-457, 2023 WL 6997250, at *4 (D.N.J. Oct. 24, 2023) (holding that claims were barred by the Eleventh Amendment where the plaintiff failed to allege specific facts from which the court might infer that alleged civil rights violations were ongoing). Moreover, to the extent Plaintiff might possibly be seeking a declaration regarding Judge Shaffer's past conduct during the foreclosure action, "the Eleventh Amendment 'does not permit judgments against state officers declaring that they violated federal law in the past.'" *Brown v. Riazzi*, Civil No. 17-708, 2018 WL 2435185, at *4 n.7 (W.D. Pa. May 30, 2018) (quoting *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)).

The Court therefore finds that, in considering the third exception to Eleventh Amendment immunity, the *Ex Parte Young* exception does not apply to Plaintiff's official capacity claims against Judge Shaffer.  Since no exception to Eleventh Amendment immunity exists under the facts alleged in the Amended Complaint, Plaintiff's claims against Judge Shaffer in his official capacity are barred by the Eleventh Amendment.  The Court thus finds that it lacks subject matter jurisdiction over Plaintiff's official capacity claims to the extent they might seek declaratory and/or injunctive relief against Judge Shaffer.  Accordingly, to the extent Plaintiff's Section 1983 claims are brought against Judge Shaffer in his official capacity, such claims will be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

Although a dismissal for lack of subject matter jurisdiction must be "without prejudice," *see Aldossari ex rel. Aldossari v. Ripp*, 49 F.4th 236, 262 (3d Cir. 2022), which typically indicates that a plaintiff may amend her complaint, such dismissal "without prejudice" simply indicates that the claim was not decided on the merits.  Here, however, the Court further finds that, to the extent Plaintiff might wish to amend her official capacity claims against Judge Shaffer, such amendment would be futile and will not be permitted.[9]  *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)) (listing futility among the reasons justifying refusal of leave to amend).

---

[9]      "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).  Plaintiff's official capacity claims against Judge Shaffer are based entirely on allegations that he acted improperly in overseeing the foreclosure action.  As discussed, *supra*, however, the Eleventh Amendment bars Plaintiff's official capacity claims here since, according to the facts averred in her Amended Complaint, she does not seek declaratory or injunctive relief based on an ongoing violation of federal law.  Furthermore, given the basic premise of Plaintiff's case and the applicability of Eleventh Amendment immunity, the Court finds that no set of facts – even if viewed in the light most favorable to Plaintiff – could validate her claims or her requested relief here.

### 2.  **Plaintiff's Individual Capacity Claims against Judge Shaffer**

Plaintiff's Section 1983 claims against Judge Shaffer in his individual capacity, like her official capacity claims, relate to Judge Shaffer's judicial actions in the foreclosure action, including holding oral argument, ruling on motions, and issuing opinions and orders of court.  To the extent Plaintiff alleges individual capacity claims, however, Judge Shaffer argues that he has absolute judicial immunity from suit.  (Docket No. 52 at 9).  Having survived the threshold jurisdictional analysis for such a claim, Judge Shaffer's argument in this regard should be considered as a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  *See Wilson v. Rackmill*, 878 F.2d 772, 776 (3d Cir. 1989) ("In order for the defendants to succeed on a Rule 12(b)(6) dismissal based on absolute immunity, the allegations of appellant's complaint must indicate the existence of absolute immunity as an affirmative defense; the defense must clearly appear on the face of the complaint." (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 at 605–06 (1984)); *see, e.g., Mazzetti v. New Jersey Div. of Child Protection & Permanency*, Civ. No. 14-8134, 2017 WL 1159726, at *11 (D.N.J. Mar. 27, 2017) (considering the issue of absolute judicial immunity in the context of a Rule 12(b)(6) motion).  Additionally, it should be noted that Plaintiff is only permitted to seek monetary damages (rather than equitable relief) for her claims against Judge Shaffer in his individual capacity, and that a state official sued in his individual capacity is a "person" amenable to suit under Section 1983 and, as such, does not enjoy Eleventh Amendment protection.  *See Hafer v. Melo*, 502 U.S. 21, 30-31 (1991).

However, judges have absolute immunity from suit for actions they take in their judicial capacity in cases over which they have jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  In fact, a "'judge will not be deprived of immunity because the action he took was in error, was

done maliciously, or was in excess of his authority.'" *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)).  Accordingly, "only when an action, while judicial in nature, was pursued in 'complete absence of all jurisdiction'" will a judge not be entitled to absolute immunity.  *Richardson v. Wilkinsburg Police Dep't*, Civ. Action No. 16-0129, 2016 WL 4141084, at *4 (W.D. Pa. Aug. 4, 2016) (quoting *Mireles*, 502 U.S. at 12). "This is an especially stringent standard, as it is generally held that, in light of the broad judicial immunity afforded to judges, 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'"  *Id.* (quoting *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000)).

