**Appeal Docket Sheet**                                                    Superior Court of Pennsylvania

**Docket Number: 319 WDA 2026**

**Page 1 of 5**

**May 26, 2026**

CAPTION

SCANNED

M&T Bank
  v.
Joanne M. Roman
  Appellant

CASE INFORMATION

Initiating Document:            Notice of Appeal

Case Status:                    Decided/Active
Case Processing Status:         May 26, 2026        Awaiting Remittal

Journal Number:

Case Category:                  Civil                          Case Type(s):          Ejectment

CONSOLIDATED CASES                                            RELATED CASES

                                                Docket No / Reason      Type
                                                449 WDA 2026            Related
                                                Same Issue(s)

SCHEDULED EVENT

Next Event Type: Appellant Brief Filed                      Next Event Due Date: June 9, 2026
Next Event Type: Appellant Reproduced Record Filed          Next Event Due Date: June 9, 2026
Next Event Type: Record Remitted                            Next Event Due Date: June 25, 2026

COUNSEL INFORMATION

**Appellant**      **Roman, Joanne M.**
IFP Status:            No
Pro Se:               Yes
        Pro Se:            Joanne M. Roman
        Address:           102 Artlee Avenue
                           Butler, PA 16001

**Appellee**      **M&T Bank**
IFP Status:
Pro Se:               No
        Attorney:          McKeever, Michael Timothy
        Law Firm:          KML Law Group, PC
        Address:           Kml Law Group Pc
                           701 Market St Ste 5000
                           Philadelphia, PA 19106-2515
        Phone No:          (610) 662-4798            Fax No:

        Attorney:          Duffy, Sean Michael
        Law Firm:          KML Law Group, PC
        Address:           Kml Law Group
                           701 Market St Ste 5000
                           Philadelphia, PA 19106
        Phone No:          (215) 627-1322            Fax No:

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

**Appeal Docket Sheet**                                              **Superior Court of Pennsylvania**

**Docket Number:  319 WDA 2026**

**Page 2 of 5**

**May 26, 2026**



FEE INFORMATION.

| Fee Dt | Fee Name | Fee Amt | Receipt Dt | Receipt No | Receipt Amt |
|--------|----------|---------|------------|------------|-------------|
| 03/06/2026 | Notice of Appeal | 91.25 | 03/06/2026 | 2026-SPR-W-000196 | 91.25 |

AGENCY/TRIAL COURT INFORMATION

| | | | |
|---|---|---|---|
| Order Appealed From: | February 26, 2026 | Notice of Appeal Filed: | March 4, 2026 |
| Order Type: | Order Dated | | |
| Documents Received: | March 6, 2026 | | |

| | | | |
|---|---|---|---|
| Court Below: | Butler County Court of Common Pleas | | |
| County: | Butler | Division: | Butler County Civil Division |
| Judge: | Streib, Kelley T.D. | OTN: | |
| Docket Number: | ED 2025-30134 | Judicial District: | 50 |

ORIGINAL RECORD CONTENT

| Original Record Item | Filed Date | Content Description |
|---|---|---|
| Original Record | April 30, 2026 | 5 Parts |
| Trial Court Opinion | April 30, 2026 | |

**Date of Remand of Record:**

BRIEFING SCHEDULE

| **Appellant** | **Appellee** |
|---|---|
| Roman, Joanne M. | M&T Bank |
| Brief | Brief |
| Due: June 9, 2026    Filed: | |

Reproduced Record
Due: June 9, 2026    Filed:

DOCKET ENTRY

| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
|---|---|---|---|
| March 6, 2026 | Notice of Appeal Docketed | | |
| | | Appellant | Roman, Joanne M. |
| March 6, 2026 | Application to Stay | | |
| | | Appellant | Roman, Joanne M. |
| March 6, 2026 | Docketing Statement Exited (Civil) | | |
| | | | Superior Court of Pennsylvania |
| March 12, 2026 | Other | | |
| | | Appellant | Roman, Joanne M. |
| | Document Name: Supplement to Application to Stay | | |
| March 20, 2026 | Docketing Statement Received (Civil) | | |
| | | Appellant | Roman, Joanne M. |
| March 30, 2026 | Application to Stay | | |
| | | Appellant | Roman, Joanne M. |
| April 4, 2026 | Application for Emergency Relief | | |
| | | Appellant | Roman, Joanne M. |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

**Appeal Docket Sheet**

**Superior Court of Pennsylvania**

**Docket Number: 319 WDA 2026**

Page 3 of 5

May 26, 2026



**DOCKET ENTRY**

| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
|---|---|---|---|
| **April 4, 2026** | Other | | |
| | | Appellant | Roman, Joanne M. |
| **April 4, 2026** | Other | | |
| | | Appellant | Roman, Joanne M. |
| **April 4, 2026** | Other | | |
| | | Appellant | Roman, Joanne M. |
| **April 4, 2026** | Other | | |
| | | Appellant | Roman, Joanne M. |
| **April 4, 2026** | Other | | |
| | | Appellant | Roman, Joanne M. |
| **April 4, 2026** | Other | | |
| | | Appellant | Roman, Joanne M. |
| **April 4, 2026** | Other | | |
| | | Appellant | Roman, Joanne M. |
| **April 4, 2026** | Other | | |
| | | Appellant | Roman, Joanne M. |
| **April 6, 2026** | Order Denying Application for Emergency Relief | | |
| | | | Per Curiam |

Comment: Upon consideration of pro se Appellant Joanne M. Roman's April 4, 2026 application for emergency relief, this Court observes that Appellant appeals the February 26, 2026 order granting Appellee M&T Bank's motion to reactive case and confirm judgment, vacating the September 11, 2025 judgment, confirming the June 3, 2025 judgment, and ordering that Appellee may proceed in the ejectment proceedings and permit Appellee to issue a writ of possession and proceed with lockout proceedings of the subject property. This Court further observes that Appellant seeks a stay of the writ of possession issued in the underlying matter on April 1, 2026.

In her application, Appellant fails to argue that issuance of stay will not substantially harm other interested parties in proceedings and that issuance of a stay will not adversely affect public interest. Accordingly, the application for stay is DENIED because Appellant fails to argue and satisfy the third and fourth factors required to seek a stay. Pennsylvania Pub. Util. Comm'n v. Process Gas Consumers Group, 467 A. 2d 805, 808-09 (Pa. 1983) (holding that petitioner seeking stay pending appeal must make strong showing of likelihood to prevail on merits; that without requested relief, petitioner will suffer irreparable injury; that issuance of stay will not substantially harm other interested parties in proceedings; and that issuance of stay will not adversely affect public interest).

Accordingly, the March 6, 2026 and March 31, 2026 applications to stay filed by Appellant are DENIED as moot.

| **April 8, 2026** | Application to Stay | | |
|---|---|---|---|
| | | Appellant | Roman, Joanne M. |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

**Appeal Docket Sheet**                                         **Superior Court of Pennsylvania**

**Docket Number: 319 WDA 2026**

**Page 4 of 5**

**May 26, 2026**



## DOCKET ENTRY

| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
|---|---|---|---|
| April 13, 2026 | Entry of Appearance - Private M&T Bank | Appellee | Duffy, Sean Michael |
| April 17, 2026 | Application to Quash Appeal | Appellee | M&T Bank |
| April 29, 2026 | Answer to Application to Quash Appeal | Appellant | Roman, Joanne M. |
| April 29, 2026 | Application for Relief | Appellant | Roman, Joanne M. |
| April 29, 2026 | Application for Relief | Appellant | Roman, Joanne M. |
| April 29, 2026 | Other | Appellant | Roman, Joanne M. |
| April 30, 2026 | Trial Court Record Received | | Butler County Civil Division |
| April 30, 2026 | Briefing Schedule Issued | | Superior Court of Pennsylvania |
| April 30, 2026 | Trial Court Opinion Received | | Butler County Civil Division |
| May 13, 2026 | Application to Proceed In Forma Pauperis | Appellant | Roman, Joanne M. |
| May 13, 2026 | Application for Consolidation | Appellant | Roman, Joanne M. |
| May 26, 2026 | Order Granting Application to Dismiss | | Per Curiam |

Comment: Upon consideration of the April 17, 2026, "Application to Quash Appeal,"
(treated as "Application to Dismiss") filed by Appellee M&T Bank, plaintiff
below, and the response filed thereto by pro se Appellant Joanne M. Roman,
the application is GRANTED and the appeal is DISMISSED as moot.
All pending applications are DISMISSED as moot.

## DISPOSITION INFORMATION

| | | | |
|---|---|---|---|
| Final Disposition: | Yes | | |
| Related Journal No: | | Judgment Date: | |
| Category: | Disposed Before Decision | Disposition Author: | Per Curiam |
| Disposition: | Order Granting Application to Dismiss | Disposition Date: | May 26, 2026 |

Disposition Comment:   Upon consideration of the April 17, 2026, "Application to Quash Appeal,"
(treated as "Application to Dismiss") filed by Appellee M&T Bank, plaintiff
below, and the response filed thereto by pro se Appellant Joanne M. Roman,
the application is GRANTED and the appeal is DISMISSED as moot.
All pending applications are DISMISSED as moot.

