**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Joanne Marie Roman | : | |
| | : | Civil Action |
| *Plaintiff,* | : | |
| | : | No. 23-308 |
| v. | : | |
| | : | |
| M & T Bank, et al. | : | |
| | : | |
| *Defendants* | : | |
| | : | |

**Defendants the Honorable William R. Shaffer and the Court of Common Pleas of Butler County's Response to Plaintiff's Motion for Temporary Restraining Order (TRO) and Preliminary Injunction Pursuant to Fed.R.Civ.P. 65(b)**

## I. Statement of the Case

This case arises from a mortgage foreclosure action by Defendant M&T Bank against Plaintiff Joanne Marie Roman in the Court of Common Pleas of Butler County, Pennsylvania. Motions to dismiss the Second Amended Complaint are pending, and Plaintiff seeks a temporary restraining order and preliminary injunction to restore her family to the residence at issue, stay all state court execution actions, and freeze state court orders "issued without jurisdiction."[1]

As Defendants the Honorable William R. Shaffer and the Court of Common Pleas of Butler County point out in their Motion to Dismiss the Second Amended Complaint, the Second Amended Complaint does not contain any factual allegations

[1] Co-defendants response to Plaintiff's motion (ECF No. 135) contains a detailed history of the state and federal proceedings, which in the interest of brevity will not be recounted here.

against them, and Plaintiff does not state a claim for relief against them. Thus, no relief can be granted as to Court Defendants on the merits or for an injunction.

## II. Statement of Question

Should the Court deny Plaintiff's Motion because she cannot meet the threshold factors required for the extraordinary relief of a preliminary injunction?

Answer: Yes.

## III. Argument

Preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharmaceuticals, Inc. v. Andrx Corp.,* 369 F.3d 700, 708 (3d Cir.2004) (citation omitted). It is never awarded as of right. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 24 (2008). Plaintiff must establish this relief by clear evidence on the merits of her claims. *Id.* at 22.

To obtain this extraordinary remedy, Plaintiff must show:

1) a likelihood of success on the merits;
2) that she will suffer irreparable harm if the injunction is denied;
3) that granting preliminary relief will not result in even greater harm to Defendants as non-moving parties; and
4) that the public interest favors such relief.

*Kos Pharmaceuticals,* 369 F.3d at 708. The first two factors are thresholds: if Plaintiff cannot meet them, the Court must deny the requested injunction. *Reilly v. City of Harrisburg*, 858 F.3d 173, 178 (3d Cir. 2017). If they are met, the Court may then consider the following two factors and balance all four together. *Id.*

It is well-settled that "[t]he purpose of a preliminary injunction is to preserve the status quo, not to decide the issues on their merits." *Anderson v. Davila*, 125 F.3d 148, 156 (3d Cir. 1997). Because Plaintiff does not seek to preserve the status quo but to restore her occupancy and undo state court orders, she seeks a mandatory injunction.

Thus, a heightened standard applies: Plaintiff bears a "particularly heavy" burden, which requires showing a "substantial likelihood of success on the merits" and that their "right to relief [is] indisputably clear." *Hope v. Warden York Co. Prison*, 972 F.3d 310, 320 (3d Cir. 2020). A request for mandatory proactive injunctive relief must be viewed with "exacting scrutiny and extreme caution." *Angle v. Little*, No. 2:22-CV-01772-RAL, 2023 WL 1824058, at *3 (W.D. Pa. Jan. 10, 2023), *report and recommendation adopted,* 2023 WL 1818179 (W.D. Pa. Feb. 8, 2023).