Pennsylvania's courts of common pleas have "unlimited original jurisdiction" over all actions and proceedings, including "all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas."  42 Pa. C.S.A. § 931(a); *see also* Pa. Const. Art. V, §5 (stating that there shall be "one court of common pleas for each judicial district . . . having unlimited original jurisdiction in all cases except as may otherwise be provided by law."). Furthermore, District Courts within the Third Circuit have recognized that common pleas courts have broad jurisdiction.  *See Coulter v. Doerr*, Civ. Action No. 11-1201, 2012 WL 642469, at *4 (W.D. Pa. Feb. 8, 2012); *Dantzler v. Cohen*, Civ. Action No. 22-CV-2522, 2022 WL 3030828, at *4 (E.D. Pa. July 29, 2022); *Strader v. U.S. Bank*, No. 2:19-cv-118-NR, 2020 WL 3447776, at *4 (W.D. Pa. June 24, 2020) (holding that "a judge for the Court of Common Pleas . . . was well within his jurisdiction to rule upon a motion for summary judgment in a mortgage-foreclosure matter and to conduct the oral argument proceedings in a manner that he deemed appropriate.").

Furthermore, presiding over proceedings, conducting hearings, and issuing orders are all considered to be "quintessential judicial functions."  *Silver v. Court of Common Pleas of Allegheny*

*Cnty.*, Civ. A. No. 18-494, 2018 WL 6523890, at *14 (W.D. Pa. Dec. 12, 2018), *aff'd* 802 F. App'x 55 (3d Cir. 2020). As explained, *supra*, Plaintiff alleges that Judge Shaffer violated her civil rights when he held oral argument, ruled on motions, and issued opinions and orders in the foreclosure action. Such acts clearly fall within the jurisdiction of court of common pleas judges, as defined by Pennsylvania law. *See, e.g., Strader*, 2020 WL 3447776, at *4 (finding that, in a foreclosure proceeding, allegations that a judge cut a plaintiff off at oral argument, did not recuse himself when he should have, and ruled against the plaintiff in a summary judgment motion were all acts in the judge's judicial capacity and protected by immunity); *McBride v. PHH Mortgage Corp.*, Civ. Action No. 18-1401, 2019 WL 4605629, at *2, *9 (W.D. Pa. Aug. 28, 2019) (dismissing Section 1983 claims brought against judges based on judicial immunity, where the plaintiff claimed that a common pleas judge failed to act impartially throughout foreclosure proceedings, a judge granted summary judgment in favor of a lienholder without considering the plaintiff's arguments, a judge ordered a sheriff's sale on the plaintiff's property, and the lienholder and its law firm collaborated with judges to foreclose on the property); *Crimone v. McCabe, Weisberg & Conway, P.C.*, No. 2:14-cv-808, 2015 WL 3967825, at *2, *7 (W.D. Pa. June 30, 2015), *aff'd sub nom. Crimone v. Nationstar Mortgage, LLC*, 634 F. App'x 375 (3d Cir. 2016) (finding that a common please judge's entry of orders in foreclosure proceedings were protected by judicial immunity).

Accordingly, the Court finds that Judge Shaffer was acting within his jurisdiction when he engaged in the conduct alleged in the Amended Complaint, and he is therefore protected by absolute judicial immunity against the claims brought against him in his individual capacity for monetary relief. Thus, to the extent Plaintiff's Section 1983 claims are brought against Judge Shaffer in his individual capacity, such claims will be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

As discussed, *supra*, Plaintiff's claims of constitutional violations are based entirely on her allegations concerning Judge Shaffer's judicial acts.  In view of the basic factual premise of the Amended Complaint and the applicability of the absolute judicial immunity doctrine here, the Court finds that Plaintiff cannot allege any set of facts, even if viewed in the light most favorable to her, that could provide her with a valid claim against Judge Shaffer in his individual capacity. *See, e.g., Reardon v. New Jersey*, Civ. No. 13-5363, 2014 WL 2921030, at *6 (D.N.J. June 27, 2014) (holding that since the plaintiff's allegations concerned granting a search warrant and other judicial acts, they are entitled to immunity and allowing amendment of the allegations would be futile); *Shearin v. Delaware*, No. Civ.A. 02-276, 2003 WL 1697540, at *7 (D. Del. Mar. 21, 2003) (holding that allowing the plaintiff to amend her complaint would be futile because judges and judicial officers are entitled to absolute immunity from suit for damages under Section 1983)). Therefore, the Court finds that amendment would be futile as to Plaintiff's Section 1983 claims against Judge Shaffer in his individual capacity, and those claims will be dismissed with prejudice.

### C.  <u>Plaintiff's Motion for Findings by the Court</u>

In her Motion for Findings by the Court, Plaintiff appears to seek a ruling by the Court as to the validity of the claims she alleges in her Amended Complaint.  (Docket No. 57).  Such motion has no basis in law, and Plaintiff is advised that any future motion of a similar nature will be stricken.  Since the Court will be granting the motions to dismiss filed by the Bank Defendants and by Judge Shaffer, and the Amended Complaint will be dismissed in its entirety, Plaintiffs' Motion for Findings by the Court will be denied as moot.

### IV. <u>CONCLUSION</u>

Accordingly, for the reasons stated, the Motions to Dismiss the Amended Complaint filed by the Bank Defendants and by Judge Shaffer will be granted.  Plaintiffs' claims against the Bank

Defendants will be *dismissed without prejudice,* pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiff's official capacity claims against Judge Shaffer will be *dismissed without prejudice,* pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. Plaintiff's individual capacity claims against Judge Shaffer will be *dismissed with prejudice,* pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Additionally, Plaintiff's Motion for Findings by the Court will be *denied as moot.*

An appropriate Order follows.


Dated:  February 24, 2025                          *s/ W. Scott Hardy*
                                                   W. Scott Hardy
                                                   United States District Judge

cc/ecf:  Joanne Marie Roman (via U.S. Mail)
         All counsel of record