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

**Appeal Docket Sheet**

**Superior Court of Pennsylvania**

**Docket Number:  319 WDA 2026**

**Page 5 of 5**

**May 26, 2026**

DISPOSITION INFORMATION

Dispositional Filing:

Filing Author:

Filed Date:

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.



Joanne M. Roman,                              :        IN THE SUPERIOR COURT OF
                    Appellant                 :        PENNSYLVANIA
                                              :        WESTERN DISTRICT
                    vs.                       :
                                              :
M&T Bank,                                     :        No. 319 WDA 2026
                    Appellee                  :        Related No. 449 WDA 2026
                                              :
Lower Court No: ED 2025-30134                 :
Lower Court No: CP 2023-21203                 :

## PROPOSED ORDER

**AND NOW**, this _____ day of _____, 2026, upon consideration

of Appellee's Motion to Quash Appeal and Appellant's response thereto, it is hereby:

ORDERED and DECREED that Appellee's Motion to Quash Appellant's Appeal docketed to the

above number is hereby DENIED.

                                              BY THE COURT:

                                              _____
                                              J.

Distribution list:
1. Sean Duffy, Esquire, Suite 5000 – BNY Independence Center,
   701 Market Street, Philadelphia, PA 19106-1532
2. Michael T. McKeever, Suite 5000 – NY Independence Center,
   701 Market Street, Philadelphia, PA 19106-1532
3. Joanne M. Roman, 102 Artlee Avenue, Butler, PA 16001

4. cc:    United States District Court, Clerk's Office Room 3110
          Joseph F. Weis, Jr. US Court House
          700 Grant Street, Pittsburgh, PA 15219

|                               |   |                          |
|-------------------------------|---|--------------------------|
| Joanne M. Roman,              | : | IN THE SUPERIOR COURT    |
| OF                            |   |                          |
| Appellant                     | : | PENNSYLVANIA             |
|                               | : | WESTERN DISTRICT         |
| vs.                           | : |                          |
|                               | : |                          |
| M&T Bank,                     | : | No. 319 WDA 2026         |
| Appellee                      | : | Related No. 449 WDA 2026 |
|                               | : |                          |
| Lower Court No: ED 2025-30134 | : |                          |
| Lower Court No: CP 2023-21203 | : |                          |

## ANSWER IN OPPOSITION
## (RESPONSE) TO APPELLE'S APPLICATION TO QUASH APPEALLANT'S APPEAL

1. Appellant, Joanne M. Roman, Pro Se hereby moves this Honorable Court asking that you do not grant M&T Bank's ("Appellee"), motion to quash the ("Appellant's") Appeal.

2. This document specifically argues why the appeal is legally valid and should NOT be dismissed (quashed) for jurisdictional or procedural reasons. The appeal is valid because the lower court failed to enforce a federal discharge injunction. The Appellee is on the discharge order and is bound by it as final order of well settled law and the order is unambiguous.

3. Appeal is proper, from a final order resulted loss of possession property rights.

4. Appellant's Appeal is not frivolous; it involves post-discharge conduct events under federal bankruptcy law involves debt collection, attorney fees and damage after the debt has been fully discharged, when the Complaint was filed and outside of arbitration limits.

5. There is serious legal issues discharge injunction violation 11 U.S.C. 524 regarding a Money judgment after discharge.

6. There is a serious legal issue the Appellant is the beneficiary of the property and holds the paramount guaranteed land title and recorded deed with stickers and blue ink after the bankruptcy case closed; the title was clouded by an assignment of mortgage recorded during the automatic stay in the bankruptcy core case.

7. **BANKRUPTCY RULE 5009 COSE OF THE CASE (CH-7):** With regards to the discharge of the case Rule 5009 under federal law. The rule is an act of law relief in befit of the debtor. In simple terms, receiving the house "at close of case" under **Rule 5009** means the legal process is finished and the debtor officially keeps the property. Here is what that rule looks like for the debtor:

   a. **Case is Over: The court and the trustee are satisfied that all rules were followed,** and all required payments were made. The **"Final Report"** has been filed, and nobody objected.

   b. **Liens are Resolved:** If the debtor was using **Bankruptcy Rule 5009 to** satisfy a lien the court can now formally declare that lien "satisfied." **This means the creditor no longer has a legal claim against the house for that specific debt.**

   c. **Clear Title:** This helps ensure the debtor has a "clean" title to the property, which is necessary if they ever want to sell it or refinance it in the future.

   d. **Protection: The house is no longer part of the "bankruptcy estate." It belongs fully to the debtor again,** protected by the discharge.

   e. Essentially, **Rule 5009 is the "final stamp of approval"** that confirms the debtor has successfully navigated the bankruptcy and can move forward with their home.

8. **11 U.S.C. SECTION 554(c) works with RULE 5009 (Ch-7):** In a Chapter 7 case, **Section 554(c)** (often referred to as "technical abandonment") works with **Rule 5009** to ensure that any property you properly listed on your bankruptcy schedules—like your house—automatically reverts to you when the case is closed. While **Rule 5009** sets the *procedure* for closing the case, **Section 554(c)** dictates the *ownership* of the assets at that moment.

9. **How They Work Together at Closing:**

   a. **Automatic Handover (Section 554(c)):** Under this rule, any property that was "scheduled" (listed on your official Schedule A/B) but not sold or "administered" by the trustee is automatically abandoned back to you the moment the case is officially closed.

   b. **Finality of Closure (Rule 5009):** This rule establishes the timeline for that handover. Once the trustee files their final report and 30 days pass without objection, the case is presumed "fully administered" and ready to close. The closing of the case is the "trigger" that activates the abandonment under Section 554(c).

   c. **Reversion of Title:** When these two interact, the house is no longer part of the "bankruptcy estate". Legal title effectively "bounces back" to you as if the bankruptcy had never happened, meaning you own it again (subject to any existing mortgages).

   d. **Critical Requirements for the Debtor:** For this "handover" to be successful, two things must happen:

      (1) **The House Must Be Scheduled:** If you didn't list the house on your official bankruptcy schedules (specifically Schedule A/B), Section 554(c) does **not** apply. Unscheduled property stays in the bankruptcy estate forever, even after the case is closed, which can

cause major legal headaches later. **NOTE:** (Joanne M. Roman scheduled the house in A/B scheduled on her bankruptcy petition and declared federal the homestead federal exemption under 11 U.S.C. 552d approved by the court).

(2) **The Court Must Not "Order Otherwise":** Section 554(c) starts with the phrase "unless the court orders otherwise". In rare cases, a court might close a case but specifically order that certain property *not* be abandoned yet.

(3) In short, **Rule 5009** closes the door to bankruptcy, and **Section 554(c)** ensures debtor is holding the keys to the house when that door shuts.

10. **APPLICATION of Section 522(d)**, by the debtor under the core case here is how it plays a critical part when **COMBINED** with **Rule 5009** and **Section 554(c):**

a. **The "Shield" for the House: Section 522(d) is the "shield"** the debtor uses to protect the equity in their home. Specifically, **Section 522(d)(1) (the homestead exemption) allows a debtor to exempt a certain amount of their interest in a residence** (you cannot cut the house into pieces).

b. **Preventing the Trustee from Selling upon Court Approval:** When the debtor "applied" this to her assets and it was "approved" (meaning the 30-day objection period passed without a challenge), that specific amount of equity became legally off-limits to creditors and the trustee.

c. Because the court approved the exemption, the trustee cannot sell the house to pay creditors unless the home is worth significantly more than the mortgage plus the exemption amount. If the equity is fully covered by the **522(d)** exemption, the trustee will likely file the **"Final Report" mentioned in Rule 5009**, signaling they have no interest in selling the house.

11. **Final Reversion at Close of Case:** The interaction at the close of the case works like this:

- **Exemption (522(d)):** Protects the equity *during* the case.

- **Abandonment (554(c)):** Formally hands the entire house back to the debtor.

- **Closing (Rule 5009): Finalizes the process so the debtor owns the home again, free from the bankruptcy court's oversight.**

12. **Summary Table:**

| Law/Rule | What it does for the House |
|---|---|
| 11 U.S.C. § 522(d) | Protects the equity so the trustee can't take the home. |
| 11 U.S.C. § 554(c) | Returns the property to the debtor when the case closes. |
| Fed. R. Bankr. P. 5009 | Ends the case and confirms the estate is fully administered. |

In short, if the debtor's exemptions under **522(d) were approved**, it means the house was "safe" from the start. **Rule 5009 and Section 554(c)** then act as the final paperwork to make that safety permanent and return full legal control to the debtor.

13. **NOTICE TO THE COURT: <u>AI Assisted with the Math Computation Analyzing</u> the Chapter 7 Bankruptcy Petition and the Trustee's Final Report (No Distribution of Funds – No Assets for the Creditors):** For a bankruptcy case filed on March 22, 2021, the federal exemption limits were those set on April 1, 2019. Because the next inflation adjustment did not occur until April 1,

2022, and case is governed by the **(2019-2022)** bracket **11 U.S.C. § 522(d)** Exemption Calculation (Individual Filer):

14. As an individual filed, entitlement to a single set of exemptions, even if you are married. The total of **$55,851** listed in the **Trustee's Final Report** likely represents the total value of all assets successfully exempted across all categories (**not just the house**).