**A. Likelihood of success on the merits.**

Setting aside that the Second Amended Complaint contains no facts or requested relief against Court Defendants, Plaintiff cannot show a substantial likelihood of success on the merits because her claims are barred by the *Rooker-Feldman* doctrine and she has an adequate remedy at law.[2]

**i. Rooker-Feldman.**

The Second Amended Complaint is an attack on the state court foreclosure

[2] In addition to these defenses, Judge Shaffer is protected by judicial immunity, and Eleventh Amendment immunity applies to the Court Defendants, as this Court held in dismissing the Amended Complaint. (ECF No. 68, pp. 14-20.)

action and court orders in that case. (ECF No.123, pp. 7-8.) Thus, Plaintiff asks this Court to review a state court judgment and overturn it. Indeed, in this motion she seeks to have the state court's February 26, 2026, Order declared "void ab initio." (ECF No. 131, Prayer for Relief.)

Under the long-established *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review state court judgments where the relief sought is in the nature of appellate review. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). Federal district courts are not open to appeals from disappointed state court litigants. *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 458 (3d Cir. 2019).

Here, as set forth in Court Defendants' motion to dismiss brief, all the elements necessary for *Rooker-Feldman* apply. Because the court would have to rule that the underlying orders in the foreclosure case were erroneously entered, the *Rooker-Feldman* doctrine bars Plaintiff's suit.[3]

**ii. Adequate remedy at law.**

In addition, injunctive relief is not appropriate if there is an adequate remedy at law. *Hayes v. Ohio Nat. Financial Servs., Inc.*, 652 F. Supp. 2d 456, 462 (E.D. Pa.

[3] If the foreclosure action is considered ongoing, the Anti-Injunction Act bars injunctive relief. *See Norton v. Adams*, No. 25-2361, 2025 WL 2231797, at *2 (3d Cir. Aug. 1, 2025) (citing 28 U.S.C. § 2282).

2009). Plaintiff has an adequate remedy – the opportunity to present her arguments in state court, including on appeal.[4]

**B. Irreparable injury.**

To demonstrate irreparable injury, Plaintiff must show potential harm that "cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). And the preliminary injunction must be "the only way of protecting the plaintiff from harm." *Id.*

Because state remedies were (and still are given the pending appeal) available, an injunction is not the "only way" that Plaintiff can protect herself. *See Kush v. Bayview Loan Servicing,* No. 18-1483, 2018 WL 3631871, at *3 (M.D. Pa. July 31, 2018) (holding that an irreparable harm was lacking where the plaintiff had state court remedies regarding a sheriff's sale, including filing motions and taking an appeal).

Further, Plaintiff is not seeking to prevent being removed from the residence – in other words to maintain a status quo – but instead to be returned to the residence, in addition to undoing state court orders already entered. Thus, this prong is not met. *See Delaware State Sportsmen's Assoc., Inc. v. Delaware Dept. of Safety & Homeland Security*, 108 F.4th 194, 205 (3d Cir. 2024) (irreparable harm lacking when a plaintiff does not show that an injunction is required to preserve the status quo).

---

[4] Plaintiff appealed the February 26, 2026, Order to the Superior Court of Pennsylvania. One case was quashed (319 WDA 2026) and the other is pending at 449 WDA 2026.

Because Plaintiff cannot meet the threshold requirements, the remaining two prongs, which also favor not granting an injunction, will not be addressed.

## IV. Conclusion

Court Defendants respectfully request this Honorable Court to deny Plaintiff's Motion.

Respectfully Submitted,

**s/Michael Daley**
Michael Daley, Esquire
Attorney I.D. No. PA77212
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486

***Attorney for defendants the Hon. William R. Shaffer and the Court of Common Pleas of Butler County***

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Joanne Marie Roman | : | |
| | : | Civil Action |
| *Plaintiff,* | : | |
| | : | No. 23-308 |
| v. | : | |
| | : | |
| M & T Bank, et al. | : | |
| | : | |
| *Defendants* | : | |
| | : | |

**Certificate of Service**

The undersigned certifies that on June 15, 2026, he caused the foregoing *Response* to be served by ECF to Plaintiff and counsel of record.

**s/Michael Daley**
Michael Daley, Esquire
Attorney I.D. No. PA77212
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486

***Attorney for defendants the Hon. William R. Shaffer and the Court of Common Pleas of Butler County***