15. **Here in Joanne M. Roman's Bankruptcy Closed Case 7/28/2021**: The final report of the trustee states as follows: Pursuant to Federal R. Bankr. P: " I hereby certify that estate of the above-named debtor has been fully administered.  There is no property distribution from the estate over and above that is exempted by law.  Assets Exempt: $55,851.  Assets abandoned (without deducting any secured claims scheduled $238,079).  Claims asserted are not applicable. Claims scheduled to be discharged without payment $238,079."

16. **FOLLOWING IS THE BREAKDOWN OF THE FEDERAL LIMITS THAT APPLED TO JOANNE M. ROMAN'S FILE DATE MARCH 22, 2021:**

| Exemption Category | 2019-2022 Limit (Individual) |
| --- | --- |
| Homestead Exemption (§ 522(d)(1)) | $25,150 |
| Motor Vehicle (§ 522(d)(2)) | $4,000 |
| Household Goods (§ 522(d)(3)) | $13,400 total ($625 per item) |

| | |
|---|---|
| Jewelry (§ 522(d)(4)) | $1,700 |
| Wildcard (§ 522(d)(5)) | $1,325 + up to $12,575 of unused homestead |
| Tools of the Trade (§ 522(d)(6)) | $2,525 |

**How the court Reach $55,851 and reconciled,** it is common to combine the Homestead and

Wildcard exemptions to protect a home or other high-value assets:

- Max Homestead + Max Wildcard: $25,150 + $13,900 = $39,050.

- The Remaining $16,801: This would be covered by other categories, such as your car ($4,000),

  household goods ($13,400), or a personal injury award ($25,150 limit at that time).  Since Joanne

  M. Roman, individually filed and cannot double these amounts. The Trustee's Final Report lists

  $55,851 as exempt, it **means the Trustee (and the Court) has officially accepted that this**

  **total value of your property is off-limits to creditors. Under Rule 5009 and Section 554(c),**

  **everything listed up to that total value is now officially yours again as the case**

  **closes.  EXCEPT, all personal belongings have been removed from the property 4/8/2026**

  **by M&T Bank's agents and being held hostage Joanne M. Roman has requested return of**

  **ALL and EVERYTHING and a copy of their inventory list and pictures taken.**

17. **In Chapter 7 Trustee's Final Report, the phrase:** "without deducting any secured

  claims" means the Trustee lists the **full market value of all assets scheduled, rather than just**

  **the "equity" and (the value left over after the mortgage paid).  This is a standard way of**

reporting that effectively says: **"I am giving back the *entire* property to the debtor, including the debt attached to it".**

18. **Breaking Down the Trustee's Report:** Based on the numbers provided, the plain-English translation of that report is:

   a. **Assets Abandoned ($238,079):** This is the total gross value of all the property debtor listed (house, car, personal items, etc.) before subtracting what Joanne M. Roman owes the bankruptcy estate. The Trustee decided not to sell any of it.

   b. **Assets Exempt ($55,851):** This is the portion of that $238,079 that debtor legally "protected" **using the 522(d) exemptions.** This amount was never at risk (including the homestead portion exempted).

   c. **Claims Scheduled to be Discharged ($238,079):** This refers to debtors **unsecured debt** (*M&T Banks attachment to the Joanne M. Roman's home was deemed unsecured debt-DISCHARGED*) wiped out without any payment being made to those UNSECURED creditors.  M&T Bank is on the discharge order (the note balance $176,401.46 was discharged).

   d. **Pursuant 42 Pa. Section § 5525, four-year limitation: (a)  General rule:**

   (1)  An action upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures.

   (2)  Any action subject to 13 Pa.C.S. § 2725 (relating to statute of limitations in contracts for sale).

   (3)  An action upon an express contract not founded upon an instrument in writing.

(4) An action upon a contract implied in law, except an action subject to another limitation specified in this subchapter.

(5) An action upon a judgment or decree of any court of the United States or of any state.

(6) An action upon any official bond of a public official, officer or employee.

(7) An action upon a negotiable or nonnegotiable bond, note or other similar instrument in writing. Where such an instrument is payable upon demand, the time within which an action on it must be commenced shall be computed from the later of either demand or any payment of principal of or interest on the instrument.

e.  M&T Bank and Joanne M. Roman have never entered into any written or verbal contractual agreement (no consumer credit contract exists).  M&T Bank purchased only the note debt without notice to Joanne M. Roman who is the beneficiary of the property under owner $189,900 insurance policy hold in current possession the original deed from 8/8/2017 closing of original contract with Liberty Mortgage Corporation (encompasses the right to transfer and sell to have and to hold) received from the original lender September 7, 2017 under cover letter from their attorney.

f.  **The Secured Claims the trustee report stated were not applicable ($177,674):** over and above exempted property.  These claims were **not deducted** from the abandoned assets figure, the report shows the house's full value.

g.  **Why the Trustee "Abandoned" the Assets:** The Trustee looked at the house ($238,079) and subtracted the mortgage ($177,674), which left **$60,405 in equity.** Since Roman exempted **$55,851** of that equity, there was only about **$4,554** left over. The Trustee decided

that $4,554 was not enough money to justify the cost of selling your house, paying a realtor, and paying legal fees. **Therefore, they "abandoned" the interest in the house, allowing it to revert-back to Joanne M. Roman.**

    h. Reminding the Court, Lockout (non-judicial) occurred December 4,2020 without court oversight, without an order or judgment or a warrant. Supports wrongful (bad faith conduct) foreclosure/ejectment/conversion trespass. The Appellant filed bankruptcy to claw back her property. The Bankruptcy effect, (no personal liability on the debt exists) and the Appellant is challenging the bank legal standing.

19. The state court cases AD CP ED (2022-2023) remains open without a final judgment. Appellant file December 1, 2025, petition for damages still pending without adjudication strongly argues the bank's conduct first place and not only the bankruptcy discharge alone:

    a. **Lack of Enforceable Debt:** The bank (has not) and if cannot prove they are the legal "holder" of the note May 13, 2022 (due to the assignment recorded during stay), by Act of Law evidence appearance they lack standing to foreclose.

    b. **Inequitable Conduct:** The lock-out in December 2020 that sabotaged the "owner" Joanne M. Roman's $30,000 equity sale as a "breach of the covenant of good faith and fair dealing." I requested a payoff letter received and Appellant was honoring that letter in full.

    c. **Reformation Issues:** Appellant challenges the bank's **"reformation"** of the mortgage into MERS as a fraudulent and/or unauthorized act if it was done without bankruptcy court oversight during stay "and without due process" or a reaffirmation opportunity presented to the

court to grant leave to meet and confer and bring back a plan for approval. M&T Bank did not make any appearance to creditors meeting and did not object to discharge of the debt May 3, 2021, already recorded April 9, 2021, an assignment without providing legal notice to the Appellant through her bankruptcy attorney.

d. The Discharge Injunction: Appellant believes the state court judge's "Memo of Opinion" is being used as a backdoor way to collect money from you (such as charging for damages, legal fees and a "deficiency").M&T Bank is not the mortgagee of record, and did not have a valid assignment at the time they acted or filed. The bank possessed no right to interfere with the Appellants property rights is highly questionable. Since there were not the lender under contractual seal with the Appellant. They must prove assignment/transfer of the note. MERS assigned April 9, 2021, recorded in the public access deed records to the Bank and MERS has no interest in the note. The Appellant authentic signate is not on that transfer and the notary states only M&T Bank appeared for signature (M&T Bank assigned to M&T Bank).

20. The conduct of the bank is bad faith being a pre-foreclosure lockout (no judgment/sheriff sale) and interference with the sales contract pending closure December 28, 2020. Discharge eliminating personal liability presents a "break-in-chain-of title". Facts regarding the non-judicial lock-out and the failed sale introduce complex claims for **wrongful foreclosure, unjust enrichment,** and potential **civil rights violations**. Here is how they impact your various legal actions:

21. **Standing and Wrongful Foreclosure (State Court Appeal)** In Superior Court, these facts are central to challenging "error of law" by the lower state court on the bank's **standing** and the validity of the mortgage foreclosure:

a. **Wrongful Interference:** The bank's act of locking out the buyers on December 4, 2020, while owner was away pending receipt of electronic portion of the payoff from contract and payoff letter was already provided, may constitute **wrongful interference** with a private contract. The owner possessed deed and title right to transfer and sell.

b. **The "Tender" Rule:** Generally, to set aside a foreclosure, a borrower must "tender" (offer to pay) the full debt. However, your facts suggest the bank *prevented* Appellant from tendering the funds by sabotaging the closing where the bank would have been paid in full.

c. **Unjust Enrichment:** Appellant argues the bank was "unjustly enriched" because its actions caused Appellant is owner at (point and time) loss of ~ $30,000 in equity and currently the entire property itself and all personal belongings result of (bad faith conduct).

22. **42 U.S.C. § 1983 (Federal Court Action):** Section 1983 is traditionally used to sue the government, not private banks. To succeed, Appellant must prove **"state action"**:

a. **State Action Requirement:** A private bank is generally not a "state actor". However, if the bank **used state officials (like a Sheriff or a Public Trustee) to perform the non-judicial lock-out without a court** order, **or if they worked "in concert" with state officials, they might be liable.**

b. **Due Process:** The 2020 lock-out commenced without court oversight ("non-judicial") while a sale was pending could be framed as a violation of your **14th Amendment Due Process** rights, especially, because the COVID-19 emergency moratoriums were in place at that time.

23. **Impact of the Bankruptcy Discharge the Action under color of state law is not a Mortgage Foreclosure:** The bank's $214,143.89 judgment, August 14, 2023, remains the most vulnerable

point (referencing the Compliant filed) M&T Bank to current date has not made any appearance in person to oral arguments and appears what actually occurred was under the **PA Replevin in PA Purpose:** It is a lawsuit to get back personal property that is being alleged is "wrongfully withheld". A replevin action, Pennsylvania law provides certain "due process" protection:

a. **Notice and Hearing:** In most cases, written notice must be given with intent to seek replevin and an opportunity to be heard in court before the property is taken.

b. **There is a Bond Requirement:** To take the property before a final trial, the creditor must usually post a **bond** (often double the property's value) to protect you if it turns out the seizure was wrongful.

c. **Fair Debt Laws:** Even during a replevin action, (former) creditors and their attorneys must still follow the **Fair Credit Extension Uniformity Act (FCEUA),** which prohibits harassment and deceptive practices in Pennsylvania.

24. The **U.S. Supreme Court**—not the Pennsylvania Supreme Court—ruled in the landmark 1972 case **Fuentes v. Shevin** that both the Florida and Pennsylvania replevin laws are unconstitutional. The court found that these laws violated the **Due Process Clause** of the Fourteenth Amendment because they allowed creditors to seize property without giving the person prior notice or a chance to be heard in court. **The Decision:** The Court held that even a temporary loss of property is a serious deprivation.

25. **Violation of 11 U.S.C. § 524:** If the state court judgment allows the bank to collect money from Appellant **beyond just selling the house** such as (a "deficiency judgment"), it likely violates Appellants bankruptcy discharge. The collection action has asked for attorney fees and damages

involve more than the (note debt alleged owed) which is already discharged (and the bankruptcy case remains closed) without **Enforceability:** the bank can usually foreclose its lien *in rem* after a bankruptcy, but it **CANNOT "reform" a discharged note into a new personal liability** without Appellants consent or a valid "reaffirmation agreement" which would have had to be filed with the bankruptcy core case. After the case closes (and the debt is discharged), the parties cannot enter into a valid reaffirmation agreement anymore. The court loses the ability to approve any reaffirmation agreement after the discharge is enterd.

26. **Appellants Argument is Appeal is as of a "right to the Superior Court":**

    a. **Sabotage of Sale:** The bank had a payoff quote and a closing date; by locking out buyers, they breached their duty of good faith and caused the default they then used to foreclose.

    b. **COVID-19 Moratorium:** The loan was federally backed, the December 2020 lock-out violated the **CARES Act moratorium**.

    c. **The COVID-19 Moratorium mandates by law a "Meet and Confer".** The bank refused to cooperate with Butler Pa., certified HUD counselors and ignored mandatory COVID-19 "meet and confer" rules and failed to meet a **procedural prerequisite** foreclosure.

27. **PA Foreclosure Diversion:** A conciliation conference (with appropriate parties) must occur before judgment can be entered. The bank **refused to "meet and confer"** as required by PA's COVID-era protections, the judgment itself is procedurally defective, and it also relies on the assignment recorded during automatic stay after the Appellant filed the bankruptcy petition.

28. **Void Judgment:** The $214,149.43 judgment is "void" to the extent it seeks personal funds from a discharged debtor.

29. **MERS and Note Enforceability:** The "reformation" of a mortgage back into MERS without consent is a procedural move often used by banks to "fix" breaks in the chain of title.

   a. **Standing:** to foreclose, the bank must prove they have the right to enforce the note. If the state court judge granted summary judgment, it means the judge was satisfied—rightly or wrongly—that the bank proved they were the legal "holder" of your debt. The debt was already discharged when they filed their complaint.

   b. **Fraudulent Acts:** If you have evidence that documents were forged or that the bank misled the state court about their ownership of the note, this is usually addressed through an **appeal** of the state court judgment or a **Motion to Vacate**.

      1. Because a state court judge has already ruled and a sale occurred on **September 20, 2024,** this has moved beyond; Appellant is entitled to a review of the lower court, for "error of law".

      2. **Review the Judgment Language:** Determine if the $214,143.89 is an "In Rem" amount (the value of the lien) or a personal "Money Judgment."

      3. The principal amount $176,401.43 was discharged to $0

      4. **State Court Appeal:** If the sale of the home or the reformation of the mortgage was based on faulty evidence (like the "no contract" or "note purchase" issues), Appellant must challenge in the state appellate court system. It has been hard because there has not been any fair treatment and no transparency and abuse of procedures. Appellant argues the validity of M&T Bank is holding a lawful perfected lien of mortgage held with the Appellant is clearly a null.

30. **Legal Standing and State Court Foreclosure:** To have **standing** to foreclose, the bank must prove it held both the "note" and the "mortgage" at the time the complaint was filed; May 13, 2022.

    a. **Chain of Title:** If the assignment was recorded in violation of the stay, Appellant argues the "cloud on title" means the bank did not have a valid transfer of interest on the date they sued the Appellant in state court.

    b. **The $1,400.08 Sale:** The sheriff's sale price is typically irrelevant to the validity of the foreclosure unless it is so low it "shocks the conscience" of the court, which is a state-specific standard.

31. **Federal Case (42 U.S.C. § 1983): Appellant has an open case 2:23-cv-00308-WSH in the WDPA Court House.** By filing a Section 1983 case, Appellant is alleging that the state court and the bank's attorneys violated Appellants' **constitutional rights** (due process) by ignoring the bankruptcy discharge and stay violations. **Standing Challenge:** in federal case as Plaintiff argues that the state court lacked the authority to grant the foreclosure because the bank's "standing" was built on a void assignment and a discharged debt.

32. The debtor officially keeps the house and all other scheduled properties at close of the bankruptcy case. The "abandonment" is technical; by an act of law, which means the bankruptcy estate is finished with these assets, and they are now back in the debtor's full legal control, subject only to the remaining $177,674 mortgage which must still be paid to avoid foreclosure. And that would have required a modification pursuant to PA and federal law under the COVID-19 Moratorium with the HUD Counselors looking back to August 2021.

33. In Pennsylvania, a bank's failure to adhere to COVID-19 loss mitigation requirements or its refusal to engage in mandatory "meet and confer" processes can be a powerful defense in your appeal, as these are often considered **jurisdictional or equitable prerequisites** to foreclosure.

34. **HUD Handbook 4000.1 and "Equitable Powers":** While banks sometimes argue that the HUD Handbook 4000.1 is just "policy" and not "law," Pennsylvania courts have a long history of using their **equitable powers** to stop foreclosures when lenders "flagrantly disregard" these rules.

35. **Loss Mitigation Waterfall:** HUD Handbook 4000.1 requires lenders to follow a specific "waterfall" of options (like the COVID-19 Recovery Modification) for FHA-insured loans before foreclosing.

36. **Bad Faith Refusal:** If you initiated the process with a HUD counselor in September 2020 and the bank refused to cooperate, this is strong evidence of **bad faith** that you can use to appeal to the "equitable conscience" of the Superior Court.

37. **M&T Bank "Refusal in written letter 9/10/2021 – Butler HUD Counselors" and Appellant are– in the state courts record. Post-Discharge Refusal:** Refusing to work with a HUD counselor *after* your discharge may be seen as a "pretextual" move to avoid their legal obligation to follow COVID-19 relief mandates the moratorium timeline was August 2021, which the HUD Counselors contacted M&T Bank July 2021 and September 10, 2021 both HUD Counselors and Appellant received a letter from M&T Bank refusing to meet and confer to complete the loss mitigation application and workout (all part of the state courts electronic record) at AD 2022-10337.

38. **Impact of Appellant's Bankruptcy Discharge:** The fact that your debt was discharged actually **strengthens** Appellant's argument that the bank should have worked with you on a modification: and given full disclosure in response to the formal written request filed.

39. **Modification is for the Lien, Not the Note:** A loan modification adjusts the *lien* on the property. Even though Appellant's personal liability (the note) was discharged, the bank was still required by HUD rules to explore "Home Retention Options" to resolve the default on the property itself.

40. **The Post-Discharge Refusal:** by M&T Bank to work with a HUD counselor *after* the bankruptcy discharge is "pretextual" move to avoid their legal obligation to follow COVID-19 relief mandates.

41. **APPEAL RAISES A SERIOUS FEDERAL JURISDICITON ISSUE OF FACT:** An Assignment was recorded April 9, 2021, after bankruptcy petition was filed March 22, 2021, during automatic stay period. The **main argument** of the federal debtor/state defendant now Appellant is based on the bankruptcy/discharge violations that occurred under state law after the case closed July 28,2021, and discovery of the Assignment recorded November 27, 2021.

   a. **Purpose:** This document specifically argues why the Appellant's appeal is legally valid and should not be dismissed (quashed) for jurisdictional or procedural reasons.

   b. **Verification:** This document includes facts already in the record (like details about the bankruptcy discovered later), that **must be verified** (signed under penalty of perjury).

   c. **Objection:** "Counsel's assertions regarding appeal of an order in an "ejectment matter" lack the requisite **personal knowledge** required under FRCP 56(c)(4) and Federal Rule of Evidence 602, as counsel was not an active participant in the underlying case during that period pre-bankruptcy

events that occurred December 4, 2020 which led to the Appellant filing the bankruptcy case March 22, 2021.

d.  **Clarification:** The Appellant is appealing the **final order** February 26, 2026, the lower court docket number ED 2025-30134 the Judge granted (five months later) divested of jurisdiction **Pursuant 42 Pa. C.S. 5505 "a judge has the power to change or cancel a court order within 30 days of signing it after the 30-day "grace period" for the court to fix its own mistakes before the order becomes final and set in stone".**

41. **February 26, 2026, Order prejudiced the Appellant:** The motion court presentation was without out notice served on Appellant to participate. The order Authorized a NEW Writ of Possession dated April 1, 2026, for immediate lockout April 8, 2026 (stated as follows):

"after further review, analysis and consideration of Plaintiff's Motion to Reactivate Case and Confirm Judgment in this matter is hereby granted and both the erroneous Praecipe to Vacate Judgment and Praecipe to Discontinue and End entered on September 11, 2025, are hereby vacated... Plaintiff's Judgment entered on June 3, 2025, is hereby confirmed and, it is ORDERED and DECREED that Plaintiff may proceed in the ejectment proceedings and allow Plaintiff to issue a Writ of Possession and proceed with a lockout of the property located at 102 Artlee Avenue Butler PA16001"

42. The September 11, 2025, Vacatur Order (read as the follows):

"Upon the motion to vacate the judgment and discontinue and end without prejudice, it is ordered that the judgment in mortgage foreclosure

be vacated and the case marked discontinued and ended without prejudice to the continuing validity and lien priority of the mortgage held by plaintiff" The AOPC closed the lower court docket ED 2025-30134 final September 15, 2025. The mortgage foreclosure judgment in lower court is at docket number CP 2023-21203 remains open since May 13, 2022. The Appellant filed a petition December 1, 2025, for damage to property with pictures and wrongful ejectment abuse of bankruptcy process ... Appellee filed criminal trespassing complaint to arrest Appellant for break in attempting to convert civil paper to criminal action by use of Butler Police Department"

43. The Appellant filed a petition for reconsideration August 1, 2025 requested a prompt hearing Pursuant Pa. Rule 231 Pa. Code § 2959 and Rule 2974.1 Certification Pennsylvania Rule of Civil Procedure 3132 at lower court dockets CP 2025-20859/ED 2025-30134, August 1, 2025, on written Praecipe to the Prothonotary accepted payment paid $202 motion to open/strike/vacate all judgments and writ of possession ... also moved to vacate the possession judgment entered in favor of M&T Bank, which is premised on the same legally defective and post-discharge mortgage reformation that renders the underlying money judgments void (denied with prejudice)."

44. Prior to August 7, 2025, ejectment per recommendation of the Bankruptcy Judge (7/24/2025 hearing held) who also instructed to file appeal in Superior Court.

45. **Appeal to the Pennsylvania Superior Court:** Since the trial court denied Appellant's defense, there are two typical paths to get to the Superior Court to intervene:

a.  **Interlocutory Appeal as of Right**: Under **Rule 311**, appeal an order that refuses to dissolve an attachment or refuses to open/strike a judgment immediately if it affects your possession of property (like your home).

b.  **Notice of Appeal (Final Order)**: The lower court issued a final judgment against Appellant, triggers a must file a **Notice of Appeal** within 30 days. Argue that the lower court committed an "**error of law**" by failing to recognize the federal discharge injunction.

46. **Appellant Challenges the "Void" Assignment** and ongoing state court motions with emphasis that actions taken in violation of the automatic stay are generally **void ab initio** (invalid from the start).

47. **Standing**: the creditor lacks **standing** to sue because the assignment recorded during the stay was a legal nullity.

48. **Failure of Proof**: If the court "graded its own paper" and ignored the stay violation, Appellant must present the Superior Court with the specific bankruptcy filing dates to prove the assignment happened while Appellant was under federal protection.

49. **Standard for Relief**: Per the Supreme Court (*Taggart v. Lorenzen*), you can seek sanctions if there is **no fairground of doubt** that the creditor's conduct violated the discharge order.

50. **11 U.S.C. § 524 Defense**: The debt in question was discharged and that the creditor's lawsuit is a violation of the federal statutory injunction .

51. **Voiding the Assignment**: If the mortgage assignment was recorded during the automatic stay without court permission.

52. The **Pennsylvania Superior Court** has ruled that actions taken in violation of the federal bankruptcy **automatic stay** are generally **voidable** rather than void *ab initio*, specifically in the

landmark case of **Graziani v. Randolph (2004)The Remand**: Use the bankruptcy judge's remand order as your primary evidence.

53. If the judge stated the state court should "grade their own paper," they would effectively empower the state court to determine if the creditor's specific actions (the assignment and the lawsuit) violate the federal discharge order.

54. **Conflict with Federal Law**: While the Superior Court follows this "voidable" rule, the **U.S. Third Circuit Court of Appeals** (which includes Pennsylvania) generally holds that actions in violation of the stay are **void ab initio.**

55. However, even the Third Circuit recognizes an exception under **11 U.S.C. § 362(d),** which allows a bankruptcy court to grant retroactive relief, effectively treating the act as voidable.

56. **Relief of Property Action is an Interlocutory Appeal as of Right Under Rule 311,** the appeal is based on an order that refused to dissolve an attachment and reversed an open/strike/vacate Order on paid petition more than 30-days later reaffirmed a judgment and writ of possession and immediate lockout. This action immediately affects the Appellants' possession of property of a (primary residence) without procedural due process.

57. **Error of law:** The lower court committed an "error of law" by failing to recognize the federal discharge injunction.

58. **The Appellant denies the Appeal to Quash allegations of criminal act in its entirety.** The Appellant did not break into the property and illegally and moved back into the property (legal basis as follows):

a. The Vacatur Order September 11, 2025. **Nullity Ab Initio**: In many contexts, a vacated order is considered **void ab initio**, which means it is treated as void from the very beginning. This implies the order has no legal validity at any time.

b. The legal standard for a **Vacatur Order** is to set aside, annul, or cancel a previous court judgment or order. When an order is vacated, it is generally treated as a **nullity**—meaning it is legally void and drained of all legal force or effect as if it never occurred.

c. **Status Quo Ante**: Vacating an order is intended to return the parties to the **status quo ante,** or the situation as they existed before the vacated order was ever issued.

d. **Restoration of Rights**: Because the order is "erased," it restores the case to its prior status, allowing the parties to have their case heard again or corrected as if the original decision never existed.

e. **Lack of Precedential Value**: Once an order is vacated, it loses all precedential authority and cannot be used as a binding legal example for future cases.

59. **Pennsylvania Superior Court**, Appellant's arguments fall under the **Supremacy Clause, federal discharge protections,** and **procedural due process** for reversing the summary judgment. The judge failed to address these "genuine disputes," Appellant possesses a strong basis for claiming the ruling was an **abuse of discretion.**

60. **Summary for Superior Court Appeal Scope of Review:** Reminding the court that their review of summary judgment is **plenary** (they look at everything from scratch).

61. **The "Silent" Judge:** The fact that the trial judge's opinion did not even acknowledge your HUD-counseling evidence or the illegal lock-out is your proof that the judge failed to follow

Pennsylvania's Rule of Civil Procedure 1035.2, which forbids summary judgment when a defense exists.

62. **The Federal Law & Supremacy Clause Argument:** Appellant is correctly asserting the **Federal Bankruptcy Discharge** (11 U.S.C. § 524) overrides any conflicting state court action.

   a. **The Violation:** If the state court judgment is being used to bypass your discharge—even indirectly by ignoring your equitable defenses that would have wiped the debt—it violates federal law.

   b. **"In Personam" Protections:** Because the bank is bound by the discharge order, any attempt to use the state court to establish personal liability for the Judgment (as opposed to just the value of the house) is a violation of the **discharge injunction.**

63. **Procedural Due Process (14th Amendment): Appellant's** argument that the summary judgment was an "ex parte" ruling is a claim denied a **neutral decision-maker** and a **fair opportunity to be heard.**

   a. **Genuine Dispute of Fact:** For summary judgment to be legal, there must be **no** genuine dispute of material fact. Record evidence of the **December 4, 2020, lock-out** and the **sabotaged sale** are clear "material facts" that the judge was legally required to consider.

   b. **Abuse of Power:** Ignoring these facts while ruling in favor of the bank effectively turns the proceeding into a one-sided (ex parte) action, which is a classic **Due Process violation.**

64. **42 U.S.C. § 1983 Action ("Color of State Law"):** The claim in federal court depends on proving the bank acted "under color of state law".

a. **State Action:** Private banks aren't usually state actors. However, if they used the **judicial system** or **state officials** (like a Sheriff) to carry out a "non-judicial" lock-out or to bypass your federal bankruptcy protections, they can be held liable for civil rights violations.

b. **Takings Claim:** The lock-out that destroyed your $30,000 equity and made you homeless can be framed as an illegal "taking" of property without due process.

65. **In Summary, Appeal** in the Superior Court challenges the summary judgment, on these following points:

a. **Strict Compliance:** Argue that the bank failed to strictly comply with PA's mandatory "meet and confer" or Act 91 requirements.

b. **Equitable Defense:** Present evidence of the bank's refusal to work with HUD counselors as a "flagrant disregard" of HUD's COVID-19 guidelines, which should have triggered the court's power to deny foreclosure.

c. **Wrongful Lock-Outs:** 12/4/2020, 8/7/2025, and 4/8/2026 lock-out into this "bad faith" narrative, showing they took your home non-judicially while you were actively seeking a payoff and modification.

66. **Did the state court judge address Appellant's claims of bad faith and HUD violations in the "Memo of Opinion," or did they ignore them entirely?**

67. The fact that the state court judge failed to address your bad faith and HUD violation claims is a significant procedural opening for your appeal. In Pennsylvania, while trial judges have broad discretion, they are generally required to provide a legal basis for granting summary judgment, especially when **equitable defenses** (like bad faith) are raised.

68. **"Abuse of Discretion" in Your Appeal:** Since the judge ignored Appellant claims Petition filed 12/1/2025 regarding the **8/7/2025 lock-out** being unlawful ejectment and the bank's refusal to follow the HUD Handbook 4000.1 waterfall, Appellant's primary argument to the Superior Court is that the trial court committed an **abuse of discretion**.

   a. **Equitable Powers:** Pennsylvania case law (e.g., *Fleet v. BNY*) establishes that courts have the equitable power to refuse a foreclosure if a lender has "flagrantly disregarded" HUD forbearance provisions.

   b. **Unaddressed Facts:** Because the judge did not address these in the "Memo of Opinion," Appellant can argue the court failed to view all the facts in the light most favorable to Appellant (the non-moving party), which is a requirement for summary judgment.

69. **Summary of Strategy for Superior Court:**

   a. **Plenary Review:** Remind the Superior Court that their review of summary judgment is "plenary," meaning they look at the whole record again from scratch.

   b. **Silence:** Point out that the trial judge's silence on the **bad faith lock-out** and **HUD violations** means the court failed to resolve genuine issues of material fact.

   c. **Jurisdictional Challenge:** The bank skipped the mandatory Act 91 or COVID-19 notice steps, Appellant argues the court lacked the authority to even hear the case at that time.

70. **Fighting the "Judgment Against Appellee"** for premises alleged is not "for money." This is a critical distinction: **The Violation:** However, the bank is suing forced sale **$214,143.89** selling the Appellants interest protected by federal homestead exemption is personal property approved under the bankruptcy protections to do anything other than set a sale price—such

as holding Appellant liable for legal fees or costs incurred *after* the discharge—is violating the **Discharge Injunction**.

71. **Pennsylvania's "Meet and Confer" Requirements:** Pennsylvania law and local court rules (like those in Philadelphia, Lancaster, and Monroe counties) often require a **Foreclosure Diversion Program** or conciliation conference before a property can proceed to a Sheriff Sale.

    a. **Mandatory Participation:** In many PA jurisdictions, the lender **must** participate in a face-to-face meeting with the homeowner and a housing counselor to evaluate qualification for a loan modification or other alternatives.

    b. **Defective Notice:** The PA Superior Court has ruled that failing to strictly comply with mandatory notice requirements (like Act 91 notices) can deprive a trial court of **subject matter jurisdiction**, meaning any judgment they entered would be void.

**VERIFICATION**

I, Joanne M. Roman, hereby state that the facts set forth in the foregoing document are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**Respectfully,**
**Date:** April 21, 2026
**Appellant:**

/s/ Joanne M. Roman

Joanne M. Roman, Pro Se Appellant
102 Attlee Avenue Butler PA 16001
(814) 323-5853
jmroman0967@gmail.com

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Case Records Public Access
licy of the Unified Judicial System of Pennsylvania* that require filing confidential information
d documents differently than non-confidential information and documents.

Submitted by:  Joanne M. Roman

Signature:  Joanne M. Roman  Digitally signed by Joanne M. Roman
Date: 2026.03.09 11:34:00 -04'00'

Name:  

Attorney No. (if applicable):  Pro Se

Joanne M. Roman,                          :        IN THE SUPERIOR COURT OF
               Appellant                  :        PENNSYLVANIA
                                          :        WESTERN DISTRICT

          vs.                             :
                                          :
M&T Bank,                                 :        No. 319 WDA 2026
               Appellee                   :        Related No. 449 WDA 2026
                                          :
Lower Court No: ED 2025-30134             :
Lower Court No: CP 2023-21203             :

## CERTIFICATE OF SERVICE

A true and correct copy of Appellant's Answer in Opposition (Response) to Appellee's Application to Quash Appellant's Appeal attempting to PACFile. If unable to PACFile will serve USPS Mail First Class. I hereby certify that I confirmed the attorneys have consented and registered to receive electronic service within the **Service tab** of the PACFile system. to the following:

**Distribution list:**
1. **email:** sduffy@kmllawgoup.com
   Sean Duffy, Esquire, Suite 5000 – BNY Independence Center,
   701 Market Street, Philadelphia, PA 19106-1532

2. **email:** michael.mckeever11@gmail.com
   Michael T. McKeever, Suite 5000 –NY Independence Center,
   701 Market Street, Philadelphia, PA 19106-1532

3. Joanne M. Roman, 102 Artlee Avenue, Butler, PA 16001

4. cc:      United States District Court, Clerk's Office Room 3110
            Joseph F. Weis, Jr. US Court House
            700 Grant Street, Pittsburgh, PA 15219

**Respectfully,**
**Date:** April 21, 2026
**Appellant:**

/s/ Joanne M. Roman

_____

Joanne M. Roman, Pro Se Appellant
102 Artlee Avenue Butler PA 16001
(814) 323-5853
jmroman0967@gmail.com

**Appeal Docket Sheet**                                                     **Superior Court of Pennsylvania**

**Docket Number: 449 WDA 2026**

**Page 1 of 3**

**May 26, 2026**

CAPTION

M&T Bank
  v.
Joanne M. Roman
  Appellant

CASE INFORMATION

Initiating Document:        Notice of Appeal

Case Status:                Active
Case Processing Status:     May 11, 2026            Awaiting Appellant Paperbooks

Journal Number:

Case Category:              Civil                        Case Type(s):          Ejectment

CONSOLIDATED CASES                                        RELATED CASES

                                          Docket No / Reason    Type
                                          319 WDA 2026          Related
                                            Same Issue(s)

SCHEDULED EVENT

Next Event Type: Appellant Brief Filed                          Next Event Due Date: June 22, 2026
Next Event Type: Appellant Reproduced Record Filed              Next Event Due Date: June 22, 2026

COUNSEL INFORMATION

Appellant        Roman, Joanne M.
IFP Status:          No
Pro Se:              Yes
      Pro Se:                 Joanne M. Roman
      Address:                102 Artlee Avenue
                              Butler, PA 16001

**Appellee        M & T Bank, Trustee**
IFP Status:          No
Pro Se:              No
      Attorney:               McKeever, Michael Timothy
      Law Firm:               KML Law Group, PC
      Address:                Kml Law Group Pc
                              701 Market St Ste 5000
                              Philadelphia, PA 19106-2515
      Phone No:               (610) 662-4798            Fax No:

      Attorney:               Duffy, Sean Michael
      Law Firm:               KML Law Group, PC
      Address:                Kml Law Group
                              701 Market St Ste 5000
                              Philadelphia, PA 19106
      Phone No:               (215) 627-1322            Fax No:

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

**Appeal Docket Sheet**                               **Superior Court of Pennsylvania**

**Docket Number:  449 WDA 2026**

**Page 2 of 3**

**May 26, 2026**



## FEE INFORMATION

| Fee Dt | Fee Name | Fee Amt | Receipt Dt | Receipt No | Receipt Amt |
|--------|----------|---------|-----------|------------|-------------|
| 04/07/2026 | Notice of Appeal | 91.25 | 04/08/2026 | 2026-SPR-W-000266 | 91.25 |

## AGENCY/TRIAL COURT INFORMATION

| | | | |
|---|---|---|---|
| Order Appealed From: | February 26, 2026 | Notice of Appeal Filed: | March 4, 2026 |
| Order Type: | Order Dated | | |
| Documents Received: | April 7, 2026 | | |

| | | | |
|---|---|---|---|
| Court Below: | Butler County Court of Common Pleas | | |
| County: | Butler | Division: | Butler County Civil Division |
| Judge: | Streib, Kelley T.D. | OTN: | |
| Docket Number: | CP-2023-21203S | Judicial District: | 50 |

## ORIGINAL RECORD CONTENT

| Original Record Item | Filed Date | Content Description |
|---------------------|-----------|--------------------|
| Original Record | May 11, 2026 | 10 Parts |
| Comment: record is in 2 boxes | | |
| Trial Court Opinion | May 11, 2026 | |

Date of Remand of Record:

## BRIEFING SCHEDULE

| Appellant | Appellee |
|-----------|----------|
| Roman, Joanne M. | M & T Bank, Trustee |
| Brief | Brief |
| Due: June 22, 2026    Filed: | |
| | |
| Reproduced Record | |
| Due: June 22, 2026    Filed: | |

## DOCKET ENTRY

| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
|-----------|---------------------------|-----------------|----------|
| April 7, 2026 | Notice of Appeal Docketed | | |
| | | Appellant | Roman, Joanne M. |
| April 7, 2026 | Docketing Statement Exited (Civil) | | |
| | | | Superior Court of Pennsylvania |
| April 30, 2026 | Briefing Schedule Issued | | |
| | | | Superior Court of Pennsylvania |
| May 5, 2026 | Order Directing Compliance with Pa.R.A.P. 3517 | | Due Date: May 15, 2026 Per Curiam |
| May 6, 2026 | Docketing Statement Received (Civil) | | |
| | | Appellant | Roman, Joanne M. |
| May 7, 2026 | Application for Relief | | |
| | | Appellant | Roman, Joanne M. |
| May 11, 2026 | Trial Court Record Received | | |
| | | | Butler County Civil Division |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

**Appeal Docket Sheet**                                                    **Superior Court of Pennsylvania**

**Docket Number: 449 WDA 2026**

**Page 3 of 3**

**May 26, 2026**



DOCKET ENTRY

| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
|---|---|---|---|
| May 11, 2026 | Briefing Schedule Issued | | Superior Court of Pennsylvania |
| May 11, 2026 | Trial Court Opinion Received | | Butler County Civil Division |
| May 13, 2026 | Application to Proceed In Forma Pauperis | Appellant | Roman, Joanne M. |
| May 13, 2026 | Application for Consolidation | Appellant | Roman, Joanne M. |
| May 19, 2026 | Entry of Appearance - Private M & T Bank, Trustee | Appellee | Duffy, Sean Michael |
| May 20, 2026 | Application to Quash Appeal | Appellee | M & T Bank, Trustee |
| May 20, 2026 | Answer to Application to Quash Appeal | Appellant | Roman, Joanne M. |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

# UNITED STATED DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# AND
### Administrative Office of PA Courts – Philadelphia PA

| | | | |
|---|---|---|---|
| Joanne M. Roman, | : | **RE:** | |
| Appellant | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA WESTERN DISTRICT | |
| vs. | : | | |
| M&T Bank, | : | No. 319 WDA 2026 | |
| Appellee | : | Related No. 449 WDA 2026 | |
| | : | | |
| RE: Lower Court No: ED 2025-30134 | : | | |
| RE: Lower Court No: CP 2023-21203 | : | | |

email: legaldepartment@pacourts.us

Michael Daley Administrative Office of PA Courts behalf 10th Judicial District Honorable William R. Shaffer, Senior Judge (Butler, PA) 50th Judicial District

1515 Market Street, Suite 1414 Philadelphia, PA 19102

Dear Attorney Daley,

Please find the following enclosed for upload to STATE CASES RE: Appeal cases Case No: 449 WDA 2026 and Case No: 319 WDA 2026: re: **CORRESPONDENCE TO THE FEDERAL DISTRICT COURT WDPA CASE NO. 2-23-cv-00308- and (Doc 119) WSH. Status provided sharing with this court intentions of Joanne M. Roman filed pursuant (Doc 122) Motion to Dismiss to prevent the federal case from being dismissed. I am dropping claim against Judge Shaffer. I agree, in my confusion of this very complex issue, I made an error. My deepest apologies to Judge Shaffer. I SEE NOW, it also appears to me that Judge Shaffer also may have been misled.**

1.  Package is Notarized and certificate of service attached of all who received a copy of the enclosed documents.
2.  **RE:** Pennsylvania and New Jersy Eviction Department – Anne Rodriguez; and
3.  **RE:** Brendon Beittel email: luxeresinc@gmail.com Cell: (239) 494-0625

    Luxe Real Estate Service, Inc 9910 Broadway Street, Irwin PA 15642

    Office: Jen Somerfield (724) 469-2748
4.  **RE:** "self-help" 4/8/2026 lockout by use of PA law enforcement, sheriff office and the courts was commenced upon me and my family as "squatters", in the house was not abandoned; was related to an OPEN civil action AD 2022-1-337, CP-2023-21203 and ED 2023-30130 (still open and pending without a final judgment) was commenced by KML Law Group Client's and their Agents and Safeguard Properties **Pursuant Act 88 of 2024 and 42 Pa. C.S. § 5527.1** by which a money bond has been paid to Brendon Beittel.
5.  **NOTICE:** I am requesting to ADD defendants to federal District Case under 42 U.S.C. 1983 Safeguard Properties Corporate (unknown individual of eviction department) and Luxe Real Estate Inc. Brandon Bittel and Jen Somerfield – **Agents for M&T Bank.**

## IN THE SUPERIOR COURT OF PENNSYLVANIA WESTERN DISTRICT

Joanne M. Roman,                          :
          Appellant                     :
                                         :
          vs.                          :    Appeal Cases
M&T Bank,                                 :    **No.** 319 WDA 2026
          Appellee                      :    **Related No.** 449 WDA 2026
                                         :
Lower Court No: ED 2025-30134            :
Lower Court No: CP 2023-21203            :


### PROTHONOTARY SUPERIOR COURT OF PENNSYLVANIA (WD)
**Grant Building, 310 Grant Street, Suite 600, Pittsburgh, PA 15219**
**(412) 565-7592**

Dear Superior Court WDPA Prothonotary,

Please find the following enclosed for upload to PAC File into both Appeal cases Case No: 449 WDA 2026 and Case No: 319 WDA 2026: re: **CORRESPONDENCE TO THE FEDERAL DISTRICT COURT WDPA CASE NO. 2-23-cv-00308-WSH. Status provided sharing with this court on intentions of Joanne M. Roman unsure if allowed to transfer without permission, however filed only to prevent my federal case from being dismissed.**

1.  Package is Notarized and certificate of service attached of all who received a copy of the enclosed documents.

2.  Should the Court want proof of service, just notice me and I will provide the proof.

3.  **NOTICE:** I am requesting to ADD defendants to federal District Case under 42 U.S.C. 1983 Safeguard Properties Corporate (unknown individual of eviction department) and Luxe Real Estate Inc. Brandon Bittel and Jen Somerfield – **Agents for M&T Bank.**

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION
AND
IN THE COURT OF COMMON PLEAS OF BUTLER COUNTY, PENNSYLVANIA
50TH JUDICAL DISTRICT

| | | | |
|---|---|---|---|
| Joanne M. Roman, | : | **RE:** | |
| Appellant | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA WESTERN DISTRICT | |
| vs. | : | | |
| M&T Bank, | : | No. 319 WDA 2026 | |
| Appellee | : | Related No. 449 WDA 2026 | |
| **RE:** Lower Court No: ED 2025-30134 | : | | |
| **RE:** Lower Court No: CP 2023-21203 | : | | |

**email: Michael.mckeever11@gmail.com** 215-627-1322

Michael T. McKeever, Lead Attorney, Counsel for M&T Bank and KML Law Group, P.C., Attorneys

KML Law Group, P.C. Suite 5000, BNY- Mellon Independence Center, 70 Market Street Philadelphia, PA 19106-1532

**Dear Attorney McKeever,**

Please find the following enclosed for upload to STATE CASES RE: Appeal cases Case No: 449 WDA 2026 and Case

No: 319 WDA 2026: re: **CORRESPONDENCE TO THE FEDERAL DISTRICT COURT WDPA**

**CASE NO. 2-23-cv-00308-WSH. Status provided sharing with this court on intentions of Joanne M. Roman filed**

**pursuant (Doc 119 Motion to Dismiss) to prevent the federal case from being dismissed.**

1. Package is Notarized and certificate of service attached of all who received a copy of the enclosed documents.
2. RE: Pennsylvania and New Jersy Eviction Department – Anne Rodriguez; and
3. Brendon Beittel email: luxeresinc@gmail.com Cell: (239) 494-0625
   Luxe Real Estate Service, Inc 9910 Broadway Street, Irwin PA 15642
   Office: Jen Somerfield (724) 469-2748
4. RE: "self-help" 4/8/2026 lockout by use of PA law enforcement, sheriff office and the courts was commenced upon me and my family as "squatters", in the house was not abandoned; was related to an OPEN civil action AD 2022-1-337, CP-2023-21203 and ED 2023-30130 (still open and pending without a final judgment) was commenced by your Client's and their Agents and Safeguard Properties **Pursuant Act 88 of 2024 and 42 Pa. C.S. § 5527.1** by which a money bond has been paid to Brendon Beittel.
5. **NOTICE:** I am requesting to ADD defendants to federal District Case under 42 U.S.C. 1983 Safeguard Properties Corporate (unknown individual of eviction department) and Luxe Real Estate Inc. Brandon Bittel and Jen Somerfield – **Agents for M&T Bank.**

Page 1 of 2

## IN THE COURT OF COMMON PLEAS OF BUTLER COUNTY, PENNSYLVANIA
## 50TH JUDICAL DISTRICT – CIVIL DIVISION

| | | RE: |
|---|---|---|
| Joanne M. Roman, | : | IN THE SUPERIOR COURT OF |
|      Appellant | : | PENNSYLVANIA |
| | : | WESTERN DISTRICT |
|      vs. | : | |
| M&T Bank, | : | No. 319 WDA 2026 |
|      Appellee | : | Related No. 449 WDA 2026 |
| | : | |
| Lower Court No: ED 2025-30134 | : | |
| Lower Court No: CP 2023-21203 | : | |

### PROTHONOTARY CIVIL DIVISION OF BUTLER PENNSYLVANIA

**First floor of the Butler County Government Center 124 W. Diamond Street, Butler, PA 16001**
**Mailing Address: P.O. Box 1208, Butler, PA 16003-1208**
**(412) 565-7592**

Dear Prothonotary,

Please find the following enclosed for upload to STATE CASES RE: Appeal cases Case No: 449 WDA 2026

and Case No: 319 WDA 2026: re: **CORRESPONDENCE TO THE FEDERAL DISTRICT COURT WDPA**

**CASE NO. 2-23-cv-00308-WSH. Status provided sharing with this court on intentions of Joanne M.**

**Roman unsure if allowed to transfer without permission, however filed only to prevent my federal case**

**from being dismissed.**

1. Package is Notarized and certificate of service attached of all who received a copy of the enclosed
   documents.

2. Should the Court want proof of service, just notice me and I will provide the proof.

3. **NOTICE**: I am requesting to ADD defendants to federal District Case under 42 U.S.C. 1983 Safeguard Properties
   Corporate (unknown individual of eviction department) and Luxe Real Estate Inc. Brandon Bittel and Jen
   Somerfield – **Agents for M&T Bank.**

Page **1** of **2**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISCTIRCT OF PENNSYLVANIA
CIVIL DIVISION
PENNSYLVANIA SUPERIOR COURT WDPA
CIVIL DIVISION
IN THE COURT OF COMMON PLEAS OF BUTLER COUNTY, PENNSYLVANIA
50ᵀᴴ JUDICAL DISTRICT – CIVIL DIVISION

| | | |
|---|---|---|
| Joanne M. Roman, | : | **RE:** |
| Appellant | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA WESTERN DISTRICT |
| vs. | : | |
| M&T Bank, | : | No. 319 WDA 2026 |
| Appellee | : | ✔ Related No. 449 WDA 2026 |
| | : | |
| RE: Lower Court No: ED 2025-30134 | : | |
| RE: Lower Court No: CP 2023-21203 | : | |

**email: unknown** 1800-852-8306 ext. 2159   24-Hours Complaint Hotline: 855-563-9154
**Corporate Address:** Safeguard Properties Eviction Department 9945 Rockslide Rd. Suite 100 Valley View, OH 44125
**Butler County Sheriff's Department Coordinates the Physical Moves**

**To:** Safeguard Properties (Eviction Department) whom it may concern,

Please find the following enclosed re: **STATE CASES and re: Appeal cases Case No: 449 WDA 2026 and Case No:**

**319 WDA 2026: re: CORRESPONDENCE TO THE FEDERAL DISTRICT COURT WDPA**

**CASE NO. 2-23-cv-00308- and (Doc 119) WSH.** Status provided sharing with this court on intentions of Joanne M.

Roman filed pursuant (Doc 122) Motion to Dismiss to prevent the federal case from being dismissed. . **NOTICE: Plaintiff**

**is adding Defendants Safeguard Properties Corporate (unknown individual of eviction department) and Luxe Real**

**Estate Inc. Brandon Bittel and Jen Somerfield – Agents for M&T Bank.**

Package is Notarized and certificate of service attached of all who received a copy of the enclosed documents.

1.  RE: KML Law Group, P.C. Council for M&T Bank, Pennsylvania and New Jersy Eviction Department – Anne
    Rodriguez; and
2.  RE: Brendon Beittel email: luxeresinc@gmail.com Cell: (239) 494-0625
    Luxe Real Estate Service, Inc. 9910 Broadway Street, Irwin PA 15642
    Office: Jen Somerfield (724) 469-2748 (Butler Pa)
3.  RE: "self-help" 4/8/2026 lockout by use of PA law enforcement, sheriff office and the courts was commenced upon
    me and my family as "squatters", in the house  was not abandoned; was related to an OPEN civil action AD 2022-1-
    337, CP-2023-21203 and ED 2023-30130 (still open and pending without a final judgment) was commenced by
    KML Law Group Client's and their Agents and Safeguard Properties **Pursuant Act 88 of 2024 and 42 Pa. C.S. §**
    **5527.1** by which a money bond has been paid to Brendon Beittel, stated he "works with local Police Departments".

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISCTIRCT OF PENNSYLVANIA
CIVIL DIVISION
PENNSYLVANIA SUPERIOR COURT WDPA
CIVIL DIVISION
IN THE COURT OF COMMON PLEAS OF BUTLER COUNTY, PENNSYLVANIA
50TH JUDICAL DISTRICT – CIVIL DIVISION

| | | |
|---|---|---|
| Joanne M. Roman, | : | **RE:** |
| Appellant | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA WESTERN DISTRICT |
| vs. | : | |
| M&T Bank, | : | No. 319 WDA 2026 |
| Appellee | : | Related No. 449 WDA 2026 |
| | : | |
| **RE:** Lower Court No: ED 2025-30134 | : | |
| **RE:** Lower Court No: CP 2023-21203 | : | |

**email: luxeresinc@gmail.com** Brendon Beittel cell: Cell: (239) 494-0625 Office Manager Phone: (724) 469-2748
Luxe Real Estate Service, Inc., 9910 Broadway Street, Irwin PA 15642

**TO:** Brendon Beittel (owner) and Jen Somerfield (office manager),

Please find the following enclosed re: **STATE CASES Re: Appeal cases Case No: 449 WDA 2026 and Case No: 319 WDA 2026: re: CORRESPONDENCE TO THE COURT FEDERAL WDPA CASE NO. 2-23-cv-00308-WSH.** Status provided sharing with this court on intentions of Joanne M. Roman filed pursuant (Doc 119) and (Doc 122) Motion to Dismiss to prevent the federal case from being dismissed. **I am adding Defendants Safeguard Properties Corporate (unknown individual of eviction department) and Luxe Real Estate Inc. Brandon Bittel and Jen Somerfield – Agents for M&T Bank.**

Package is Notarized and certificate of service attached of all who received a copy of the enclosed documents.

1.  **RE:** KML Law Group, P.C. Council for M&T Bank, Pennsylvania and New Jersy Eviction Department – Anne Rodriguez; and
2.  **RE:** Brendon Beittel email: luxeresinc@gmail.com Cell: (239) 494-0625
    Luxe Real Estate Service, Inc. 9910 Broadway Street, Irwin PA 15642
    Office: Jen Somerfield (724) 469-2748 (Butler Pa)
3.  **RE:** "self-help" 4/8/2026 lockout by use of PA law enforcement, sheriff office and the courts was commenced upon me and my family as "squatters", in the house was not abandoned; was related to an OPEN civil action AD 2022-1-337, CP-2023-21203 and ED 2023-30130 (still open and pending without a final judgment) was commenced by KML Law Group Client's and their Agents and Safeguard Properties **Pursuant Act 88 of 2024 and 42 Pa. C.S. § 5527.1** by which a money bond has been paid to Brendon Beittel, stated he "works with local Police Departments".

Page 1 of 2

**Respectfully,**
**Date:** May 27, 2026
**Appellant:**

Joanne M. Roman, Pro Se Plaintiff
102 Artlee Avenue Butler PA 16001
(814) 323-5853
jmroman0967@gmail.com

COMMONWEALTH OF PENNSYLVANIA   )
                               ) SS:
COUNTY OF [**BUTLER**] )

Subscribed and sworn to (or affirmed) before me on this _27th_ day of May, 2026, by [JOANNE MARIE ROMAN], AKA [JOANNE M. ROMAN], who proved to me on the basis of satisfactory evidence to be the person who appeared before me.

NOTARY PUBLIC SIGNATURE   Brian Scott Schreckengost

My Commission Expires: Oct 28, 2029

[ PLACE NOTARY SEAL HERE ]

Commonwealth of Pennsylvania – Notary Seal
Brian Scott Schreckengost, Notary Public
Butler County
My Commission Expires October 28, 2029
Commission Number 1463652